FILED

2008 AUG 12 PM 12: 32

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____RM_____ DEPUTY

NAME
**LEVERT HAYES, JR.**
PRISON NUMBER
**V-40205**

CURRENT ADDRESS OR PLACE OF CONFINEMENT
**IRONWOOD STATE PRISON**
**P.O. BOX 2199 (A3-243-LOW)**

CITY, STATE, ZIP CODE
**BLYTHE, CA 92226**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**'08 CV 1461 H BLM**

**LEVERT HAYES, JR.,**                    ,
(FULL NAME OF PETITIONER)
                                 **PETITIONER**

v.

**DEBRA DEXTER,**                    ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                                 **RESPONDENT**
                    and

**EDMUND G. BROWN, JR.,**                    ,
The Attorney General of the State of
California, Additional Respondent.

Civil No _____

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1.  Name and location of the court that entered the judgment of conviction under attack:
    SAN DIEGO COUNTY SUPERIOR COURT, 220 W. BROADWAY, SAN DIEGO, CA 92101

2.  Date of judgment of conviction: Plea entered 3/17/04; sentence imposed 6/24/04.

3.  Trial court case number of the judgment of conviction being challenged: SDC 176819

4.  Length of sentence: 25-to-Life  ("3-Strikes Law")

5. Sentence start date and projected release date:
   6/24/04; Current "MEPD" is July 2028.

6. Offense(s) for which you were convicted or pleaded guilty (all counts): Single count of First Degree Residential Robbery. Allegations that petitioner suffered a true finding in two prior juvenile adjudications for robbery were sustained by the trial court upon petitioner's conditioned admission.

7. What was your plea? (CHECK ONE)

   (a) Not guilty        ☐
   (b) Guilty            ☒
   (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

   (a) Jury        ☐    **N/A**
   (b) Judge only  ☐

9. Did you testify at the trial?

   ☐ Yes ☐ No          **N/A**

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes ☐ No FOURTH APPELLATE DISTRICT, DIVISION ONE

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: DISMISSED (counsel failed to seek CFC [pet'r not barred from curing defect]).

    (b) Date of result (if known): 9/8/05

    (c) Case number and citation (if known): D044641, People v. Hayes
    (d) Names of Judges participating in case (if known):
        McConnell, P.J.: Benke, J.; Irion, J.

    (e) Grounds raised on direct appeal: The use of prior juvenile adjudications as "strikes" is unconstitutional.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: SUMMARY DENIALS as to consolidated petitions for review and for habeas corpus.

    (b) Date of result (if known): 11/30/05

    (c) Case number and citation (if known): S138173 (pet'n for rvw);
        S138610 (habeas corpus pet'n).

    (d) Grounds raised: On pet'n for rvw: 1. Unconstitutional use of "juvie" strikes violates 6th Amendment. 2. Sentence violates state & federal equal protection laws. On habeas pet'n: 1. Belated request for CFC should be allowed on constructive filing doctrine where pet'r's appointed counsel failed to seek CFC in first instance thru no fault of petitioner's.

CIV 68 (Rev. Jan. 2006)

cv

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result:

    (b) Date of result (if known):       **N/A.**

    (c) Case number and citation (if known):

    (d) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

    [X] Yes [ ] No SAN DIEGO COUNTY SUPERIOR COURT

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): HC 18577

    (b) Nature of proceeding: Petition for Writ of Habeas Corpus

    (c) Grounds raised: 1. Trial counsel rendered ineffective assistance in failing to seek Certificate of Probable Cause ("CPC") even though the guilty plea was conditioned on petitioner being able to litigate the constitutionality of using juvenile priors as strikes.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    [ ] Yes [X] No

    (e) Result: DENIED. Trial court found it lacked jurisdiction; pet'r was advised to ask ask appellate court to recall its remittitur and then refile.

    (f) Date of result (if known): 1/18/07

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

    [X] Yes [ ] No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): D044641

    (b) Nature of proceeding: motion to recall the remittitur or amend the notice of appeal

    (c) Names of Judges participating in case (if known)
       Benke, [Acting] P.J.

    (d) Grounds raised: 1. Remittitur should be recalled because petitioner's plea bargain guaranteed him the right to appeal his juvenile priors. 2. Or the notice of appeal should be amended to include a CPC because trial counsel's failure to seek a CPC in the first instance is not the petitioner's fault.

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes ☒ No

    (f) Result: DENIED, without prejudice to the ability to file a habeas petition.

    (g) Date of result (if known): 4/23/07

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): S163460

    (b) Nature of proceeding: Petition for Review.

    (c) Grounds raised: Substantively the same as raised herein.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

       ☐ Yes ☒ No

    (e) Result: DENIED, with leave to seek relief if People v Nguyen, S154847, is decided favorably on the essential question of how juvenile strikes can be used.

    (f) Date of result (if known):
       6/25/08

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

**N/A**

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
     X Yes ☐ No          (IF "YES" SKIP TO #22)
     (a)  If no, in what federal court was the prior action filed?
     (i)  What was the prior case number?
     (ii)  Was the prior action (CHECK ONE):
               Denied on the merits?                              ☐
               Dismissed for procedural reasons?      ☐
     (iii)  Date of decision:
     (b)  Were any of the issues in this current petition also raised in the prior federal petition?
          ☐ Yes  ☐ No
     (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
          ☐ Yes  ☐ No

---

**CAUTION:**
   - **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.
   - **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
   - **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   (a) **GROUND ONE**: HABEAS CORPUS IS A PROPER VEHICLE FOR THE PRESENTATION OF PETITIONER'S CLAIMS

   Supporting FACTS: Petitioner entered a guilty plea on one count of robbery and admitted he had two prior juvenile true findings for robbery. The plea was conditioned specifically on that the petitioner retained the right to litigate on direct appeal the constitutionality of the trial court's use of his juvenile priors as strikes. Trial counsel promised to file the proper papers necessary for petitioner to appeal from his guilty plea the question of the constitutionality of the manner in which the juvenile priors were used by the trial court in order to give petitioner a life sentence. As an indigent layman defendant the petitioner fully and reasonably relied on trial counsel's long practical criminal defense experience. Nonetheless, upon an absolutely incredible misapprehension of the applicability of appellate rules to petitioner's guilty plea, trial counsel failed to timely request a Certificate Of Probable Cause For Appeal ("CPC"). Subsequently, retained appellate counsel failed to obtain a CPC and perfect the appeal. Finally, state-appointed appellate counsel embarked on a lengthy series of state collateral attacks –ultimately to no avail. A CPC was never obtained and consequently petitioner never received the direct review of the constitutionality of his juvenile strikes, which was the central promise and inducement under which petitioner even entered into the plea bargain in the first place. EVERY CLAIM PETITIONER PRESENTS HEREIN HAS BEEN THOROUGHLY EXHAUSTED. Petitioner believes it is appropriate for this court to review his claims on the merits under 28 USC §§ 2254(b)(1), 2254(c); Deitz v Money, 391 F3d 804, 811 (6th Cir 2004); Restrepo v Kelly 178 F3d 140, 155-156 (3d Cir 2004); U.S. v Sandsness, 988 F2d 970, 971 (9th Cir 1993); and In re Robbins (Cal 1998) [state supreme court declines review of federal questions].

   PETITIONER HUMBLY AND RESPECTFULLY REQUESTS THAT THIS COURT GRACIOUSLY ALLOW HIM AN OPPORTUNITY TO ADDRESS ANY HERETOFORE UNRECOGNIZED POTENTIAL GROUNDS FOR DISMISSAL OF THE INSTANT PETITION BEFORE ANY SUCH DISMISSAL IS ORDERED BY THE COURT. Petitioner makes this request on the ground that as an indigent layman inmate proceeding in pro se it is very highly likely that in his ignorance of law he may have missed some glaring error or default which may otherwise be fatal if a licensed attorney made such an error or omission.

   Did you raise **GROUND ONE** in the **California Supreme Court**?

   .X Yes ⬜ No.

   If yes, answer the following:

   (1) Nature of proceeding (i.e., petition for review, habeas petition): Pet'n for Review.

   (2) Case number or citation:  S163460

   (3) Result (attach a copy of the court's opinion or order if available): Order Attached

(b) **GROUND TWO**: THIS COURT SHOULD REVERSE PETITIONER'S SENTENCE, BECAUSE IT IS UNAUTHORIZED AND A CLEAR AND FUNDAMENTAL VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO JURY TRIAL AND EQUAL PROTECTION, AND SHOULD ORDER HIM RESENTENCED TO A LEGAL TERM.

Supporting FACTS: Petitioner entered a plea on 4/17/08, agreeing to plead guilty and to receive a life term only because he was promised the right to continue litigating the constitutionality of the use of his juvenile priors to enhance his sentence. His trial attorney [Robert E. Boyce] reserved this right for him at the plea hearing and by subsequently filing and arguing a motion to strike the use of petitioner's juvenile priors under Apprendi and the 6th Amend. The court denied this motion and sentenced petitioner to a life term under 3-Strikes.

Boyce subsequently rendered ineffective assistance by failing to perfect petitioner's notice of appeal to enable him to actually challenge on appeal the constitutionality of the use of his juvenile priors as strikes; Boyce failed to secure a CFC. Boyce then withdrew and was replaced by state-appointed counsel Scott M. Rand, who likewise failed to secure a CFC and perfect petitioner's appeal before it was too late to do so –even under the state's procedural apparatus for relief from default through proceedings aimed at granting a late CFC. Although Boyce did file an appellate opening brief arguing that the use of juvenile priors as strikes violated petitioner's rights to jury trial and equal protection, the court of appeal simply found that the petitioner was procedurally prohibited from raising these issues without a CFC and then dismissed petitioner's appeal. The court of appeal also found that petitioner's plea was conditioned on the right to continue litigating the constitutionality of using his juvenile priors. Since the dismissal of the appeal, both the court of appeal and the superior court have denied requests to recall the remittitur to reopen the appeal, secure a CFC, and litigate the issue; apparently then the constitutionality of petitioner's sentence was never determined on appeal, through no fault of the petitioner's.

Further, the court should note that earlier this year 2008 the Kansas Supreme Court found juveniles have the right to jury trial in Kansas: In re L.M. (2008) No. 96, 197.

Finally, the court should note petitioner retained Knut Johnson to attempt to get his issues heard on the merits on collateral review before state-appointed counsel Jamie L. Popper made the last run of collateral attacks –all of which were ultimately fruitless because of the early failure to obtain a CFC.


**SEE ATTACHMENT TWO, "ARGUMENT AND FACTS SUPPORTING THE PET'N"**


Did you raise **GROUND TWO** in the **California Supreme Court**?

X Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Pet'n for Review.

(2) Case number or citation: S163460

(3) Result (attach a copy of the court's opinion or order if available): Order Attached.

(c) **GROUND THREE**: IF THIS COURT DOES NOT REVERSE PETITIONER'S SENTENCE, THIS COURT SHOULD PERMIT PETITIONER TO WITHDRAW HIS PLEA OF GUILTY BECAUSE HE BARGAINED FOR THE RIGHT TO CONTINUE TO LITIGATE THE LEGALITY OF USING HIS JUVENILE PRIROS AND HE HAS BEEN DENIED THIS RIGHT, RENDERING THE PLEA INVOLUNTARY AND UNKNOWING.

Supporting FACTS: Petitioner entered a plea on March 17, 2004. He only agreed to plead guilty and be sentenced to a life term because of the promise he could continue to litigate the constitutionality of the use of his juvenile priors to enhance his sentence. This condition for his plea is both clear in the record of the plea and is undisputed by any party. Prior to the sentencing hearing, Boyce filed a motion to strike the use petitioner's juvenile priors as strikes under Apprendi and the 6th Amend. Though the trial court denied the motion it did find that the petitioner had preserved the issue for future litigation, ostensibly on appeal.

Boyce [trial counsel] promised petitioner he would file the necessary notice of appeal to perfect an appeal on the constitutionality of the use of his priors. He in fact did file a notice of appeal, but failed to request a CFC. As a result the appeal court dismissed the appeal because petitioner was procedurally prohibited from raising these issues without a CFC. The court of appeal did find, however, and similarly to the trial court, that the petitioner had effectively preserved the issues for future litigation. Neither Boyce nor Rand (the attorney who replaced Boyce) ever requested a CFC while the appeal was pending.

Once the court of appeal dismissed the appeal petitioner retained counsel (Knut Johnson) in a bid to obtain the benefit of his plea bargain, i.e., the ability to litigate the constitutionality of the use of juvenile priors on direct appeal as he had been promised he would be able to do; Johnson filed a habeas petition in the superior court requesting recall of the remittitur in order to gain for petitioner the right to appeal the priors. The superior court denied the petition and directed petitioner to seek relief from the court of appeal, and the court of appeal denied petitioner's motion to recall the remittitur –without prejudice to petitioner's right to file a habeas petition. Petitioner filed a habeas petition to the trial court by counsel, which was denied without prejudice, and returned to the court of appeal this time on a habeas petition which was denied without prejudice to his ability to return if People v. Nguyen was favorably decided by the state supreme court.

Petitioner filed a petition for review to the supreme court by counsel which was denied without prejudice to his ability to return if People v. Nguyen is favorably decided.

---

**SEE ATTACHMENT TWO, "ARGUMENT AND FACTS SUPPORTING THE PETITION"**

Did you raise **GROUND THREE** in the **California Supreme Court**?

[X] Yes [ ] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Rvw.

(2) Case number or citation: S163460

(3) Result (attach a copy of the court's opinion or order if available): Order Attached.

**(d)** **GROUND FOUR**: IF THIS COURT DOES NOT REVERSE PETITIONER'S SENTENCE, IT SHOULD PERMIT PETITIONER TO WITHDRAW HIS PLEA BECAUSE HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN SECURING HIM THE BENEFIT OF HIS BARGAIN.

**Supporting FACTS:** Petitioner entered a guilty plea 3/17/04 specifically conditioned on his retaining the ability to further litigate, on direct appeal, the constitutionality of the use of his juvenile priors to enhance his sentence to a life term under 3-Strikes. Though petitioner admitted he suffered two prior true findings on juvenile adjudications, it is clear that he did not admit guilt in the context of the juvenile adjudications themselves —a distinction which had been clearly explained to petitioner and upon which his trial counsel predicated the reasonably arguable premise that accepting a life sentence at initial sentencing was a fair bargain as long as the petitioner retains the right to appeal the use of his juvenile priors. Counsel's reasoning persuaded petitioner, and specifically in light of the reservation of the right to appeal, petitioner entered the plea. Counsel took the further step of motioning to strike the use of the juvenile priors at sentencing, and promised to file the appropriate papers to perfect the appeal once the trial court denied the motion to strike.

Unfortunately, Boyce [trial counsel] failed to request a CFC. Worse, once Boyce withdrew and was replaced by appointed counsel Rand, Boyce's failure was compounded by Rand's failure to bring a writ petition or a motion to amend the notice of appeal to request a late CFC —even though the Attorney General's respondent's brief put Rand on notice of the deficiency. Consequently, petitioner was procedurally prohibited from availing himself of the 'failsafe' of reasonably timely seeking a late CFC.

To date petitioner has never received the benefit of his bargain, i.e., a direct appeal of the constitutionality of the use of his juvenile priors to enhance his sentence to a life term under 3-Strikes.

**SEE ATTACHMENT TWO, "ARGUMENT   AND FACTS SUPORTING THE PETITION"**

Did you raise **GROUND FOUR** in the **California Supreme Court**?

X Yes ⬚ No.

If yes, answer the following:

    (1)   Nature of proceeding (i.e., petition for review, habeas petition):Pet'n for Review.

    (2)   Case number or citation: S163460

    (3)   Result (attach a copy of the court's opinion or order if available): Order Attached.

CIV 68 (Rev. Jan. 2006)                cv

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertain-
ing to the judgment under attack?
☐ Yes  ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court:

(b) Case Number:

(c) Date action filed:                    **N/A**

(d) Nature of proceeding:

(e) Name(s) of judges (if known):

(f) Grounds raised:

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following
stages of the judgment attacked herein:

(a) At preliminary hearing  . . . . . . . . Robert E. Boyce

(b) At arraignment and plea  . . . . . . Robert E. Boyce

(c) At trial . . . . . . . . . . . . . . . . . . Robert E. Boyce

(d) At sentencing  . . . . . . . . . . . . . Robert E. Boyce

(e) On appeal  . . . . . . . . . . . . . Robert E. Boyce, Scott M. Rand

(f) In any post-conviction proceeding. Knut Johnson, Jamie L. Popper

(g) On appeal from any adverse ruling in a post-conviction proceeding: Jamie L. Popper

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    ☐ Yes    ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes    ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:

    (b) Give date and length of the future sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        ☐ Yes    ☒ No

28. Consent to Magistrate Judge Jurisdiction

    In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

    **Monday, July 21, 2008**

CIV 68 (Rev. Jan. 2006)

cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____July 20, 2008_____        _____

(DATE)                    SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)                    -12-                    cv

# ATTACHMENT ONE

**NOTATION OF ADDITIONAL FILINGS IN STATE COURTS**

## ADDITIONAL FILINGS IN STATE COURTS

15.1 (a) SAN DIEGO COUNTY SUPERIOR COURT: <u>HC 18577 -Second Petition</u>.

   (b) On a petition for writ of habeas corpus.

   (c) Raising substantively the same grounds as are raised herein the instant
       petition.

   (d) No evidentiary hearing was held on the petition.

   (e) The petition was DENIED without prejudice to petitioner's ability to
       re-file if the state supreme court's decision on <u>People</u> v. <u>Nguyen</u>,
       S154847, is favorable.

   (f) The order was entered 10/9/07.


17.1 (a) COURT OF APPEAL, FOURTH APPELLATE DISTRICT, DIVISION ONE: <u>D052128</u>.

   (b) On a petition for writ of habeas corpus.

   (c) Petitioner is uncertain as to just which judge or judges participated.

   (d) The petition raised substantively the same grounds as are raised herein
       the instant petition.

   (e) No evidentiary hearing was held on the petition.

   (f) The petition was DENIED. As petitioner best recalls the denial was
       premised mainly on the same bases as were found by the trial court on
       <u>HC 18577 -Second Petition</u>; on further recollection the denial was
       similarly without prejudice to petitioner's ability to re-file if the
       state supreme court's decision on <u>People</u> v. <u>Nguyen</u>, S154847, is favorable.

   (g) Petitioner misplaced the court's order but his best recollection is that
       it was entered sometime in May 2008.

Court of Appeal, Fourth Appellate District, Div. 1 - No. D052128
**S163460**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re LEVERT HAYES on Habeas Corpus

The petition for review is denied without prejudice to any relief to which petitioner might be entitled after this court decides *People v. Nguyen*, S154847.

RECEIVED

George, C.J. and Corrigan, J., were absent and did not participate.

JUN 3 0 2008

ADI

SUPREME COURT
**FILED**

JUN 2 5 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**CHIN**
_____
Acting Chief Justice

# ATTACHMENT TWO

**ARGUMENTS AND FACTS SUPPORTING THE PETITION**

# TOPICAL INDEX

|  | PAGE |
|---|---|
| PETITION FOR WRIT OF HABEAS CORPUS | 1 |
| INTRODUCTION | 2 |
| STATEMENT OF FACTS | 14 |
| VERIFICATION | 15 |
| I.  HABEAS CORPUS IS A PROPER VEHICLE FOR THE PRESENTATION OF PETITIONER'S CLAIMS. | 16 |
| II.  THIS COURT SHOULD REVERSE PETITIONER'S SENTENCE, BECAUSE IT IS UNAUTHORIZED AND A CLEAR AND FUNDAMENTAL VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO JURY TRIAL AND EQUAL PROTECTION, AND SHOULD ORDER HIM RESENTENCED TO A LEGAL TERM. | 18 |
| A.  Argument Summary. | 18 |
| B.  Background of Prior Proceedings. | 19 |
| C.  Petitioner's Sentence Violates the Sixth Amendment of the United States Constitution Because He Was Denied the Right to a Jury Determination Beyond a Reasonable Doubt of the Truth of the Conduct Underlying the Juvenile Priors, Before They Were Used as Strikes to Enhance His Sentence. | 20 |
| D.  Additionally, Petitioner's Sentence Violates State and Federal Equal Protection Because Petitioner Was Denied the Right to Jury Determination of the Truth of the Conduct Underlying His Juvenile Priors Before They Were Used as Strikes to Increase His Sentence | 35 |

i

E.   Petitioner Is Entitled to Relief Because His Sentence Was Illegal And a Clear and Fundamental Violation of His Constitutional Rights. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

F.   Even If this Court Concludes Petitioner's Sentence Is Authorized, It Should Still Consider the Merits of the Current Claim And Order a Non-Strike Sentence Because Petitioner Asserts Clear and Fundamental Constitutional Errors, And the Only Reason this Claim Was Not Decided on Appeal Is that Petitioner Was Denied Effective Assistance of Counsel. . . 41

III.  IF THIS COURT DOES NOT REVERSE PETITIONER'S SENTENCE, THIS COURT SHOULD PERMIT PETITIONER TO WITHDRAW HIS PLEA OF GUILTY BECAUSE HE BARGAINED FOR THE RIGHT TO CONTINUE TO LITIGATE THE LEGALITY OF USING HIS JUVENILE PRIORS AS STRIKES AND HE HAS BEEN DENIED THIS RIGHT, RENDERING THE PLEA INVOLUNTARY AND UNKNOWING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

A.   Background of Prior Proceedings. . . . . . . . . . . . . . . . . . . . . 44

B.   To be Valid, a Plea Must be Knowing, Voluntary, and Intelligent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

C.   Petitioner's Plea Was Not Voluntary, Knowing, And Intelligent Because He Did Not Know He Would be Prohibited from Challenging the Use of his Juvenile Priors as Strikes, as Promised. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

D.   Petitioner Should Automatically be Permitted the Opportunity to Withdraw His Plea Due to the Illusory Promise in His Plea, But Even If a Prejudice Showing is Required, Sworn Declarations from Trial Counsel And Petitioner Establish It Is Reasonably Probable Petitioner Would Not Have Pleaded Guilty Had He Known He Would Not be Permitted to Challenge the Constitutionality of Using His Prior Juvenile True Findings As Strikes. . . . . . . . . . . . . . . . . . . . . . . . . . 49

IV.   IF THIS COURT DOES NOT REVERSE PETITIONER'S
      SENTENCE, IT SHOULD PERMIT PETITIONER TO
      WITHDRAW HIS PLEA BECAUSE HE WAS DENIED
      EFFECTIVE ASSISTANCE OF COUNSEL IN SECURING HIM
      THE BENEFIT OF HIS BARGAIN. ....................... 52

      A.    Standard for Ineffective Assistance of Counsel. ......... 52

      B.    Petitioner is Entitled to Relief Because: 1) His Attorneys
            Acted Below the Level of An Objectively Reasonable
            Attorney in Failing to Secure the Benefit of Petitioner's
            Bargain; And 2) Had They Acted Effectively, Petitioner
            Would Have Received a More Favorable Result. ........ 53

CONCLUSION ......................................... 58

CERTIFICATION OF WORD COUNT ......................... 59

# TABLE OF AUTHORITIES

PAGE(S)

## CASES

*Almendarez-Torres v. United States* (1997) 523 U.S. 224
[118 S.Ct. 1219, 140 L.Ed.2d 350] . . . . . . . . . 21, 23, 24, 23, 25, 30

*Apprendi v. New Jersey* (2000) 530 U.S. 466
[120 S.Ct. 2348, 147 L.Ed 2d 435] . . . 5, 6, 19, 21-25, 27, 28, 30-32,
35, 44

*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450 . . . . . . . . 24

*Ballew v. Georgia* (1978) 435 U.S. 223
[98 S.Ct. 1029, 55 L.Ed.2d 234] . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Blakely v. Washington* (2004) 542 U.S. 296
[124 S.Ct. 2531, 159 L.Ed.2d 403] . . . . . . . . . . . . . . . . . . . . . 23, 32

*Brady v. United States* (1970) 397 U.S. 742
[90 S. Ct. 1463, 25 L. Ed. 2d 747] . . . . . . . . . . . . . . . . . . . . . . . 46, 49

*Chapman v. California* (1967) 386 U.S. 18
[87 S.Ct. 824, 17 L.Ed.2d 705] . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*Cooley v. Superior Court* (2002) 29 Cal.4th 288 . . . . . . . . . . . . . . . . . . . 36

*Cuyler v. Sullivan* (1980) 446 U.S. 335
[100 S.CT. 1708, 64 L.Ed. 333] . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

*Duncan v. Louisiana* (1968) 391 U.S. 145
[88 S.Ct. 1444, 20 L.Ed.2d 491] . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*In re Benoit* (1973) 10 Cal.3d 72 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55, 56

*In re Bower* (1985) 38 Cal.3d 865 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Chavez* (2003) 30 Cal.4th 643 . . . . . . . . . . . . . . . . . . . . . . . . . 55, 56

*In re Demertian* (1989) 48 Cal.3d 284 ............................ 36

*In re Eric  J.* (1979) 25 Cal.3d 522 ............................. 36

*In re Harris* (1993) 5 Cal.4th 813 ........................... 16, 42

*In re Javier A.* (1984) 159 Cal.App.3d 913 ....................... 26

*In re Myreshela W.* (1998) 61 Cal.App.4th 734 ................... 26

*In Re Waltreus* (1965) 62 Cal.2d 218 ........................... 17

*Jones v. United States* (1999) 526 U.S. 227 ..................... 25

*Kenneally v. Medical Board* (1994) 27 Cal.App.4th 489 ............. 36

*McKeiver v. Pennsylvania* (1971) 403 U.S. 528 [91 S.C ............. 32

*People v. Black* (2007) 41 Cal.4th 799 ......................... 23

*People v. Coleman* (1977) 72 Cal.App.3d 287 ............... 46, 48, 49

*People v. DeVaughn* (1977) 18 Cal.3d 889 ................. 46, 48, 49

*People v. Duvall* (1995) 9 Cal.4th 464 ......................... 58

*People v. Fowler* (1999) 72 Cal.App.4th 585 ..................... 30

*People v. Gams* (1997) 52 Cal.App.4th 147 ....................... 17

*People v. Grayson* (2007) 155 Cal.App.4th 1059 .......... 28-31, 33-35

*People v. Hollins* (1993) 15 Cal.App.4th 567 ............... 46, 48, 49

*People v. Jones* (1989) 210 Cal.App.3d 124 ...................... 40

*People v. Ledesma* (1987) 43 Cal.3d 171 . . . . . . . . . . . . . . . . . . . . . . . . . 53

*People v. Leng* (1999) 71 Cal.App.4th 1 . . , . . . . . . . . . . . . . . . . . . . 37, 38

*People v. Lewis* (1990) 50 Cal.3d 262 . . . . . . . . . . . . . . . . . 52, 53, 55-57

*People v. Lucky* (1988) 45 Cal.3d 259 . . . . . . . . . . . . . . . . . . . . . . . . . 30

*People v. Mancheno* (1982) 32 Cal.3d 855 . . . . . . . . . . . . . . . . . . . . 48, 57

*People v. McCary* (1996) 166 Cal.App.3d 1 . . . . . . . . . . . . . . . . . . . 46, 49

*People v. McMillon* (1992) 2 Cal.App.4th 1363 . . . . . . . . . . . . . . . . 46, 51

*People v. Meals* (1975) 49 Cal.App.3d 702 . . . . . . . . . . . . . . . . . 46, 48, 49

*People v. Miles* (1996) 43 Cal.App.4th 364 . . . . . . . . . . . . . . . . . . . . . . 40

*People v. Nation* (1980) 26 Cal.3d 169 . . . . . . . . . . . . . . . . . . . . . . . . . 52

*People v. Nguyen* (1997) 57 Cal.App.4th 705 . . . . . . . . . . . . . . . . . . . . . 36

*People v. Nguyen* (2007) 152 Cal.App.4th 1205 . . . . . . . . . . . . . . . . 28, 56

*People v. Olivas* (1976) 17 Cal.3d 236 . . . . . . . . . . . . . . . . . . . . . . . . . 37

*People v. Otterstein* (1987) 189 Cal.App.3d 1548 . . . . . . . . . . . . . . . . . . 40

*People v. Panizzon* (1996) 13 Cal.4th 68 . . . . . . . . . . . . . . . . . . . . . . . . 54

*People v. Price* (1986) 184 Cal.App.3d 1405 . . . . . . . . . . . . . . . . . . . . . 40

*People v. Ribero* (1971) 4 Cal.3d 55 . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

*People v. Romero* (1994) 8 Cal.4th 728 . . . . . . . . . . . . . . . . . . . . . . . . . 58

*People v. Sandoval* (2007) 41 Cal.4th 825 ........................ 42

*People v. Scott* (1994) 9 Cal.4th 331 ............................ 39

*People v. Serrato* (1973) 9 Cal.3d 753 .......................... 16

*People v. Tu* (2007) 154 Cal.App.4th 735 ........................ 28

*People v. Velasquez* (1999) 69 Cal.App.4th 503 ................... 40

*Pinkston v. State* (Ind.App. 2005) 836 N.E.2d 453 ................ 28

*Powell v. Alabama* (1932) 287 U.S. 45
    [53 S.CT. 55, 77 L.Ed 158] ............................. 52

*Rangel, et al. v. United States* (2006) __ U.S. __
    [126 S.Ct. 2873, 165 L.Ed.2d 910] ...................... 24

*Roe v. Flores-Ortega* (2000) 528 U.S. 470
    [120 S.Ct. 1029, 145 L.Ed.2d 985] .................... 55, 56

*Shepard v. United States* (2005) 544 U.S. 13
    [125 S.Ct. 1254, 161 L.Ed.2d 205] ...................... 24

*State v. Brown* (LA 2004) 879 So.2d 1276 .................... 28, 34

*Strickland v. Washington* (1984) 466 U.S. 668
    [104 S.Ct. 2052, 80 L.Ed.2d 674] ................. 52, 53, 55-57

*United States v. Booker* (2005) 543 U.S. 220
    [125 S.Ct. 738, 160 L.Ed.2d 621] ...................... 23

*United States v. Tighe*
    (9th Cir. 2001) 266 F.3d 1187 ................. 22, 27, 28, 57

*Washington v. Recuenco* (2006) 548 U.S. __
    [126 S.Ct. 2546, 165 L.Ed.2d 466] ...................... 42

## CONSTITUTIONS

United States Constitution

    Fifth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

    Sixth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

    Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . 26, 36, 46, 52, 57

California Constitution

    Article I, section 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36, 46

    Article I, section 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 57

    Article I, section 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

## STATUTES

Evidence Code

section 452, subdivision (d)(1) ........................... 13

section 453 ........................................ 4

section 459 ....................................... 4, 13

Penal Code

section 211 ....................................... 3, 21

section 212.5, subdivision (a) ........................... 21

section 667, subdivisions (b) - (i) ...................... 3, 4, 21

section 667, subdivision (d)(3) ......................... 22, 28

section 667, subdivision (e)(2)(A)(2) ...................... 5

section 1025 ...................................... 34

section 1170, subdivision (b) ........................... 34

section 1170.1, subdivision (d) .......................... 21

section 1237.5 ..................................... 54

section 1474 ...................................... 15

## RULES

California Rules of Court

rule 4.421(b) ..................................... 24

rule 4.421(b)(2) ................................... 29

rule 4.437(c)(2) ................................... 34

rule 8.304(b) .................................... 7, 54

## OTHER

Armed Career Criminal Act ................................ 27

*Juvenile Strikes: Unconstitutional Under Apprendi and Blakely and
Incompatible with the Rehabilitative Ideal* (2005) 15 So. Cal. Rev. L. &
Women's Stud. 171 ...................................... 32

*The Problem with Forgiving (But Not Entirely Forgetting) the Crimes of
Our Nation's Youth: Exploring the Third Circuit's Unconstitutional Use of
Nonjury Juvenile Adjudications in Armed Careeer Criminal Sentencing*
(2005) 66 U. Pitt.L.Rev. 887 .................................... 32

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| IN RE LEVERT HAYES, JR., On Habeas Corpus. | Case No._____ Related Court of Appeal No. D044641 |
| LEVERT HAYES, JR., Petitioner v. DEBRA DEXTER, Warden | Related Superior Court Nos. SCD 176819 HC 18577 |
| PEOPLE OF THE STATE OF CALIFORNIA, Real Party in Interest. | |

From the Superior Court, San Diego County
Honorable Laura Palmer Hammes, Judge

PETITION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE JUDITH MCCONNELL, PRESIDING JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE COURT OF APPEAL OF THE STATE OF CALIFORNIA, FOURTH APPELLATE DISTRICT, DIVISION ONE:**

By this verified petition for a writ of habeas corpus, petitioner Levert Hayes, Jr., through Appellate Defenders, Inc.(ADI), requests issuance of a writ of habeas corpus or order to show cause and ultimately the relief described below.

# INTRODUCTION

Petitioner agreed to plead guilty and accept a life sentence under the Three Strikes Law, based on two juvenile priors, only because he was promised the right to continue litigating the constitutionality of the use of his juvenile priors as strikes. Petitioner and his attorneys have always contended that sentencing petitioner under the Three Strikes law was unconstitutional because petitioner never had the right to a jury finding of guilt of the underlying conduct in the juvenile cases. But for the promise of continued litigation, petitioner would have gone to trial. However, petitioner was denied this benefit of his bargain because ineffective assistance of both trial and appellate counsel led to the dismissal of his appeal, and his requests to recall the remittitur to obtain a late CPC were denied.

Herein, petitioner presents three grounds for relief on the merits. First, his sentence should be reversed as unauthorized and unconstitutional because it is purportedly justified by juvenile priors for which petitioner had no right to jury trial in violation of both the Sixth Amendment and state and federal equal protection clauses. Second and third, if this court does not reverse petitioner's sentence, it should give him the opportunity to withdraw his plea because: 1) his plea was not knowing and was illusory in light of

2

the fact that he did not know he would never receive the benefit of his

bargain; and 2) ineffective assistance of counsel resulted in denying

petitioner the benefit of his bargain.

I.

Petitioner is confined and restrained at Ironwood State Prison in

Blythe, California, pursuant to a judgment of the San Diego County

Superior Court in case number SCD176819.

II.

On March 17, 2004, pursuant to a plea bargain, petitioner pleaded

guilty to one count of robbery (Pen. Code, § 211) and admitted that the

juvenile court had previously made two true findings for robbery, both on

June 20, 1996, in case number J92214.  The juvenile offenses had been

alleged as strikes (Pen. Code, § 667, subds. (b) - (i)).  The court found them

to be strikes, but petitioner reserved the right to litigate whether juvenile

priors can constitutionally qualify as strikes since juveniles are not afforded

the right to jury trial.   In exchange for his plea, petitioner was to receive a

sentence of 25 years to life.  (Exhibit A, Reporter's Transcript (RT) (in

relevant part)[1], pp. 2-7 (CT 19-24); Exhibit B, Clerk's Transcript (CT) (in relevant part), p. 2 (CT 63), attached hereto and incorporated by reference.)

### III.

Prior to petitioner's plea, petitioner's trial counsel, Robert Boyce, advised him that, if he were to plead guilty, he would be able to appeal the issue of whether a juvenile adjudication could constitutionally be used as a strike to increase his sentence. Each of his prior juvenile offenses had been found true by a judge, not a jury, after a contested hearing. (Exhibit C, ¶ 3 Declaration of Robert E. Boyce, attached hereto and incorporated by reference; Exhibit D, ¶¶ 3, 4, Declaration of Levert Hayes, Jr., attached hereto and incorporated by reference.) The only reason petitioner agreed to plead guilty was that his sentence would be conditioned on the constitutionality of using the juvenile true findings as priors and that he would continue to litigate the issue on appeal. (Exhibit C, ¶¶ 2, 3; Exhibit D, ¶ 5.) Petitioner believed he was bound to succeed on appeal and, after

---

[1]Before an appeal was dismissed in the current case, appellate transcripts were prepared. In a concurrently filed motion for judicial notice, petitioner requests that this court take judicial notice of relevant portions of the superior court and Court of Appeal files and transcripts pursuant to Evidence Code sections 452, 453, and 459, including the transcripts. Where the content of a filing is pertinent, petitioner attaches it as an exhibit in relevant part for this court's convenience. (See Motion for Judicial Notice.)

the use of his juvenile priors as strikes was found unconstitutional, receive

a determinate sentence. (Exhibit D, ¶ 4.)

Attorney Boyce told petitioner that Boyce believed the issue had

merit because petitioner's priors were not found true by juries. He also told

petitioner he believed using juvenile priors as strikes violated petitioner's

constitutional right to jury trial and the holding of a then recent United

States Supreme Court case (*Apprendi v. New Jersey* (2000) 530 U.S. 466,

490 [120 S.Ct. 2348, 147 L.Ed 2d 435]). The United States Supreme Court

had not yet decided the issue, and therefore, Boyce felt the law may very

well be changed, and that change would ultimately result in petitioner

receiving a determinate sentence. All of this was communicated to

petitioner. (Exhibit C, ¶ 4; Exhibit D, ¶ 4.) There is no question petitioner

knew that his plea would allow him to continue to litigate the

constitutionality of the use of his juvenile priors as strikes, which

potentially would lead him to a determinate sentence.

## IV.

On June 24, 2004, the court sentenced petitioner to the stipulated

prison term of 25 years to life, pursuant to the Three Strikes Law (Pen.

Code, § 667, subd. (e)(2)(A)(2)). (Exhibit B, p. 12 (CT 66).) Prior to the

sentencing hearing, Boyce had filed a motion to strike the use of

petitioner's juvenile priors as strikes in light of *Apprendi* and the Sixth

Amendment. (Exhibit B, pp. 3-11(CT 26-34).)  At the sentencing hearing

where counsel also argued this issue, the court indicated: "Clearly, the

defense has preserved this issue for appeal, and it may be that, as the courts

take a different view of the three strikes law, that even the issue on the

juvenile adjudications will change as well.  So I will make that comment for

the record." (Exhibit A, p. 9 (RT 27).)  The court denied Boyce's motion to

strike the use of petitioner's juvenile priors as strikes and executed the 25

years to life sentence. (Exhibit B, p. 12 (CT 66).)

## V.

After petitioner's sentence was imposed, Boyce promised petitioner

he would file the "appropriate notice of appeal, so as to permit petitioner to

challenge the validity of using the juvenile priors to enhance his sentence

under the strike law." (Exhibit C, ¶ 5; Exhibit D, ¶ 6.) Boyce prepared and

filed a timely notice of appeal from the judgment.  The notice of appeal

stated the appeal followed a guilty plea and was based on the sentence or

matters occurring after the plea and also on the "Use of juvenile true

findings as 'strikes.'" Boyce did not complete the form for requesting a

certificate of probable cause (CPC) or declaration in support of the

certificate. (Exhibit B, pp. 13-14 (CT 52-53).)  He had not considered

whether a CPC was necessary, but instead presumed it unnecessary; he had no tactical reason for failing to request a CPC. (Exhibit C, ¶¶ 5-7.)

### VI.

Boyce was appointed to represent petitioner on his appeal. On January 12, 2005, Boyce filed the appellate opening brief, which raised two issues regarding the use of the juvenile adjudications as strikes to enhance petitioner's sentence. (Exhibit E, Court of Appeal Online Docket, attached hereto and incorporated by reference; Exhibit F, ¶ 6, Declaration of Jamie Popper, attached hereto and incorporated by reference; Exhibit G, Table of Contents of Appellate Opening Brief, attached hereto and incorporated by reference.)[2] On February 16, 2005, respondent filed its brief, which sought to dismiss the appeal under rule 8.304(b) because petitioner was challenging the validity of the plea and did not have a CPC. At this point, Boyce requested to be relieved as appellate counsel because he felt he may have rendered ineffective assistance of counsel in failing to secure a CPC.

---

[2]Where only the fact and date of filing of a document is relevant, petitioner refers to attached court dockets obtained from the Appellate Courts Case Information website. Petitioner has also attached a declaration from counsel establishing that counsel attached the docket printouts she personally obtained from the website. (Exhibit F, ¶ 6.) In a concurrently filed judicial notice motion, petitioner requests that this court take judicial notice of the dates and facts of filing of these documents. (See Judicial Notice Motion.)

(See Exhibit C, ¶ 6; Exhibit E.) Attorney Scott M. Rand was appointed to represent petitioner. (Exhibit C, ¶¶ 1, 6.)

## VII.

Mr. Rand filed a reply brief on April 15, 2005, arguing that a CPC was unnecessary. (Exhibit E.) He did not attempt to obtain a CPC because he did not realize he could file a petition for writ of habeas corpus [and request to stay the appeal] in attempt to obtain a CPC at that time. (Exhibit H, ¶¶ 4, 5, Declaration of Scott Rand,[3] attached hereto and incorporated by reference.)

## VIII.

On September 8, 2005, this court issued an opinion dismissing the appeal. While this court found petitioner had not waived his right to appeal the issue regarding use of juvenile priors as strikes, petitioner was without a CPC. This court found the challenge to use of the juvenile priors as strikes was in essence an attack on the plea, requiring a CPC. (Exhibit I, Court of Appeal Opinion Dismissing Appeal, pp. 3-6, attached hereto and incorporated by reference.)

---

[3]Scott Rand's declaration is a copy of the declaration he attached to the November 4, 2005 petition for a writ of habeas corpus seeking a CPC, filed in the Supreme Court. Petitioner requests that this court accept a copy because Mr. Rand is deceased.

IX.

On October 18, 2005, Rand filed a petition for review. (Exhibit F, ¶ 6; Exhibit J, Supreme Court Docket, attached hereto and incorporated by reference.)[4] After filing the petition for review, he consulted with staff attorneys at Appellate Defenders, Inc., and was told he could request a CPC in conjunction with his petition for review. (Exhibit H, ¶ 5.) Therefore, on November 4, 2005, Rand filed in the Supreme Court a petition for a writ of habeas corpus for late issuance of a CPC under the constructive filing doctrine. On November 30, 2005, both petitions were summarily denied. A remittitur issued on December 6, 2005. (Exhibit J.)

X.

On July 6, 2006, attorney Knut Johnson, filed a petition for a writ of habeas corpus in the superior court on petitioner's behalf arguing ineffective assistance of counsel in failing to perfect petitioner's appeal. (Exhibit K, first page of Petition for Writ of Habeas Corpus, attached hereto and incorporated by reference.) The district attorney conceded that trial counsel acted ineffectively in failing to request a CPC but argued that the superior court lacked jurisdiction to consider the habeas corpus petition. (Exhibit L, p. 2, People's Amended Return to Petition (in relevant part), p.

---

[4]See Footnote 2, *ante*.

1, attached hereto and incorporated by reference.) On January 18, 2007, the superior court issued an order finding that it lacked jurisdiction to recall the remittitur, and therefore, could not decide the claims on their merits; the Court of Appeal had to recall the remittitur. (Exhibit M, 1/18/07 Superior Court Opinion, attached hereto and incorporated by reference.) The superior court reached this conclusion based on the language in this court's opinion dismissing the appeal: "appellant must obtain a certificate of probable cause in compliance with Penal Code r before the court may make a ruling on the substantive merits of this case." (Exhibit I, p. 5; Exhibit M, p. 3.)

## XI.

On March 21, 2007, petitioner took the superior court's advice and filed a motion to recall the remittitur and a motion to amend the notice of appeal to include a CPC in the Court of Appeal. (Exhibit E.) On April 23, 2007, this court denied the motion to recall the remittitur without prejudice to file a petition for a writ of habeas corpus. (Exhibit N, Order Denying Motion to Recall Remittitur in Court of Appeal, attached hereto and incorporated by reference.) Then, on April 27, 2007, petitioner filed a motion to reconsider its denial or to clarify whether its order referred to a habeas petition to obtain a late CPC or a habeas petition raising substantive

10

issues. The Court of Appeal denied said motion on May 22, 2007. (Exhibit E.)

## XII.

On August 22, 2007, petitioner filed a petition for writ of habeas corpus in the superior court, raising three substantive issues, the same issues herein. The superior court never issued an order to show cause or writ of habeas corpus and denied this petition in an order dated October 9, 2007. (Exhibit O, 10/9/07 Superior Court Order Denying Writ Petition, attached hereto and incorporated by reference.)

## XIII.

Petitioner suffers from illegal restraint, because petitioner's sentence is unauthorized, petitioner's plea was not knowing and intelligent, petitioner was denied effective assistance of counsel resulting in the denial of the benefit of his plea bargain, and the benefit of his bargain has been breached by his inability to litigate the constitutionality of his juvenile priors.

## XIV.

Ever since petitioner's appeal was dismissed, petitioner has diligently worked to correct the errors of his attorney and obtain the benefits of his bargain. As detailed above, attorneys have attempted via several procedures to afford petitioner the benefit of his bargain. Once the superior

court told petitioner to ask the Court of Appeal to recall the remittitur, that

is what petitioner did, but to no avail. Once the Court of Appeal denied the

motion to recall the remittitur without prejudice to file a petition for a writ

of habeas corpus, petitioner compiled the necessary materials and

information and prepared a petition filed in the superior court. Once the

superior court denied the petition, petitioner compiled the necessary

materials and prepared the current petition. No delay in the filing of this

petition is petitioner's fault. (Exhibit F, ¶¶ 3, 4, 5, Declaration of Jamie

Popper, attached hereto and incorporated by reference.) Rather, as evident

through the record of this case, he has reasonably relied on counsel at each

juncture to secure relief.

XV.

Petitioner would not have pleaded guilty had he known he would not

be allowed to continue to litigate constitutional issues regarding use of his

juvenile priors as strikes, as promised. (Exhibit D, ¶ 7.)


WHEREFORE, petitioner respectfully requests that this court:

1. Take judicial notice of relevant portions of the superior court

(numbers SCD 176819 & HC 18577), Court of Appeal (number D044641),

and Supreme Court (numbers S138173 and S138610) records in *People*

v. Levert Hayes, Jr.[5] (Evid.Code, §§452, subd. (d)(1), 459), which are referred to herein; and

2. Grant the relief requested in this petition for a writ of habeas corpus based on the attached declarations; or

3. Issue a writ of habeas corpus or an order to show cause to the Director of the Department of Corrections ot inquire into the legality of petitioner's present incarceration and ultimately order petitioner c resentenced in an authorized manner or give petitioner the opportunity to withdraw his plea; and

4. In the event this court believes an evidentiary hearing is necessary, appoint a special referee to hold such hearing; and

5. Grant petitioner any further relief appropriate and in the interest of justice.

Dated: July 20, 2008                    Respectfully Submitted,

_Levert Hayes JR._
Levert Hayes, Jr.
Petitioner in Pro Se

---

[5] Concurrently with this petition, petitioner has filed a motion for judicial notice of the relevant court records.

13

## STATEMENT OF FACTS

Petitioner omits a statement of the facts related to petitioner's conviction because such facts are irrelevant to his asserted claims. The only relevant facts are that petitioner pleaded guilty to one count of robbery and admitted he had two juvenile prior true findings.[6]

---

[6]Petitioner has filed a motion for judicial notice concurrently with this petition. In that motion, petitioner requests, in part, that this court take judicial notice of the appellate record from petitioner's dismissed appeal in case number D044641. Such record includes a preliminary hearing transcript, in which this court can find a factual basis for petitioner's plea, if this additional information is desired.

14

## VERIFICATION

I, Levert Hayes, Jr., declare as follows:

I am an indigent layman inmate incarcerated at Ironwood State Prison. I am proceeding on the instant petition in pro se and believe the issues are being properly raised.

I did not draft the arguments raised in my petition but instead am simply relying on work which had been presented before the court of appeal because it is much better than anything I could hope to come up with myself. However, I am reasonably familiar with the matters and do believe the contents to be true based on my best recollections and the attached declarations and other papers.  I am filing this petition pursuant to 28 USC §2254.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 20th day of July, 2008, at Ironwood State Prison, in Riverside County, Blythe, California 92225.


_Levert Hayes Jr._
Levert Hayes, Jr.
Petitioner in pro se

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. HABEAS CORPUS IS A PROPER VEHICLE FOR THE PRESENTATION OF PETITIONER'S CLAIMS.

Petitioner's first claim is that his sentence is unauthorized as a matter of law due to the fact it was increased by purported strikes based on prior juvenile true findings for which petitioner never had the right to a jury trial. Petitioner properly raises this claim in a habeas petition because a court may correct an unauthorized or invalid, sentence at any time. (*People v. Serrato* (1973) 9 Cal.3d 753, 764.) Accordingly, a defendant does not lose the right to claim a sentence is unauthorized by raising it for the first time in a habeas corpus petition. (*In re Harris* (1993) 5 Cal.4th 813, 840-841.)

Additionally, the only reason his claim was not raised on appeal was because his trial and appellate attorneys rendered ineffective assistance by failing to obtain a certificate of probable cause. Accordingly, this case is one of those cases with "strong justification" for which the general rule prohibiting defendants from raising issues in a habeas petition that could have been raised on appeal would not apply. (See *In re Harris, supra,* 5 Cal.4th at p. 834.) The attorneys' ineffectiveness vitiated and rendered illusory the benefit petitioner sought from his plea bargain – review of this issue, the constitutionality of the use of juvenile priors as strikes – a benefit petitioner deemed essential to accepting the plea. Accordingly, this is a

16

case implicating fundamental fairness, and petitioner's inability to litigate his claim regarding use of juvenile priors as strikes is a miscarriage of justice. (See *id.* at pp. 831-832.) Additionally, the error is a clear and fundamental constitutional error. (*Id.* at p. 834.)

Petitioner's additional claims are not claims that could have been raised on appeal because the dismissal of the appeal as a result of ineffective assistance of counsel is what entitled petitioner to relief. (See *In Re Waltreus* (1965) 62 Cal.2d 218, 225.) Additionally, they are claims that require outside evidence to prove: the attached declarations by petitioner and petitioner's attorneys. (See *In re Bower* (1985) 38 Cal.3d 865, 872; *People v. Gams* (1997) 52 Cal.App.4th 147, 155.)

17

**II.    THIS COURT SHOULD REVERSE PETITIONER'S SENTENCE, BECAUSE IT IS UNAUTHORIZED AND A CLEAR AND FUNDAMENTAL VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO JURY TRIAL AND EQUAL PROTECTION, AND SHOULD ORDER HIM RESENTENCED TO A LEGAL TERM.**

**A.    Argument Summary.**

Petitioner's sentence is unauthorized because he was denied the right to a jury determination of the truth of the conduct underlying his juvenile priors. Petitioner could not legally be sentenced to a Three Strikes life sentence without being afforded such a jury trial under the Sixth Amendment of the United States Constitution and the equal protection clauses of the state and federal Constitutions. Although petitioner pleaded guilty pursuant to a plea bargain, he by no means agreed to an illegal sentence. Rather, petitioner made clear that he was retaining the right to challenge the constitutionality of the use of his juvenile priors as strikes.

Even if this court were to conclude petitioner's sentence is authorized, it should still reach the merits of petitioner's current claim, although this claim could have technically been raised on appeal, because petitioner's claim raises clear and fundamental violations of the constitution and because petitioner's case presents a miscarriage of justice. The only reason the current claim was not decided on appeal is because of ineffective assistance of counsel. Petitioner was denied review of this claim – the

18

benefit of his bargain – through no fault of his own.  Because petitioner's

appeal was dismissed and his motion to recall the remittitur was denied, the

only way petitioner can receive relief is through this petition for a writ of

habeas corpus.

### B.    Background of Prior Proceedings.

Petitioner entered a plea on March 17, 2004.  He agreed to plead

guilty and be sentenced to a life term only because he was promised the

right to continue litigating the constitutionality of the use of his juvenile

priors to enhance his sentence.  (Exhibit C, ¶¶ 2, 3; Exhibit D, ¶¶ 3-5.)  His

trial attorney, Boyce, reserved this right for him at the plea hearing and by

subsequently filing and arguing a motion to strike the use of petitioner's

juvenile priors as strikes under *Apprendi* and the Sixth Amendment.

(Exhibit A, p. 4 (RT 21); Exhibit B, pp. 3-11 (CT 26-34).)  The court denied

this motion and sentenced petitioner to a life term under the Three Strikes

law. (Exhibit A, p. 4 (RT 21).)

Thereafter, Boyce ineffectively failed to perfect petitioner's notice of

appeal to enable petitioner to challenge on appeal the constitutionality of

the use of his juvenile priors as strikes, and neither attorney who

represented him on appeal attempted to fix the problem by securing a CPC

19

until it was too late.[7]  In turn, although Boyce filed an appellate opening

brief arguing that the use of juvenile priors as strikes violated petitioner's

rights to jury trial and equal protection (Exhibit G), this court dismissed

petitioner's appeal because petitioner was procedurally prohibited from

raising these issues without a CPC. In the opinion, this court found that

petitioner's plea was conditioned on the right to continue litigating the

constitutionality of using his juvenile priors. (Exhibit D.) Since the

dismissal of the appeal, both this court and the superior court have denied

requests to recall the remittitur to reopen the appeal, secure a CPC, and

litigate the issue. (Exhibit E; Exhibit M; Exhibit N.)  Thus, the

constitutionality of petitioner's sentence was not determined on appeal,

through no fault of petitioner.

  **C.** **Petitioner's Sentence Violates the Sixth Amendment of the United States Constitution[8] Because He Was Denied the Right to a Jury Determination Beyond a Reasonable Doubt of the Truth of the Conduct Underlying the Juvenile Priors, Before They Were Used as Strikes to Enhance His Sentence.**

The statutory maximum sentence for petitioner's conviction of

robbery was six years because the six year midterm was the maximum

---

[7]See Argument IV, *post*.

[8]The Sixth Amendment applies to the states via the Fourteenth Amendment.

sentence the court could impose absent an additional finding of fact (Pen.

Code, §§ 211, 212.5, subd. (a), 1170.1, subd. (d)). (See *Cunningham v.*

*California* (2007) 549 U.S.___ [127 S.Ct. 856, 874-875, 166 L.Ed.2d 856];

*Apprendi, supra,* 530 U.S. 466.) However, the court imposed a term of 25

years to life based on a finding petitioner had two prior serious felony

convictions or "strikes". Under the Three Strikes Law, a person who

committed two serious felonies in the past who commits a third felony is to

receive a sentence of 25 years to life. (Pen. Code, § 667, subds. (b) - (i).)

As explained below, when the prior serious felonies were committed by an

adult, the court can impose the Three Strikes sentence without affording the

defendant the right to a jury finding of the truth of the strikes, just based on

proof the qualifying convictions exist. Adult strike priors generally fit

within the "prior conviction" exception of *Apprendi* because defendants

already had the right to a jury finding of the truth of the underlying conduct.

(*Apprendi,* at p. 490; *Almendarez-Torres v. United States* (1997) 523 U.S.

224, 238, 243-2470 [118 S.Ct. 1219, 140 L.Ed.2d 350].) Here, though, the

court did not rely upon adult convictions to impose a life sentence; rather, it

unconstitutionally relied upon juvenile true findings for which petitioner

had no right to jury trial.[9] (*United States v. Tighe* (9th Cir. 2001) 266 F.3d 1187, 1189, 1194.)

      In *Apprendi*, the United States Supreme Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi, supra*, 530 U.S. at p. 490.) The court noted the constitutional rights to a jury trial and a finding of guilt beyond a reasonable doubt are "of surpassing importance." (*Id.* at pp. 476-477.)

> [T]he historical foundation for our recognition of these principles extends down centuries into the common law. "To guard against a spirit of oppression and tyranny on the part of rulers" and "as the great bulwark of [our] civil and political liberties," [] trial by jury has been understood to require that "*the truth of every accusation . . .* should afterwards be confirmed by the unanimous suffrage of twelve of [the defendant's] equals and neighbors . . . ." [] ¶ Equally well founded is the companion right to have the jury verdict based on proof beyond a reasonable doubt.

(*Id.* at pp. 477-478, citations omitted.) The court explained the constitutional limits of delegating fact finding to the sentencing court:

> If a defendant faces punishment beyond that provided by statute when an offense is committed under certain circumstances but not others, it is obvious that both the loss of

---

    [9]The language of the Three Strikes Law explicitly includes certain juvenile prior true findings as strikes. (Pen. Code, § 667, subd. (d)(3).)

> liberty and the stigma attaching to the offense are heightened;
> it necessarily follows that the defendant should not – at the
> moment the State is put to proof of those circumstances – be
> deprived of protections that have, until that point,
> unquestionably attached.

(*Id.* at p. 484.)  Since *Apprendi*, the United States Supreme Court has

invalidated sentencing schemes that violate the Sixth Amendment rights at

issue in *Apprendi*, including California's sentencing scheme. (E.g.,

*Cunningham, supra,* 127 S.Ct. at p. 874 [California's determinate

sentencing law]; *Blakely v. Washington* (2004) 542 U.S. 296 [124 S.Ct.

2531, 159 L.Ed.2d 403] [Washington's Sentencing Reform Act]; *United*

*States v. Booker* (2005) 543 U.S. 220 [125 S.Ct. 738, 160 L.Ed.2d 621]

[federal sentencing guidelines].)  Thereafter, the California Supreme Court

held that defendants' Sixth Amendment rights are only violated where a

court fails to rely upon a single constitutionally permissible factor in

justifying an enhanced sentence. (*People v. Black* (2007) 41 Cal.4th 799.)

One possible narrow exception to the right to jury trial and proof

beyond a reasonable doubt of any factual finding necessary to enhance a

sentence is the fact of prior conviction.[10] (*Almendarez-Torres, supra,* 523

---

[10]*Almendarez-Torres* is questionable authority; petitioner contends it
was decided incorrectly.  It was a 5-4 decision, and one majority justice,
Justice Thomas, has since repudiated his position. (*Apprendi, supra,* 530
U.S. at pp. 518-521 (conc. opn. of Thomas, J.).)  In *Apprendi*, the court
stated "it is arguable that *Almendarez-Torres* was incorrectly decided."

U.S. at pp. 238, 243-247.)  Any such exception is narrow, as the Supreme

Court has repeatedly acknowledged. (*Apprendi*, *supra*, 530 U.S. at p. 490;

see *Shepard v. United States* (2005) 544 U.S. 13, 25-26 [125 S.Ct. 1254,

161 L.Ed.2d 205] [to determine if prior guilty plea conviction qualifies as

enhancement, *Apprendi* requires court to look only to portions of record

necessarily admitted by defendant or found true by jury].)  Most recently, in

*Cunningham*, the Supreme Court clarified the narrowness of the exception.

The majority rejected the dissent's suggestion that facts related to the

defendant (rather than the crime) – virtually all factors regarding criminal

history (California Rules of Court, rule ("Rule(s)") 4.421(b)) – should be

permissible for judicial determination, explaining that such practice would

violate *Apprendi* because '*any*' fact necessary for justifying a penalty

increase above the statutory maximum requires a jury finding beyond a

reasonable doubt. (*Cunningham*, *supra*, 127 S.Ct. at p. 874, fn. 14.)

---

(*Apprendi*, at p. 489.)  In dissenting from a denial of certiorari in a case on topic, Justice Thomas reiterated his view that *Almendarez-Torres* was incorrectly decided and stated, "it has long been clear that a majority of this court now rejects that exception." (*Rangel, et al. v. United States* (2006) __ U.S. __ [126 S.Ct. 2873, 2874-2875, 165 L.Ed.2d 910].)  Petitioner recognizes that this court is obligated to follow *Almendarez-Torres* under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, but petitioner notes his opposition to preserve the claim for review.

The rationale behind the narrow exception for prior offenses is the recognition that individuals already had the procedural protections necessary before the prior conviction. In discussing the exception, the United States Supreme Court in *Jones v. United States* (1999) 526 U.S. 227, noted the critical distinction between the fact of a prior conviction and other facts that prompt increased punishment: "unlike virtually any other consideration used to enlarge the possible penalty for an offense ... a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt and jury trial guarantees." (*Id.* at p. 249.) Then, in *Apprendi* the court noted that *Jones* "foreshadowed" its decision and observed:

> Both the certainty that procedural safeguards attached to any "fact" of prior conviction, and the reality that *Almendarez-Torres* did not challenge the accuracy of that "fact" in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a "fact" increasing punishment beyond the maximum of the statutory range.

(*Apprendi, supra*, 530 U.S. at pp. 476, 488.)

Together, *Appredi* and *Jones* instruct that where the facts pertaining to prior offenses have already been found true by a jury, beyond a reasonable doubt, and after a trial safeguarded by the requirements of due process, that offense may serve as a qualifying prior conviction to enhance a

25

current sentence without the necessity for another jury trial of the issue of whether the defendant committed that prior offense.

The United States Constitution grants the right to trial by an impartial jury "in all criminal prosecutions." (U.S. Const., 6th & 14th Amends.) This right is "fundamental to the American scheme of justice." (*Duncan v. Louisiana* (1968) 391 U.S. 145, 148, 149 [88 S.Ct. 1444, 20 L.Ed.2d 491].) It "reflect[s] a fundamental decision about the exercise of official power – a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges. Fear of unchecked power ... found expression in the criminal law in this insistence upon community participation in the determination of guilt or innocence." (*Id.* at p. 156.) The California Constitution affords this same right. (Cal. Const., art. I, §§ 15, 16.)

Where all elements of the prior offense were previously found true in a proceeding safeguarded by this fundamental right to jury trial, it makes sense that the constitution may not require a second jury trial of those elements. However, in the case of prior juvenile adjudications, the truth of the prior offenses was not found in proceedings safeguarded by the right to jury trial because California law does not afford juveniles the right to jury trial. (*In re Myreshela W.* (1998) 61 Cal.App.4th 734, 736-741; *In re Javier*

26

*A.* (1984) 159 Cal.App.3d 913, 929.) Accordingly, the exception does not apply, and the constitutional command of trial by jury of every fact necessary to justify increased punishment prohibits using such adjudication as a substitute for jury trial of the elements of the alleged prior offense.

The Supreme Court in *Apprendi* explicitly stated:

> There is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof.

(*Apprendi, supra*, 530 U.S. at p. 496.) The Ninth Circuit Court of Appeal relied on this statement, in part, in reaching the conclusion that juvenile true findings cannot be used to enhance a criminal sentence. (*Tighe, supra,* 266 F.3d at pp. 1189, 1194.) In *Tighe*, the court invalidated a recidivist sentence that relied on juvenile adjudications from Oregon to impose greater punishment under the Armed Career Criminal Act (18 U.S.C., § 924, subd. (e).) (*Id.* at p. 1189.) The court observed that the Supreme Court in *Apprendi* had relied on the recognition that prior convictions are reliable because of a "triumvirate of procedural protections . . . fair notice, reasonable doubt, and the right to a jury trial." (*Tighe*, at pp. 1194.) Accordingly, it reversed the defendant's sentence, concluding:

27

Thus, as we read *Jones* and *Apprendi*, the 'prior conviction' exception to *Apprendi's* general rule must be limited to prior convictions that were themselves obtained through proceedings that included the right to a jury trial and proof beyond a reasonable doubt. Juvenile adjudications that do not afford the right to a jury trial and a beyond-a-reasonable-doubt burden of proof, therefore, do not fall within *Apprendi's* 'prior conviction' exception.

(*Ibid.*)

Like section 667, subdivision (d)(3), the federal statute in *Tighe* specifically provided that juvenile adjudications could be used as prior convictions to increase the defendant's punishment. (18 U.S.C., § 924, subd. (e)(2)(C).) Accordingly, *Tighe's* holding equally applies to petitioner's Three Strikes sentence under California law.

Courts of Appeal have come to varying decisions, and the Supreme Court has granted review to decide this precise issue in a case where a Court of Appeal came to the conclusion petitioner argues. (*People v. Nguyen* (2007) 152 Cal.App.4th 1205, review granted October 10, 2007, S154847; *People v. Grayson* (2007) 155 Cal.App.4th 1059; *People v. Tu* (2007) 154 Cal.App.4th 735.) Courts outside California also have concluded that juvenile priors may not be used to enhance an adult sentence. (E.g., *State v. Brown* (LA 2004) 879 So.2d 1276, 1285; *Pinkston v. State* (Ind.App. 2005) 836 N.E.2d 453.)

28

Petitioner is aware that other courts have come to contrary conclusions, which has prompted the Supreme Court review. Two cases regarding similar issues have come after *Cunningham*, and petitions for review are pending in both: *Grayson, supra,* Cal.App.4th 1059 and *Tu, supra,* 154 Cal.App.4th 735.[11] All other California cases came before *Cunningham*. Significantly, *Cunningham* clarified that the prior conviction exception is very narrow; a narrow construction cannot include juvenile adjudications. No United States Supreme Court case discussing the prior conviction exception has even mentioned juvenile adjudications, which importantly, are not convictions. (Welf. & Inst. Code, § 203; *Egar v. Superior Court* (2004) 120 Cal.App.4th 1306, 1308-1309.)

The superior court denied petitioner's writ because of its agreement with the Court of Appeal's reasoning in *Grayson*. (Exhibit O, pp. 4-5.) However, the reasoning of *Grayson* and the earlier decisions concluding that juvenile true findings, for which an individual never had the right to jury trial, can be utilized to justify an increase in an adult's punishment is unsound. Basically, these cases conclude a jury trial is unnecessary under

---

[11] *Tu* does not address the question of using juvenile priors as strikes, but rather addresses the question of whether the aggravating factor of priors being numerous or increasing in seriousness under rule 4.421(b)(2) required a jury finding beyond a reasonable doubt where the priors were juvenile adjudications.

29

the Sixth Amendment because the *Almendarez-Torres* prior conviction

exception applies. The prior conviction exception is based on the reliability

of prior convictions; thus, the cases found juryless adjudications for

juveniles sufficiently reliable so no additional process is due before using

them to enhance an adult's sentence. (E.g., *Grayson, supra,* 155

Cal.App.4th at p. 1069; *Smith, supra,* 100 Cal.App.4th at p. 1078; *Lee,*

*supra,* 111 Cal.App.4th at p. 1316; *Bowden, supra,* 102 Cal.App.4th at pp.

393-394.)[12] As the superior court order quoted, *Grayson* and *Tu* further

justified their holdings with a conclusion that the rehabilitative purpose of

juvenile adjudications make them "sufficiently distinct" from adult

---

[12]In support of their conclusions, the *pre-Cunningham* cases rely on
*People v. Fowler* (1999) 72 Cal.App.4th, 585, which is unsupportive
because it came before *Apprendi. Fowler* held that the use of juvenile
adjudications as strikes passes constitutional muster because strikes cause
an increase in the length of sentences, not findings of guilt. It relied on
language in *Almendarez-Torres* referring to recidivism constituting a
question of punishment only, but the fact it goes to punishment does not
resolve the issue. Precedent is clear that jury protections do extend in
"some degree" to determinations of sentence length, rather than guilt.
(*Apprendi, supra,* 530 U.S. at p. 484.) As it came before *Apprendi, Fowler*
did not distinguish between factors judges can consider in choosing
sentences within a range authorized by the jury verdict and factors that
increase a penalty above the statutory maximum. This is a major defect in
the *pre-Cunningham* cases' use of *Fowler* to approve use of juvenile priors
as strikes.

Likewise, *Fowler* improperly relied upon *People v. Lucky,* in which
the facts of violent juvenile conduct *were* tried to a jury, and in which the
court failed to consider the Sixth Amendment issue. (*People v. Lucky*
(1988) 45 Cal.3d 259, 274-275, 294-296, 296, fn. 24.)

proceedings to justify juryless trials. (*Grayson*, at p. 1068; *Tu*, at p. 749; Exhibit O, p. 4.)

These cases' analyses are unsound because they strikingly ignore the fact that juvenile adjudications are only deemed sufficiently reliable for sake of juvenile proceedings. The issue at hand is whether juvenile adjudications can constitutionally be utilized to enhance an adult's sentence.

It is important to recognize that the reason for juryless hearings in juvenile proceedings is not necessarily a lack of increased reliability from juries, rather than single judges. In fact, the seminal case, *McKeiver v. Pennsylvania* (1971) 403 U.S. 528 [91 S.Ct. 1976, 29 L.Ed.2d 647], provided 13 reasons for juryless hearings, focusing largely on its *parens patriae* rationale. Thus, a lesser requirement of reliability in juvenile cases significantly stems from the rehabilitative aim of dispositions in juvenile cases; the aim in juvenile cases used to be solely rehabilitation and remains in significant part rehabilitation. In adult cases, contrarily, where the primary purpose is punishment, allowing a court to make factual findings that increase a sentence above the statutory maximum is simply unconstitutional. This was the holding of *Apprendi*.

A conclusion that juvenile hearings are reliable enough to use as strikes in adult cases contradicts not only *Apprendi* and its progeny, but also

31

a seminal Supreme Court decision after *McKeiver* holding that a jury of at least six people is necessary to ensure reliability. (*Ballew v. Georgia* (1978) 435 U.S. 223, 232-233 [98 S.Ct. 1029, 55 L.Ed.2d 234].) Additionally, it ignores numerous studies providing evidence that it is easier to obtain convictions in juvenile court than criminal court. (E.g., *Juvenile Strikes: Unconstitutional Under Apprendi and Blakely and Incompatible with the Rehabilitative Ideal* (2005) 15 So. Cal. Rev. L. & Women's Stud. 171, 189 (and internal citations); *The Problem with Forgiving (But Not Entirely Forgetting) the Crimes of Our Nation's Youth: Exploring the Third Circuit's Unconstitutional Use of Nonjury Juvenile Adjudications in Armed Careeer Criminal Sentencing* (2005) 66 U. Pitt.L.Rev. 887, 905-906 (and internal citations).)

Further, the fact that the issue at hand regards sentencing and recidivism, rather than guilt of the current offense is immaterial, as the Supreme Court specifically relied upon the fundamental nature of the right to jury trial in support of its holdings in *Jones, Apprendi* and *Blakely*, where the issue too regarded the length of sentence, not guilt. (*Blakely, supra,* 546 U.S. at pp. 305-306; *Apprendi, supra,* 530 U.S. at pp. 476-478; *Jones, supra,* 526 U.S. at p. 249.)  Likewise, the purported justification that a history of juvenile offenses is relevant to recidivism  presumes that juvenile

32

adjudications are constitutionally sufficient to prove recidivism. (Exhibit O, p. 4, quoting *Grayson, supra*, 155 Cal.App.4th at p. 1068.) It presumes the answer of the ultimate question of whether the juvenile process itself passes constitutional muster to adequately establish the truth of whether the defendant has engaged in serious criminal behavior in the past.[13]

Ultimately, no reasonable explanation exists as to why use of juvenile adjudications to increase adult defendants' sentences above the statutory maximum is constitutional, when the constitution requires a jury trial for any finding necessary to increase an adult defendant's sentence above the statutory maximum. As the Louisiana Supreme Court concluded in a case proscribing the use of juvenile priors:

> In order to continue holding a trial by jury is not constitutionally required [in juvenile cases], we cannot allow these adjudications, with their civil trappings, to be treated as predicate offenses the same as felony convictions. It seems

---

[13]The superior court that denied the writ in this case and the Court of Appeal in *Grayson* relied upon a statement in *Tu* that is immaterial to the issue at hand: "First, like adult convictions, juvenile convictions are relevant to the issue of recidivism. Moreover, to be used as a DSL sentence enhancer under the California rules, the adjudications must be numerous or of increasing seriousness, thereby providing increased probative value to the issue of recidivism." (*Tu, supra,* 154 Cal.App.4th at p. 749; *Grayson, supra*, 155 Cal.App.4th at p. 1068; Exhibit O, p. 4.) Such statement does not apply to the issue of juvenile priors being used as strikes because, unlike rule 4.21(b)(2) at issue in *Tu*, strikes provide extreme automatic sentencing increases regardless of whether adjudications are numerous or of increasing seriousness.

contradictory and fundamentally unfair to provide youths with
fewer procedural safeguards in the name of rehabilitation and
then to use adjudications obtained for treatment purposes to
punish them more severely as adults. [Citation.]

(*State v. Brown, supra*, 879 So.2d at p. 1289, fn. omitted.)

Pre-*Cunningham* cases additionally attempted to justify the use of

juvenile priors as strikes in conformity with the Sixth Amendment by virtue

of the fact section 1025 provides a statutory right to have a jury determine

the question whether a defendant has suffered a prior conviction. (E.g.,

*Smith, supra*, 100 Cal.App.4th at p. 1077; *Lee, supra*, 111 Cal.App.4th at p.

1316; *Bowden, supra*, 102 Cal.App.4th at pp. 392-393.)  However, section

1025 does not provide the right to jury trial for the truth of the conduct

underlying a prior as to which a jury trial was denied.  The problem at hand

is that petitioner's adult sentence is enhanced by purported facts, for which

he did not have the right to a jury determination of guilt.  All of petitioner's

juvenile priors were litigated, not admitted. (Exhibit C, ¶ 3.) Thus, section

1025's guarantee of a jury to determine whether a defendant suffered priors

means nothing here where the alleged prior were juvenile true findings

because it fails to address the problem that a jury never determined guilt.

Likewise, the right to challenge an aggravating fact under former rule

4.437(c)(2) and former section 1170, subdivision (b), as noted in *Grayson*

and the superior court order, in no way changes the analysis because such

34

provisions fail to provide a right to jury determination of the juvenile priors.
(*Grayson, supra*, 155 Cal.App.4th at p. 1069.)

Petitioner's sentence violates the Sixth Amendment because it was enhanced by juvenile priors, when petitioner was denied the right to a jury determination of guilt.

**D.**    **Additionally, Petitioner's Sentence Violates State and Federal Equal Protection Because Petitioner Was Denied the Right to Jury Determination of the Truth of the Conduct Underlying His Juvenile Priors Before They Were Used as Strikes to Increase His Sentence.**

As explained above, under *Apprendi* and its progeny, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Under Section 667, subdivisions (b) - (i), the fact of a prior serious felony conviction or juvenile true finding significantly increases a person's sentence. The prior conviction exception to the rule of *Apprendi* precludes the need for a jury trial before using an adult prior serious felony conviction to increase a person's sentence. The reasoning behind this exception is that every individual who now has a prior serious felony conviction already had the right to jury trial as to the underlying conduct. Yet, an adult with a juvenile prior was absolutely denied this right.[14] Thus, two groups of adult offenders

---

[14]See Argument II(C), *ante*.

35

– those whose strikes are adult convictions and those whose strikes are juvenile true findings – unjustifiably are treated disparately. This is a denial of equal protection under the law. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.)  No published decision has addressed this particular argument.

Equal protection under state and federal law are substantially equivalent and analyzed in a similar fashion.  (*In re Demertian* (1989) 48 Cal.3d 284, 291-292; *Kenneally v. Medical Board* (1994) 27 Cal.App.4th 489, 495.)  A denial of equal protection occurs where the government treats two similarly situated groups unequally without adequate justification. (*Cooley v. Superior Court* (2002) 29 Cal.4th 288, 253.)

In considering an equal protection challenge, the court first determines whether the two groups at issue are similarly situated. (*People v. Nguyen* (1997) 57 Cal.App.4th 705, 714.)  Precedent exists that juveniles have no right to a jury trial in juvenile court proceedings because juveniles and adults are not similarly situated.  (*In re Eric J.* (1979) 25 Cal.3d 522, 531.) However, such precedent is irrelevant to petitioner's claim because he does not assert he should have had the right to jury trial in his juvenile court proceedings.  Rather, he claims that, because he was not provided the right to jury trial in juvenile court proceedings, his resulting true findings cannot be used *in adult proceedings* as strikes *to increase his adult sentence*.

36

Here, the two groups being compared for equal protection purposes are adults facing Three Strikes sentencing, and thus, are similarly situated. (See *People v. Leng* (1999) 71 Cal.App.4th 1, 13 [adults facing Three Strikes sentencing, where one group committed an offense as a juvenile and one group committed an offense as an adult are similarly situated].) One group is potentially subject to Three Strikes sentencing because of a previous serious felony committed on or after their 18th birthdays or committed between their 16th and 18th birthdays but moved to adult court. The second group is potentially subject to the Three Strikes law because of a previous serious felony committed between their 16th and 18th birthdays, which was prosecuted in juvenile court. Because the only difference between the two groups is the nature of underlying offense, the two groups are similarly situated. (*Ibid.*)

The next question is the appropriate standard of review. Where fundamental rights are at issue, courts must apply strict scrutiny. The rights to jury trial and personal liberty – the rights at issue here – are fundamental rights, and thus, classifications implicating such rights are subject to strict scrutiny. (*People v. Olivas* (1976) 17 Cal.3d 236, 250-251; *Leng, supra,* 71 Cal.App.4th at p. 11.)

37

Under the strict scrutiny standard, the state has the burden to establish a compelling state purpose and that the distinction is necessary and the least restrictive means available to achieving this goal. (*People v. Nguyen, supra,* 54 Cal.App.4th at p. 716.) The purpose of the Three Strikes law is to provide longer sentences for people with histories of serious or violent felonies. (*Leng, supra,* 71 Cal.App.4th at pp. 12-13.) Denying adults with juvenile priors the right to jury determinations of guilt as to the juvenile priors is not necessary nor narrowly tailored to attaining this goal of longer sentences for people *who actually committed* serious or violent felonies in the past. (See *ibid.* [denying determination of whether prior juvenile assault was serious does not further purpose of Three Strikes law and is not narrowly tailored to it].)

Also worth noting is that the state need not change the juvenile system to uphold constitutional protections, unless it so chooses. It merely must provide *adults* facing sentences under the Three Strikes law the right to jury trial of the truth of the underlying conduct from the juvenile case. Accordingly, even assuming arguendo that providing only court trials in the juvenile system is a second compelling state interest,[15] denying adults jury

---

[15]Petitioner contends the interests of the juvenile system are irrelevant to the question at hand of the necessary process in adult cases. Further, as explained in the previous argument, it is not clear that having no

38

trials before taking their liberty away for life is not necessary nor narrowly tailored to achieving this state purpose.

Thus, petitioner was unjustifiably denied a jury trial when similarly situated individuals, with priors from age 18 instead of 16 or also with priors from age 16 but which were handled in adult court, had the right to jury trial. As a result, he was denied his right to equal protection under the law.

### E. Petitioner Is Entitled to Relief Because His Sentence Was Illegal And a Clear and Fundamental Violation of His Constitutional Rights.

Petitioner's sentence was unauthorized because the trial court relied upon juvenile priors, for which he had no right to jury trial, as strikes to enhance his sentence. A sentence is unauthorized or invalid if "it could not lawfully be imposed under any circumstances in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Given that petitioner never was afforded the right to a jury determination that he committed the underlying conduct in the allegations beyond a reasonable doubt, as required,[16] his sentence enhanced by such facts "could not lawfully be imposed under any circumstances in the particular case." (See *ibid.*)

---

jury trials is a compelling interest in juvenile cases. (See Argument II, pp. 31-32, *ante.*)

[16]See Argument II(C) & II(D), *ante.*

39

Case law has established that a sentence is unauthorized when a court fails to impose a statutorily mandated punishment enhancement, including increased punishment pursuant to the Three Strikes Law. (*People v. Miles* (1996) 43 Cal.App.4th 364, 368-370; *People v. Price* (1986) 184 Cal.App.3d 1405, 1409-1410.) It follows, therefore, that a sentence also is unauthorized when a court imposes an enhanced sentence under the Three Strikes Law when constitutionally prohibited to do so. The requirement that the sentence "could not lawfully be imposed under any circumstances in the particular case" means that the sentence could not be imposed given the established facts in the particular case. Here, the judge had no power to sentence petitioner to a Three Strikes term without a jury finding of the truth of the underlying juvenile conduct or petitioner's knowing and voluntary waiver of the right to jury trial.

Petitioner recognizes that a person who enters into a plea bargain for an illegal sentence generally is estopped from attempting to later request a second benefit of the bargain on appeal. (See *People v. Jones* (1989) 210 Cal.App.3d 124,136.) However, this general rule only applies to situations in which a defendant knowingly, intelligently, and expressly consented to the illegal sentence in exchange for a benefit. (*People v. Velasquez* (1999) 69 Cal.App.4th 503, 506; e.g., *People v. Jones*, at pp. 133-134; *People v.*

40

*Otterstein* (1987) 189 Cal.App.3d 1548, 1552.)  Here, though, the record

makes clear there was no voluntary and knowing consent.  In fact, petitioner

did the opposite of waiving his right to have a legal sentence; rather, he

litigated the use of his juvenile priors as strikes and reserved his right to

continue litigating the legality of his sentence. (Exhibit I, pp. 3-4.)  Because

the trial court was bound by Court of Appeal decisions, he recognized the

trial court had no power to give him a legal sentence at that time so he

accepted the plea on the condition that he retained the right to litigate the

sentence's legality. (Exhibit C, ¶¶ 2-4; Exhibit D, ¶¶ 4-5.)  Therefore, in this

unusual case, petitioner should not be estopped from broaching the issue he

explicitly reserved for review.

> **F.**    **Even If this Court Concludes Petitioner's Sentence Is
> Authorized, It Should Still Consider the Merits of the
> Current Claim And Order a Non-Strike Sentence Because
> Petitioner Asserts Clear and Fundamental Constitutional
> Errors, And the Only Reason this Claim Was Not Decided
> on Appeal Is that Petitioner Was Denied Effective
> Assistance of Counsel.**

Even if this court were to conclude petitioner's sentence is

authorized, it should still reach the merits of petitioner's current claim and

afford him relief, although the claim technically could have been decided on

appeal. Primarily, this court should decide this claim because it implicates

41

clear and fundamental constitutional errors: rights to jury trial and equal protection.

Second, this court should reach the merits of this claim because this case constitutes a miscarriage of justice. (See *In re Harris, supra,* 5 Cal.4th at pp. 823, 834.)  Petitioner has been denied the benefit of his bargain – the right to continue litigating the constitutionality of the use of his juvenile priors – through no fault of his own. Ineffective assistance of counsel left petitioner without a CPC, and thus, led to the dismissal of his appeal without a decision on the merits of the above claims, which petitioner's attorneys attempted to raise on appeal (Exhibit G).[17]  Since then, petitioner has moved for recall of the remittitur unsuccessfully.  Thus, petitioner's only means for relief is a petition for a writ of habeas corpus.

If this court disagrees that petitioner's sentence is unauthorized but still decides the merits of the current issues for the above reason(s), then it should decide whether the constitutional errors were prejudicial. In the case of federal constitutional error, like the errors claimed here, a petitioner is entitled to relief if the prosecution cannot prove that the error was harmless beyond a reasonable doubt. (*Washington v. Recuenco* (2006) 548 U.S. ___ [126 S.Ct. 2546, 2550, 165 L.Ed.2d 466]; *People v. Sandoval* (2007) 41

---

[17]See Argument IV, *post.*

42

Cal.4th 825, *838; Chapman v. California* (1967) 386 U.S. 18, 24 [87 S.Ct. 824, 17 L.Ed.2d 705].)  As no evidence about the juvenile priors was presented to the trial court, it cannot be said beyond a reasonable doubt that a jury would have found them true beyond a reasonable doubt. Also worth noting is that the aforementioned evidence juries convict less often than judges[18] alone establishes reasonable doubt.  Therefore, this court should replace petitioner's sentence with a legal sentence, i.e., a non-strike sentence, as anticipated by the plea bargain.  At minimum, this court should reverse petitioner's sentence and remand for further proceedings in conformity with petitioner's constitutional rights.

---

[18]See page 32, *ante.*

43

III.    IF THIS COURT DOES NOT REVERSE PETITIONER'S
        SENTENCE, THIS COURT SHOULD PERMIT PETITIONER
        TO WITHDRAW HIS PLEA OF GUILTY BECAUSE HE
        BARGAINED FOR THE RIGHT TO CONTINUE TO
        LITIGATE THE LEGALITY OF USING HIS JUVENILE
        PRIORS AS STRIKES AND HE HAS BEEN DENIED THIS
        RIGHT, RENDERING THE PLEA INVOLUNTARY AND
        UNKNOWING.

A.      **Background of Prior Proceedings.**

Petitioner entered a plea on March 17, 2004. He only agreed to

plead guilty and be sentenced to a life term because of the promise he could

continue to litigate the constitutionality of the use of his juvenile priors to

enhance his sentence. (Exhibit C, ¶¶ 2, 3; Exhibit D, ¶¶ 3-5.) This

condition for his plea is clear in the record of the plea:

> BOYCE: And, Your Honor, I will say for the record, I don't
> think I need to say it, but as far as he is admitting that he has
> had two juvenile – the two juvenile true findings and strikes,
> but he doesn't waive any of his constitutional rights to
> challenge those under Apprendi or the United States
> Constitution.
> THE COURT: Correct. That's my understanding. You are
> not waiving your right to challenge the constitutionality of the
> priors. Your are admitting them now. Understand that's part
> of the sentence?
> DEFENDANT HAYES: Yes.
> THE COURT: But you intend later to challenge on
> constitutional ground. All right.

(Exhibit A, p. 4 (RT 21).) Prior to the sentencing hearing, Boyce filed a

motion to strike the use of petitioner's juvenile priors as strikes under

*Apprendi* and the Sixth Amendment. (Exhibit B, pp. 3-11 (CT 26-34).) The

44

court denied this motion, but found that petitioner had preserved the issue

for future litigation. (Exhibit A, p. 9 (RT 27).)

Boyce promised petitioner he would file the necessary notice of

appeal to perfect an appeal on the constitutionality of the use of his priors.

Boyce in fact filed a notice of appeal, but he failed to request a CPC.

(Exhibit B, pp. 13-14 (CT 52-53); Exhibit C, ¶ 5; Exhibit D, ¶ 6.) As a

result, this court dismissed the appeal because petitioner was procedurally

prohibited from raising these issues without a CPC. However, it found that

petitioner had preserved the issues for future litigation. (Exhibit I.) Neither

Boyce nor the attorney who replaced him, Rand, requested a CPC while the

appeal was pending.

After the dismissal of the appeal, another attorney, Johnson, filed a

petition for writ of habeas corpus in the superior court requesting recall of

the remittitur and a CPC. The superior court denied this petition and

directed petitioner to this court. (Exhibit M.) This court denied the motion

to recall the remittitur without prejudice to file a petition for a writ of

habeas corpus. (Exhibit N.)

### B.    To be Valid, a Plea Must be Knowing, Voluntary, and Intelligent.

A plea is valid only if it is the result of a voluntary and intelligent

decision on the part of a defendant. A defendant must have had a "full

awareness of the relevant circumstances." (*People v. McCary* (1996) 166 Cal.App.3d 1, 9; see U.S. Const., 5[th] & 14[th] Amends.; *Brady v. United States* (1970) 397 U.S. 742, 755 [90 S. Ct. 1463, 25 L. Ed. 2d 747]; Cal. Const., art. I, § 7.) This full awareness includes the "actual value of any commitments made to him by the court, prosecutor, or his counsel, . . ." (*Brady*, at p. 755.) When a court determines that a plea was not knowing, voluntary, and intelligent, it should invalidate the plea, if it is reasonably probable that the defendant would not have pleaded guilty if the defendant had the omitted information. (*People v. McMillon* (1992) 2 Cal.App.4th 1363, 1370.)

More specifically, where a plea is induced by "misrepresentations of a fundamental nature," the defendant must be permitted the opportunity to withdraw his plea because such plea is based on an illusory promise. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896; see *Brady, supra*, 397 U.S. at p. 755.) One example of a "misrepresentation of a fundamental nature" is where a court promises the right to appeal an issue to a defendant when such promise is beyond its power. (E.g., *DeVaughn*, at p. 896; *People v. Hollins* (1993) 15 Cal.App.4th 567, 571-575; *People v. Coleman* (1977) 72 Cal.App.3d 287, 292-293; *People v. Meals* (1975) 49 Cal.App.3d 702, 709.)

Here, petitioner's plea was not voluntary, knowing, and intelligent, because he did not know he would be denied the benefit of his bargain that was necessary to his decision to enter a plea and receive a life sentence – the right to continue litigating the constitutionality of the use of his juvenile priors as strikes.

**C.    Petitioner's Plea Was Not Voluntary, Knowing, And Intelligent Because He Did Not Know He Would be Prohibited from Challenging the Use of his Juvenile Priors as Strikes, as Promised.**

A central portion of petitioner's plea bargain, which provided for a stipulated life sentence, was the benefit of being permitted to litigate the constitutionality of the court's reliance on his prior juvenile true findings as strikes. The transcripts of the plea and sentencing hearings make clear that petitioner always intended to seek review of such claims. (Exhibit A, pp. 4, 9 (RT 21, 27); Exhibit I, pp. 3-4.) Additionally, no question exists that trial counsel advised petitioner, before petitioner entered his plea, that he could and would raise the juvenile priors issues on appeal. But for this promise, petitioner would have gone to trial. (Exhibit C, ¶¶ 2, 3; Exhibit D, ¶¶ 3, 4, 5, 7.)

Yet, petitioner never received this benefit due to no fault of his own. Because ineffective assistance of counsel led to the dismissal of his appeal

47

and his requests to recall the remittitur have been unsuccessful, petitioner

has been denied his right to challenge the juvenile priors as promised – the

benefit of his plea bargain in exchange for a guilty plea and life sentence.

 The current case is comparable to the common situation where

defendants' plea bargains were induced by the illusory promise they could

appeal issues that were not appealable.  (See *DeVaughn, supra* 18 Cal.3d at

p. 896; *Hollins, supra,* 15 Cal.App.4th at pp. 571-575; *Coleman, supra,* 72

Cal.App.3d at pp. 292-293; *Meals, supra,* 49 Cal.App.3d at p. 709.)  In

those cases, the defendants were allowed to withdraw their pleas because

their consideration was illusory. (*DeVaughn,* at p. 896; *Hollins,* at pp. 571-

575; *Coleman,* at pp. 292-293; *Meals,* at p. 709.)  Here, although the issue

was technically appealable, the error is effectually the same because, like

the defendants in those cases, petitioner agreed to plead guilty under the

false belief he would be permitted to appeal a particular issue. Regardless of

the fact that the misrepresentation resulted from his attorney's

ineffectiveness in failing to perfect his appeal, as opposed to the court's

ineffectiveness, petitioner's plea is equally illusory. Significantly, the plea

was illusory due to the actions of an officer of the court, rather than the

defendant himself. (See *People v. Mancheno* (1982) 32 Cal.3d 855, 860.)

48

Similarly, petitioner's plea was not knowing, voluntary, and intelligent because he was unaware of the "actual value of any commitments made to him." (See *Brady, supra,* 397 U.S. at p. 755; *McCary, supra*, 166 Cal.App.3d at p. 9.)  He did not know the promise he could challenge the use of his juvenile priors in the Court of Appeal, Supreme Court, and federal court would be denied to him because his attorney failed to perfect his appeal.  This ineffective assistance of counsel rendered the plea bargain illusory and therefore unknowing and involuntary.

**D.**   **Petitioner Should Automatically be Permitted the Opportunity to Withdraw His Plea Due to the Illusory Promise in His Plea, But Even If a Prejudice Showing is Required, Sworn Declarations from Trial Counsel And Petitioner Establish It Is Reasonably Probable Petitioner Would Not Have Pleaded Guilty Had He Known He Would Not be Permitted to Challenge the Constitutionality of Using His Prior Juvenile True Findings As Strikes.**

Where a court finds that a defendant's plea was induced by an illusory right to appeal, it automatically should afford the defendant the opportunity to withdraw his plea. (E.g., *DeVaughn, supra* 18 Cal.3d at p. 896; *Hollins, supra,* 15 Cal.App.4th at p. 575; *Coleman, supra*, 72 Cal.App.3d at p. 293; *Meals, supra,* 49 Cal.App.3d at p. 709 [reason was illusory plea].)  This court should allow petitioner to withdraw his plea.

49

Even if this court deems a prejudice analysis appropriate under the more general laws regarding knowing and intelligent pleas, petitioner is entitled the same remedy. Both petitioner and petitioner's trial counsel declare, under penalty of perjury, that petitioner would not have pleaded guilty without the right to challenge the constitutionality of using his juvenile priors as strikes. (Exhibit C, ¶ 3; Exhibit D, ¶ 5.) Petitioner had refused to plead guilty until given this promise. (Exhibit C, ¶ 3; Exhibit D, ¶ 5.) Further, Boyce would have advised petitioner against pleading guilty if the bargain did not include this promise. (Exhibit C, ¶ 3.)

Also worth noting is the significance of the issue. Prevailing on the issue would necessitate a determinate rather than life sentence because petitioner's life sentence was only valid because the trial court found petitioner had two strikes based on two juvenile priors. If petitioner's juvenile priors could not be used as strikes to increase his sentence, then petitioner faced a three, six, or nine year determinative prison term under section 213. Accordingly, it was reasonable for petitioner to deem continued litigation so important that it would make or break the plea deal.

Therefore, the evidence establishes it was at least reasonably probable that petitioner would not have pleaded guilty if he knew he would not actually be permitted to challenge the use of his juvenile priors as

50

strikes in later proceedings. (See *McMillon, supra,* 2 Cal.App.4th at p.

1370.)  This court should give petitioner the opportunity to withdraw his

plea.

IV.    **IF THIS COURT DOES NOT REVERSE PETITIONER'S SENTENCE, IT SHOULD PERMIT PETITIONER TO WITHDRAW HIS PLEA BECAUSE HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN SECURING HIM THE BENEFIT OF HIS BARGAIN.[19]**

A.    **Standard for Ineffective Assistance of Counsel.**

Criminal defendants have the right to effective assistance of counsel under the Sixth Amendment of the United States Constitution. (*Powell v. Alabama* (1932) 287 U.S. 45, 66 [53 S.CT. 55, 77 L.Ed 158].) This right applies to the states through the Fourteenth Amendment. (*Cuyler v. Sullivan* (1980) 446 U.S. 335, 343-344 [100 S.CT. 1708, 64 L.Ed. 333].) Likewise, the California Constitution, Article I, section 15, also guarantees the right to effective assistance of counsel. (*People v. Nation* (1980) 26 Cal.3d 169, 178.)

A claim of ineffective assistance of counsel is established by primarily showing that "trial counsel failed to act in the manner to be expected of reasonably competent attorneys acting as diligent advocates" and such questionable conduct was not strategic. (*People v. Lewis* (1990) 50 Cal.3d 262, 288; accord, *Strickland v. Washington* (1984) 466 U.S. 668, 688-690 [104 S.Ct. 2052, 80 L.Ed.2d 674].) Secondly, the deficient

_____

[19]Please see "Background of Prior Proceedings" from Argument III, *ante*. It equally applies to the current argument.

52

performance of counsel must have caused prejudice, or "a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a

probability sufficient to undermine confidence in the outcome." (*Strickland*,

at p. 694; accord, *Lewis*, at p. 288.)

Although review of counsel's performance is deferential,

"'[d]eference is not abdication' [citation]; it must never be used to insulate

counsel's performance from meaningful scrutiny and thereby automatically

validate challenged acts or omissions.  Otherwise, the constitutional right

to the effective assistance of counsel would be reduced to form without

substance." (*People v. Ledesma* (1987) 43 Cal.3d 171, 217.)  In the present

case, it is clear counsel was ineffective because he failed to perfect

petitioner's right to appeal the use of petitioner's juvenile priors as strikes,

and thus, caused petitioner to be denied the benefit of his bargain.

> **B.**     **Petitioner is Entitled to Relief Because: 1) His Attorneys Acted Below the Level of An Objectively Reasonable Attorney in Failing to Secure the Benefit of Petitioner's Bargain; And 2) Had They Acted Effectively, Petitioner Would Have Received a More Favorable Result.**

In the instant case, Boyce admits he expressly advised petitioner that

if petitioner pleaded guilty, then after his plea, petitioner could appeal the

constitutionality of the use of prior juvenile true findings as strikes.

Petitioner only agreed to plead guilty because of this promise. (Exhibit C, ¶¶ 2, 3.) Also, the record makes clear that petitioner's plea bargain was conditioned on his right to appeal the constitutionality of using the juvenile true findings as strikes (Exhibit A, pp. 4, 8-9 (RT 21, 26-27)), as the Court of Appeal concluded before dismissing petitioner's appeal (Exhibit I, pp. 3-4). Boyce further admits he promised petitioner he would file the notice of appeal for him, in order to secure him the right to challenge the use of his juvenile priors as strikes. (Exhibit C, ¶ 5.) Yet, petitioner never received the review he was promised because Boyce failed to file the necessary CPC request to secure petitioner the right to raise the issues on appeal. Due to Boyce's failure to secure a CPC, the Court of Appeal dismissed petitioner's appeal (Exhibit I, pp. 4-5).

It was unreasonable for Boyce to fail to request a CPC. He should have known a CPC was necessary, as Section 1237.5 and rule 8.304(b) make clear that a CPC is needed any time the defendant challenges the plea. Case law makes clear that any challenge to a stipulated sentence is a challenge to the plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 71; *People v. Enlow* (1998) 64 Cal.App.4th 850, 853-854.) Therefore, in this case with a stipulated sentence, Boyce's failure to request a CPC was unreasonable.

54

(See *Strickland, supra,* 466 U.S. at p. 688; *Lewis, supra,* 50 Cal.3d at p. 288.) The district attorney agrees. (Exhibit L, p. 2.)

Further, as Boyce himself admits, Boyce's omission was not tactical, but rather a result of his lack of knowledge that a CPC was necessary to perfect the appeal. Boyce filed the notice of appeal with the intention of allowing petitioner to litigate the juvenile priors as promised. (Exhibit C, ¶¶ 5, 7.) Boyce even noted on the notice of appeal form that petitioner planned to raise a constitutional challenge to the use of juvenile priors as strikes. (Exhibit B, p. 13 (CT 52).)

Also worth noting is that, in light of Boyce's promise and actions in filing a notice of appeal, petitioner certainly was reasonable to rely on Boyce to do what was necessary to perfect an appeal that would permit review of the constitutionality of juvenile priors as strikes. As a CPC was necessary for such an appeal, petitioner was reasonable to rely on counsel to request one. (See *Roe v. Flores-Ortega* (2000) 528 U.S. 470, 477 [120 S.Ct. 1029, 145 L.Ed.2d 985]; *In re Chavez* (2003) 30 Cal.4th 643, 657-658 [a certificate of probable cause is a notice of appeal]; *In re Benoit* (1973) 10 Cal.3d 72, 87-88.)

55

In fact, under the unique circumstances of the current case, Boyce not only provided ineffective assistance of counsel by not initially securing a CPC. Also, because the Attorney General's respondent's brief put Boyce and the attorney who replaced Boyce, Rand, on notice of the deficiency, both additionally were ineffective for not bringing a motion or writ petition to amend the notice of appeal to request a late CPC (Exhibit C, ¶¶ 6, 7; Exhibit H; ¶¶ 3, 4, 5). (See *Roe, supra,* 528 U.S. at pp. 477, 484; *Strickland, supra,* 466 U.S. at pp. 688, 694; *Chavez, supra,* 30 Cal.4th at p. 657; *Benoit, supra,* 10 Cal.3d. at pp. 87-88.)

The prejudice in this case is plain: Had petitioner been afforded competent counsel, the result for him would have been more favorable because he would have received the benefit of an appeal promised to him. (See *Strickland, supra,* 466 U.S. at p. 694; *Lewis, supra,* 50 Cal.3d at p. 288.) Had counsel requested a CPC, it would have been granted for two reasons. First, a trial court must grant a CPC request, regardless of its belief of the merits of the claim, if at least one asserted contention for appeal is not clearly frivolous. (*People v. Ribero* (1971) 4 Cal.3d 55, 62, 63, fn. 4.) As explained in Argument II, *ante,* the constitutional issue regarding the use of juvenile priors to increase adult sentences is currently on review in the Supreme Court. (*People v. Nguyen* (2007) 152 Cal.App.4th 1205, review

56

granted October 10, 2007, S154847.) The Ninth Circuit Court of Appeal

also has come to the same conclusion. (*Tighe, supra,* 266 F.3d at pp. 1189,

1194.) Accordingly, and for the reasons outlined in Argument II, *ante,* the

issue was clearly not frivolous. The District Attorney conceded this point.

(Exhibit L, p. 3.)

Second, the trial court would have granted the CPC request in light

of the fact petitioner was promised the right to litigate use of his priors,

requiring a CPC, as part of his plea bargain.  Denying a CPC impermissibly

would have violated petitioner's plea bargain. (See *Mancheno, supra,* 32

Cal.3d at p. 860.)

Therefore, this court should give petitioner the opportunity to

withdraw his plea because he was denied ineffective assistance of counsel

and the benefit of his bargain.  (See U.S. Const., 6th and 14th Amends.; Cal.

Const., art I, § 15; *Strickland, supra,* 466 U.S. at pp. 688, 694; *Lewis, supra,*

50 Cal.3d at p. 288.)

## CONCLUSION

For the aforementioned reasons, petitioner's sentence is unauthorized, his plea of guilty was not knowing and voluntary, and petitioner was denied effective assistance of counsel.  Thus, this court should issue a writ of habeas corpus or an order to show cause, before reversing petitioner's sentence due to his unauthorized and unconstitutional sentence or at least giving petitioner the opportunity to withdraw his guilty plea.  (People v. Duvall (1995) 9 Cal.4th 464, 474-475; People v. Romero (1994) 8 Cal.4th 728, 740.)

Dated: July 20, 2008          Respectfully Submitted:


_Levert Hayes JR._
Levert Hayes, Jr.
Petitioner in pro se

58

## CERTIFICATION OF WORD COUNT

I, Levert Hayes, Jr., hereby certify that, prior to my making a small number of nonsubstantive changes, the instant petition was simply the petition my appointed appellate counsel presented to the state court of appeal; in that original version she certified that according to the computer program she used to prepare that document the petition contained 12,254 words.

I now state that while I do not know the exact count, I reasonably believe the word count of the current petition is very close to the same number 12,254 words, give or take no more that 250 words either way.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed July 20, 2008, at Ironwood State Prison, in Riverside County, Blythe, California 92225.


*Levert Hayes JR.*
Levert Hayes, Jr.,
Petitioner in pro se

EXHIBIT A

PAGE I

Court of Appeal of the State of California

Fourth Appellate District

Division One

**COPY**

| | |
|---|---|
| The People of the State of California, | ) Court of Appeal |
| Plaintiff and Respondent, | ) No.: DO |
| | ) Superior Court |
| vs. | ) No.: SCD 176819 |
| Levert Hayes, Jr., | ) |
| Defendant and Appellant. | ) Change of Plea and Sentencing |

From the Superior Court of San Diego County

Honorable Laura Palmer Hammes, Judge

Reporter's Transcript on Appeal

March 17, 2004
June 24, 2004

Appearances:

For the Plaintiff and Respondent:

Bill Lockyer,
Attorney General,
State of California
110 West A Street
Suite 1100
San Diego, California 92101

For the Defendant and Appellant:

In Propria Persona

Traci Lynette Foster, CSR 8614, RMR
Official Court Reporter
San Diego Superior Court

1  plea.

2          All right.  I'm sorry, sir.  I've got to get

3  back on track.  You've been sworn in; correct?  All right.

4  Would you state your full name.

5          DEFENDANT HAYES:  Levert Hayes, Jr.

6          THE COURT:  And I'm going to show you the change

7  of plea form I've been given.  Can you see the first page?

8          DEFENDANT HAYES:  Yes.

9          THE COURT:  Okay.  And I'll show you Page 2 and

10  Page 3.  Are those your initials and signature?

11          DEFENDANT HAYES:  Yes.

12          THE COURT:  And did you initial each of the

13  boxes and sign the signature -- your signature at the end

14  to acknowledge you've gone over the change of plea line by

15  line?

16          DEFENDANT HAYES:  Yes.

17          THE COURT:  Do you feel that you had enough time

18  to discuss everything on it with your counsel?

19          DEFENDANT HAYES:  Yes.

20          THE COURT:  Okay.  You discussed this also with

21  your family, I understand; is that correct, sir?

22          DEFENDANT HAYES:  Yes.

23          THE COURT:  This is tough.  If you want to stop

24  in the middle, I'll do that, okay, just let me know.

25          I'm going to go over what the terms of the

26  stipulated agreement are first.  This indicates you'll be

27  pleading guilty to Count 1, which is the robbery, you'll be

28  admitting the inhabited dwelling house allegation and the

1   voluntarily acting in concert allegation.

2           DEFENDANT HAYES:  Yes.

3           THE COURT:  And you'll also admit there are two

4   strike priors.  These are juvenile priors.  The stipulated

5   sentence would be 25 to life.  The district attorney is

6   dismissing all of the other charges and allegations against

7   you.

8           Do you want to take a few minutes?

9           DEFENDANT HAYES:  I'm ready.

10          THE COURT:  Are you sure?

11          DEFENDANT HAYES:  Yes.

12          THE COURT:  Okay.  Is this the plea agreement as

13  you understand it?

14          DEFENDANT HAYES:  Yes.

15          THE COURT:  Okay.  Have any other promises or

16  rewards been given to you or promised to you to get you to

17  enter this plea other than what I've stated?

18          DEFENDANT HAYES:  No, ma'am.

19          THE COURT:  I understand you've talked at length

20  with your counsel about what might have happened at trial

21  if you went to trial and what your prospects were.  Is that

22  correct?

23          DEFENDANT HAYES:  Yes.

24          THE COURT:  Okay.  Do you feel that you've

25  understood everything that he's said to you and you've

26  taken all that into consideration in this plea?

27          DEFENDANT HAYES:  Yes.

28          THE COURT:  Okay.

```
 1              MR. BOYCE:  And, Your Honor, I will say for the
 2   record, I don't think I need to say it, but as far as he is
 3   admitting that he has the two juvenile -- the two juvenile
 4   true findings and strikes, but he doesn't waive any of his
 5   constitution rights to challenge those under Apprendi or
 6   United States Constitution.
 7              THE COURT:  Correct.  That's my understanding.
 8   You are not waiving your right to challenge the
 9   constitutionality of the priors.  You are admitting them
10   now.
11              Understand that's part of the sentence?
12              DEFENDANT HAYES:  Yes.
13              THE COURT:  But you intend later to challenge on
14   constitutional ground.  All right.
15              You understand that when you enter this plea
16   that there are certain rights you give up, among those are
17   your right to a speedy and public trial by jury, the right
18   to confront and cross-examine all the witnesses against
19   you, your right to remain silent or to testify as you
20   choose at your trial, and your right to present evidence in
21   your own behalf and to have the court bring in your
22   witnesses for you.  And you have those same rights with
23   respect to a separate trial on the priors.  Do you
24   understand all those rights?
25              DEFENDANT HAYES:  Yes.
26              THE COURT:  Do you now give up those rights to
27   enter your plea of guilty?
28              DEFENDANT HAYES:  Yes.
```

1    THE COURT:  And there are certain collateral

2  consequences -- again I've mentioned this with respect to

3  the other gentlemen -- on Page 2, and I'm pointing to them

4  on Page 2, the collateral consequences of this type of

5  plea.  Do you understand those as well?

6    DEFENDANT HAYES:  Yes.

7    THE COURT:  Okay.  Do you have any questions

8  before I take your plea?

9    DEFENDANT HAYES:  No, ma'am.  No.

10    THE COURT:  Then I'll go through each of the

11  charges now as follows:  What is your plea to the charge in

12  Count 1 that on or about August 20th, 2003, you did

13  unlawfully and by means of force and fear take personal

14  property from the person, possession, and immediate

15  presence of another, in violation of Penal Code Section

16  211?  Guilty or not guilty?

17    DEFENDANT HAYES:  Guilty.

18    THE COURT:  And do you admit the further

19  allegation that this offense was perpetrated in an

20  inhabited dwelling house, making the offense robbery in the

21  first degree, within the meaning of Penal Code Section

22  212.5(a)?

23    DEFENDANT HAYES:  Yes.

24    THE COURT:  Is that admit?

25    DEFENDANT HAYES:  I admit, guilty.

26    THE COURT:  And do you further admit the

27  allegation that this offense was committed while

28  voluntarily acting in concert with two or more other

PAGE 5

1    persons and while the offense was perpetrated in an

2    inhabited dwelling house, making the offense robbery in the

3    first degree, within the meaning of Penal Code Section

4    213(a)(1)(A)?  Admit or deny?

5         DEFENDANT HAYES:  I admit.

6         THE COURT:  And I will turn now to the strike

7    priors.  Do you admit the strike priors that under Penal

8    Code Section 667(b) through (i), 1170.12, and 668 that you

9    had suffered the following prior convictions or juvenile

10   adjudications which are now serious or violent felonies

11   under California law, to wit, robbery, Penal Code Section

12   211.  A true finding made June 20th, 1996, in Court No.

13   J92214 in the San Diego juvenile court.  Do you admit that

14   prior true finding as a strike prior?

15        DEFENDANT HAYES:  Yeah, I admit.

16        THE COURT:  And do you admit a separate and

17   independent true finding for another charge of Penal Code

18   Section 211, which is robbery; date of the true finding,

19   June 20th, 1996, in J92214; case number again, and this was

20   in the San Diego juvenile court.  These would have been

21   independent charges for different instances.

22        DEFENDANT HAYES:  I admit.

23        THE COURT:  All right.  Now, is it, in fact,

24   true that on August the 20th of 2003 that you did enter a

25   home in concert with two or more other persons and commit a

26   robbery, that is, stealing by force and fear from some

27   person in the residence?  Is that, in fact, true?

28        DEFENDANT HAYES:  Yes.

PAGE 6

1         THE COURT: And is it, in fact, true that you

2 had those juvenile true findings which were considered as

3 convictions for strike purposes and they were serious or

4 violent felonies?

5         DEFENDANT HAYES: Yes.

6         THE COURT: Okay. I find a factual basis for

7 the change of plea; that there is a knowing, intelligent,

8 and voluntary waiver of constitutional rights with an

9 understanding of the nature of the charges and the possible

10 consequences in this case.

11         And, Counsel, just for the record, I know you

12 have spent a lot of time talking to Mr. Hayes, and do you

13 concur in the waiver of constitutional rights?

14         MR. BOYCE: Yes, I do, Your Honor.

15         THE COURT: All right. With that, I have

16 accepted the plea.

17         Is there a People's motion?

18         MS. URRUTIA: People would dismiss the balance

19 of the Amended Information in light of the plea.

20         THE COURT: That motion is granted and in

21 furtherance of justice and in view of the plea.

22         And we'll set all these matters for sentencing

23 on May the 14th at 8:45 in this department.

24         Very well. Thank you.

25         THE CLERK: Your Honor, as to bail.

26         THE COURT: Bail is -- without bail on each

27 defendant.

28         MS. URRUTIA: Your Honor, before we leave, we

1    San Diego, California; Thursday, June 24, 2004; 8:57 a.m.

2                         * * *

3                    THE COURT:  Good morning, Counsel, ladies and

4    gentlemen.  This is the matter of People versus Levert

5    Hayes, Jr.

6                    MS. URRUTIA:  Anne Marie Urrutia appearing on

7    behalf of the People.

8                    MR. BOYCE:  Good morning, Your Honor.  Robert

9    Boyce for Mr. Hayes, who is present in custody.

10                   DEFENDANT HAYES:  Good morning.

11                   THE COURT:  This is the morning that is set for

12   sentencing for Mr. Hayes.  This is a stipulated sentence,

13   and so the Court really has no leeway in this matter with

14   respect to the sentencing.

15                   But I have read and considered the defendant's

16   motion to strike the defendant's prior juvenile

17   adjudication under Apprendi and the Sixth Amendment to the

18   United States Constitution.  And I've also read the report

19   that was provided to me from Dr. DiFrancesca from her

20   psychological evaluation of the defendant.  I've also read

21   the defendant's sentencing memorandum and the probation

22   officer's report in this matter.

23                   And tentatively, of course, it would be the

24   Court's position to impose the stipulated term and also to

25   overrule the motion to strike the strikes.  Based on that,

26   let me turn to the defense.

27                   Mr. Boyce.

28                   MR. BOYCE:  Yes, Your Honor.  We're aware that

1  it is a stipulated sentence.  However, we are preserving

2  the issue as far as the strikes are concerned.  Under the

3  Sixth Amendment and Apprendi, both prohibit the use of

4  prior juvenile true findings, we believe, as use of a

5  strike because there was no right to a jury trial.  And

6  especially in this case both strikes were true findings

7  based on the judge's finding rather than an admission by

8  Mr. Hayes.

9          I would note in the courtroom today is

10  Mr. Hayes's family.  His mother, father, three of his

11  aunts, his wife, and his cousin are present, Your Honor.

12          THE COURT:  Thank you.

13          I don't know if Mr. Fowler is present.  Is

14  Mr. Fowler here?

15          SPEAKER FROM THE AUDIENCE:  He's over in Iraq.

16          THE COURT:  I did read his letter.  I was quite

17  impressed with it.  Okay.

18          And Ms. Urrutia.

19          MS. URRUTIA:  I have nothing to add, Your Honor.

20          THE COURT:  Okay.  Clearly, the defense has

21  preserved this issue for the appeal, and it may be that, as

22  the courts take a different view of the three strikes law,

23  that even the issue on the juvenile adjudications will

24  change as well.  So I will make that comment for the

25  record.

26          I would like to speak briefly to the family.  I

27  could sense in Mr. Fowler's letter a great sense of guilt

28  over a personal feeling that the family could have done

# EXHIBIT B

# COURT OF APPEAL – STATE OF CALIFORNIA
## FOURTH APPELLATE DISTRICT

(California Rules of Court, Rules 9, 32)

COPY

PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff & Respondent

vs.

LEVERT HAYES, JR.

Defendant & Appellant

**FROM SAN DIEGO COUNTY**

HON. LAURA P. HAMMES

**JUDGE**

NO.

# CLERK'S TRANSCRIPT
## VOLUME 1 of 1

BILL LOCKYER, ATTY. GENERAL
STATE OF CALIFORNIA
110 WEST "A" STREET
SAN DIEGO, CA 92101
BY:     DEPUT.    Y.

Attorney for Plaintiff &
RESPONDENT

Attorney for Defendant &
APPELLANT

TO DCA:
TO ATTORNEY GENERAL:
TO ATTORNEY:

SDSC APL-48CRM(Rev. 2-04)

PAGE 1

SCD

176819   DA ABA 418 -Ø1     **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

*Change of Plea*

DATE 3-17-04   AT 10 00 AM.

PRESENT: HON LAURA P HAMMES     JUDGE PRESIDING DEPARTMENT 37

CLERK Holly Saenz     REPORTER TRAci FOSTER     CSR# 8614
REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128

THE PEOPLE OF THE STATE OF CALIFORNIA     G WALDEN / AM Urrutia
VS.     DEPUTY DISTRICT ATTORNEY

HAYES, LeVeRt     R Boyce RET
DEFENDANT     ATTORNEY FOR DEFENDANT (PD/APD/PC/RETAINED)

VIOLATION OF   Ct1 PC 211 First degree
Allegation PC 212.5 / 213 (a)(1)(A)  INTERPRETER _____ OATH ON FILE/SWORN
PRIORS- STRIKE PRIORS     LANGUAGE _____

DEFENDANT ☒ PRESENT ☐ NOT PRESENT.   TRIAL DATE _____   LATEST INFO./INDICT. FILED _____
☐ CASE NOT NEGOTIABLE, TRIAL DATE IS CONFIRMED. ☐ TRIAL DATE REMAINS AS SET/VACATED. ☐ READINESS ☐ MOTIONS REMAIN AS SET/VACATED.

**R** ☒ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. ☒ DEFT. SWORN & EXAMINED. ☒ DEFENDANT WITHDRAWS "NOT GUILTY" PLEA AND NOW PLEADS
**E** ☒ GUILTY ☐ NOLO CONTENDERE TO:
**A** Ct1 PC 211 First degree
**D**   Allegation PC 212.5(a) / 213(a)(1)(A)
**I** PRIORS - STRIKE PRIORS - X2-PC667(b)-(i) / 668 / 1170 .12
**N** ☐ PEOPLE V. WEST PLEA. ☐ COUNSEL & DEFENDANT STIPULATE TO PRELIMINARY/GRAND JURY TRANSCRIPT AS FACTUAL BASIS OF PLEA.
**E** ☒ ON MOTION OF COURT/DDA/DEFENDANT COUNT(S) Balance _____ REMAINING IS/ARE DISMISSED FOJ/VOP.
**S** ☒ ON MOTION OF COURT/DDA/DEFENDANT ALLEGATION(S)/PRIOR(S) Balance _____ REMAINING IS/ARE STRICKEN FOJ/VOP.
**S**

**C** ☒ DEFENDANT REMANDED TO THE CUSTODY OF SHERIFF ☒ WITHOUT BAIL ☐ WITH BAIL SET AT $ _____.
**U** ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE. ☐ CASE DISMISSED ☐ ACQUITTED. ☐ THIS CASE ONLY.
**S** ☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ _____ ☐ ON OWN/SUPERVISED RECOGNIZANCE.
**T** ☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ _____.
**O**
**D**
**Y**

**F** ☒ DEFT'S WAIVERS: ☒ STATUTORY TIME PRON. JUDGMENT/TRIAL ☐ HARVEY/ARBUCKLE ☐ PRESENCE AT POST-SENTENCE HEARING.
**U** Prob Hrg + Sent   IS SET FOR/CONT'D/TRAILED TO MAY 14, 2004 AT 845 Am
**T** IN DEPARTMENT 37 ON MOTION OF COURT/DDA/DEFENDANT.     DAYS LEFT _____
**HRGS** ☐ READINESS IS SET FOR/CONT'D TO _____ AT _____ IN DEPT. _____ MOTIONS DUE: _____

**W** ☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ _____. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO _____
**A** ☐ BENCH WARRANT ISSUED/ORDERED _____ IS RECALLED/RESCINDED.
**R** ☐ BAIL IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ _____. BOND NO. _____
**R** BOND COMPANY _____ AGENT _____
**B** ☐ BAIL FORFEITURE OF _____ IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ _____ W/IN 30 DAYS.
**O**
**N**
**D**
**S**

**M** ☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON _____ AT _____
**H** IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.
HEARING ON _____ AT _____ IN DEPARTMENT _____.
☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING SHOWN ABOVE.

**P** ☒ REPORT ORDERED: ☒ PRESENTENCE ☐ POST-SENTENCE, COPY TO BE SENT DIRECTLY TO DEPT. OF CORRECTIONS PER PC 1203c.
**R** ☐ DEFENDANT FOUND GUILTY BY ☐ JURY VERDICT ☐ COURT FINDING. ☐ DEFT. WAIVES POST-SENTENCE INTERVIEW.
**O** ☐ DEFT. ORDERED TO REMAIN IN COURTROOM UNTIL INTERVIEWED BY COURT PROBATION OFFICER FOR A LIMITED REPORT.
**B** ☐ DEFENDANT REFERRED TO/ORDERED TO REPORT IMMEDIATELY TO PROBATION DEPT. BELOW FOR INTERVIEW:
**R** ☐ 330 W. BROADWAY, 5TH FL, SAN DIEGO ☐ 325 S. MELROSE, VISTA ☐ 1460 E. MAIN, EL CAJON ☐ 1727 SWEETWATER, NATIONAL CITY.
**N**

OTHER:

**PAGE 2**

_____
JUDGE OF THE SUPERIOR COURT

SDSC CR-2C(Rev. 6-99)     **CRIMINAL MINUTES - MISCELLANEOUS**

F I L E D
Clerk of the Superior Court

JUN 1 0 2004

By: H. SAENZ, Deputy

1   ROBERT E. BOYCE
    State Bar No. 79806
2   Attorney at Law
    934 23rd Street
3   San Diego, CA  92102
    619/232-3320
4
    Attorney for Defendant
5   LEVERT HAYES, JR.
6
7
8               SUPERIOR COURT OF THE STATE OF CALIFORNIA
9               IN THE FOR THE COUNTY OF SAN DIEGO

10  PEOPLE OF THE STATE OF          )   CASE NO. SCD 176819
    CALIFORNIA,                     )
11                                  )
                 Plaintiff,         )   MOTION TO STRIKE DEFENDANT'S
12                                  )   PRIOR JUVENILE ADJUDICATION
    v.                              )   UNDER *APPRENDI* AND THE SIXTH
13                                  )   AMENDMENT TO THE UNITED STATES
    LEVERT HAYES, JR.,              )   CONSTITUTION
14                                  )
                                    )
15               Defendant.         )
                                    )
16  _____)

17        THE UNITED STATES CONSTITUTION BARS USE OF A
          JUVENILE ADJUDICATION OBTAINED IN A PROCEEDING
18        WHERE THE DEFENDANT LACKED THE RIGHT TO JURY
          TRIAL TO ENHANCE A SENTENCE BEYOND THE MAXIMUM
19        PERMITTED FOR THE CURRENT CRIME[1]

20        The following argument is based on Justice Johnson's dissent

21  in *Smith* and Justice Rushing's dissent in *Lee*.

22        In this case, Mr. Hayes has admitted he has two prior "true

23  findings" by a juvenile court judge without a jury for robbery

24  _____

25  [1]

26        Defendant recognizes the California Courts of Appeal
    have held to the contrary.  (E.g., *People v. Smith* (2003,
27  6th Dist.) 110 Cal.App.4th 1072; *People v. Lee* (2003, 2nd
    Dist.) 111 Cal.App.4th 1310; *People v. Bowden* (2002, 4th
28  Dist.) 102 Cal.App.4th 387; *People v. Fowler* (1999, 5th
    Dist.) 72 Cal.App.4th 581.)

                          -1-                    PAGE 3

0027

1   (Pen. Code § 211) as a juvenile.

2       Because the defendant did not have the right to a trial by

3   jury in the juvenile court proceedings, the use of defendant's

4   prior juvenile adjudications to increase defendant's sentence under

5   the "Three Strikes" law violates the United States Supreme Court

6   decision in *Apprendi v. New Jersey* (2000) 530 U.S. 466, 120 S.Ct.

7   2348, 147 L.Ed.2d 435.

8       An examination of *Apprendi v. New Jersey*, *supra*, 530 U.S. 466,

9   120 S.Ct. 2348, 147 L.Ed.2d 435 and related Supreme Court decisions

10  supports this result. In *Apprendi*, the United States Supreme Court

11  held that "[o]ther than the fact of a prior conviction, any fact

12  that increases the penalty for a crime beyond the prescribed

13  statutory maximum must be submitted to a jury, and proved beyond a

14  reasonable doubt." (*Id.* at p. 490, 120 S.Ct. 2348.) The "narrow"

15  prior conviction exception stems from the view that "there is a

16  vast difference between accepting the validity of a prior judgment

17  of conviction entered in a proceeding in which the defendant had

18  the right to a jury trial and the right to require the prosecutor

19  to prove guilt beyond a reasonable doubt, and allowing the judge to

20  find the required fact under a lesser standard of proof." (*Id.* at

21  pp. 490, 496, 120 S.Ct. 2348.)

22      In reaching its result, *Apprendi* distinguished *Almendarez-*

23  *Torres v. United States* (1998) 523 U.S. 224, 118 S.Ct. 1219, 140

24  L.Ed.2d 350, where the United States Supreme Court upheld a federal

25  law allowing a judge to enhance a defendant's sentence based upon

26  prior convictions not alleged in the indictment. The *Almendarez-*

27  *Torres* defendant "*admitted* the three earlier convictions for

28  aggravated felonies--all of which had been entered pursuant to

-2-

PAGE 4

0028

1    proceedings with substantial procedural safeguards of their own--no

2    question concerning the right to a jury trial or the standard of

3    proof that would apply to a contested issue of fact was before the

4    Court." (*Apprendi v. New Jersey, supra,* 530 U.S. at p. 488, 120

5    S.Ct. 2348.) Recognizing this difference, the United States Supreme

6    Court in *Apprendi* explained, "Both the certainty that procedural

7    safeguards attached to any 'fact' of prior conviction, and the

8    reality that Almendarez-Torres did not challenge the accuracy of

9    that 'fact' in his case, mitigated the due process and Sixth

10   Amendment concerns otherwise implicated in allowing a judge to

11   determine a 'fact' increasing punishment beyond the maximum

12   statutory range." (*Ibid.,* fn. omitted.)

13       These procedural safeguard concerns were also raised in *Jones*

14   *v. United States* (1999) 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d

15   311, where the Supreme Court emphasized that the fact of a prior

16   conviction was constitutionally distinct from other sentence

17   enhancing facts, so that it was permissible to use prior

18   convictions to increase the penalty for an offense without treating

19   them as an element of the current offense: "One basis for that

20   possible constitutional distinctiveness [of prior convictions] is

21   not hard to see: unlike virtually any other consideration used to

22   enlarge the possible penalty for an offense, ... a prior conviction

23   must itself have been established through procedures satisfying the

24   fair notice, reasonable doubt, and jury trial guarantees." (*Id.* at

25   p. 249., 119 S.Ct. 1215.)

26       Drawing on the *Apprendi, Almendarez-Torres* and *Jones*

27   decisions, the Ninth Circuit Court of Appeals in *U.S. v. Tighe* (9th

28   Cir.2001) 266 F.3d 1187 recently held that a defendant's prior

0029

1    conviction can be used to enhance a defendant's sentence only if
2    the defendant had a right to a jury trial in the proceeding where
3    he was found guilty of the earlier offense. According to *Tighe*,
4    prior juvenile adjudications may not be used to enhance a
5    defendant's sentence because the juvenile proceedings did not
6    afford the defendant the right to a jury trial. (*Id.* at pp. 1193-
7    1195.) For these reasons, the court reversed the defendant's
8    sentence under the "Armed Career Criminal Act," which mandated a
9    minimum 15-year sentence for a defendant with three prior violent
10   or serious drug convictions and who is later found guilty of
11   possessing a firearm. The Ninth Circuit reversed because one of the
12   defendant's three priors was a juvenile adjudication in which the
13   defendant had no right to a jury trial. (*Id.* at pp. 11941195.)
14   *Tighe* observed that "the 'prior conviction' exception to *Apprendi's*
15   general rule must be limited to prior convictions that *were*
16   *themselves* obtained through proceedings that included the right to
17   a jury trial and proof beyond a reasonable doubt. Juvenile
18   adjudications that do not afford the right to a jury trial and a
19   beyond-a-reasonable-doubt burden of proof, therefore, do not fall
20   within *Apprendi's* 'prior conviction' exception." (*U.S. v. Tighe*,
21   *supra*, 266 F.3d at p. 1194, fn. omitted, italics added.)

22       Here, defendant's prior juvenile adjudication cannot be used
23   to increase his sentence under the Three Strikes law because
24   defendant did not have the right to a jury trial in the juvenile
25   proceeding. In holding to the contrary, the majority opinion in
26   *People v. Lee* (2003) 111 Cal.App.4th 1310, 1313-1318 emphasizes
27   that California's Three Strikes law requires that a prior
28   conviction, including a prior juvenile adjudication, be proved

1   beyond a reasonable doubt, and it provides for the right to a jury

2   trial on the question of whether the defendant suffered a prior

3   conviction. But the right to a jury trial on the question of

4   whether a defendant *suffered a prior conviction* is far different

5   from the right to a jury trial in determining whether the defendant

6   *actually committed the underlying conduct*. It is the latter

7   determination that was the focus of the *Tighe* court, and it is the

8   fact that an adult criminal defendant is found guilty in a

9   proceeding where the defendant had a right to jury trial that

10   imbues an adult prior conviction with constitutional

11   distinctiveness. The same cannot be said of a juvenile proceeding.

12   That a jury may determine whether a defendant has previously been

13   found by a *juvenile court judge* to have committed the conduct

14   resulting in the prior juvenile adjudication does nothing to

15   alleviate the concerns expressed in *Tighe*. It does not make the

16   prior juvenile adjudication constitutionally distinctive. The basic

17   premise of *Tighe* is that the trial court may not impose a sentence

18   greater than the statutory maximum for a current offense unless the

19   defendant had the right to trial by jury in the proceedings

20   underlying his prior conviction. By suggesting that *Tighe* only

21   requires that there be a right to a jury trial on the truth of the

22   fact of the prior juvenile adjudication, the majority seriously

23   misconstrues *Tighe* and the premise upon which it is based.

24        Recently, the Harvard Law Review analyzed *Tighe*, and the Eight

25   Circuit's decision in *U.S. v. Smalley* (8th Cir.2002) 294 F.3d 1030

26   in which the Court of Appeal approved the use of a defendant's

27   prior juvenile adjudications as "prior convictions" under the Armed

28   Career Criminal Act of 1994. The author concluded, "Whereas *Tighe*

1  quotes *Jones* and *Apprendi* at length and uses categorical language
2  that echoes their themes, *Smalley* cites these precedents in large
3  part to distinguish their discussion of the jury trial right from
4  its own conclusions. Compared with the approach of *Smalley*,
5  therefore, *Tighe's* understanding of the jury trial right is more
6  consistent with the implications of the Supreme Court's recent jury
7  trial jurisprudence." (Note, *Constitutional Law--Right to Jury*
8  *Trial--Eight Circuit Holds an Adjudication of Juvenile Delinquency*
9  *To be a "Prior Conviction" for the Purpose of Sentence Enhancement*
10  *at a Subsequent Criminal Proceeding* (2002) 116 Harv. L.Rev. 705,
11  708, fns. omitted.)

12      The critical differences between juvenile and criminal court
13  proceedings support the view that a prior juvenile adjudication
14  should not be used to increase a defendant's sentence beyond the
15  statutory maximum. Over 30 years ago, the United States Supreme
16  Court interpreted the United States Constitution to allow states to
17  deny juveniles the right to a jury trial in juvenile proceedings.
18  (*McKeiver v. Pennsylvania* (1971) 403 U.S. 528, 91 S.Ct. 1976, 29
19  L.Ed.2d 647.) However, the *McKeiver* decision was based upon certain
20  beliefs about the juvenile justice system--beliefs that hold less
21  sway today given the current realities of the juvenile justice
22  system. (Note, *Constitutional Law--Right to Jury Trial--Eight*
23  *Circuit Holds an Adjudication of Juvenile Delinquency To be a*
24  *"Prior Conviction" for the Purpose of Sentence Enhancement at a*
25  *Subsequent Criminal Proceeding, supra*, 116 Harv. L.Rev. at p. 708.)
26      For example, Justice White's concurring opinion in *McKeiver*
27  emphasizes that "reprehensible acts by juveniles are not deemed the
28  consequence of mature and malevolent choice but of environmental

0032

1  pressures (or lack of them) or of other forces beyond their

2  control. Hence the legislative judgment not to stigmatize the

3  juvenile delinquent by branding him a criminal; his conduct is not

4  deemed so blameworthy that punishment is required to deter him or

5  others. Coercive measures, where employed, are considered neither

6  retribution nor punishment. Supervision or confinement is aimed at

7  rehabilitation, not at convincing the juvenile of his error simply

8  by imposing pains and penalties.... Against this background and in

9  light of the distinctive purpose of requiring juries in criminal

10  cases, I am satisfied with the Court's holding." (*McKeiver v.*

11  *Pennsylvania, supra,* 403 U.S. at pp. 551-552, 91 S.Ct. 1976, (conc.

12  opn. of White, J.).) As the author of the Harvard note stated,

13  "Whether or not there was a great practical distinction--beyond the

14  procedural protections issue--between the criminal and juvenile

15  justice system of 1971, the systems have since converged to the

16  point that *McKeiver's* idealistic conception of the juvenile justice

17  system is hard to sustain." (Note, *Constitutional Law--Right to*

18  *Jury Trial--Eight Circuit Holds an Adjudication of Juvenile*

19  *Delinquency To be a "Prior Conviction" for the Purpose of Sentence*

20  *Enhancement at a Subsequent Criminal Proceeding, supra,* 116 Harv.

21  L.Rev. at p. 711.) Moreover, *McKeiver's* belief about the preference

22  for judicial factfinding in juvenile adjudications seems at odds

23  with the United States Supreme Court's recent statement that "The

24  Sixth Amendment jury trial right, however, does not turn on the

25  relative rationality, fairness, or efficiency of potential

26  factfinders." (*Ring v. Arizona* (2002) 536 U.S. 584, 607, 122 S.Ct.

27  2428, 153 L.Ed.2d 556.)

28       When *McKeiver's* dated and idealistic view of the juvenile

1   justice system is balanced against recent United States Supreme
2   Court's recent cases emphasizing the importance of the right to a
3   jury trial in circumstances where a fact increases the penalty for
4   a crime beyond the statutory maximum, the correct conclusion is
5   that a juvenile adjudication, occurring as it does with the right
6   to trial by jury, cannot be used to increase a defendant's sentence
7   under California's Three Strikes law.

8        Finally, *Apprendi* is not satisfied by other procedural
9   safeguards provided in juvenile adjudications. Nothing in *Apprendi*
10  suggests that the denial of the right to a jury determination can
11  be offset by the existence of other procedural protections. "The
12  guarantees of jury trial in the Federal and State Constitutions
13  reflect a profound judgment about the way in which law should be
14  enforced and justice administered. A right to a jury trial is
15  granted to criminal defendants in order to prevent oppression by
16  the Government. Those who wrote our constitutions knew from history
17  and experience that it was necessary to protect against unfounded
18  charges brought to eliminate enemies and against judges too
19  responsive to the voice of higher authority. The framers of the
20  constitutions strove to create an independent judiciary but
21  insisted upon further protection against arbitrary action.
22  Providing an accused with the right to be tried by a jury of his
23  peers gave him an inestimable safeguard against the corrupt or
24  overzealous prosecutor and against the compliant, biased or
25  eccentric judge. If the defendant preferred the common-sense
26  judgment of a jury to the more tutored but perhaps less sympathetic
27  reaction of the single judge, he was to have it. Beyond this, the
28  jury trial provisions of the Federal and State Constitutions

1    reflect a fundamental decision about the exercise of official

2    power--a reluctance to entrust plenary powers over the life and

3    liberty of the citizen to one judge or to a group of judges."

4    (*Duncan v. Louisiana* (1968) 391 U.S. 145, 155-156, 88 S.Ct. 1444,

5    20 L.Ed.2d 491, fn. omitted.)

6                              CONCLUSION

7         For these reasons, defendant's prior juvenile adjudications

8    cannot be used to increase his sentence under the Three Strikes

9    law.

10   Dated: June 9, 2004                 Respectfully submitted,

11

12                                        ROBERT E. BOYCE
                                          Attorney for Defendant
13                                        LEVERT HAYES, JR.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SDS

SCD176819 DA    ABA41801

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☒ CENTRAL   ☐ NORTH   ☐ EAST   ☐ SOUTH

DATE __06-24-04__ AT __08:45__ M.   03134475   **PROB HEAR-SENTENCING**

PRESENT: HON __LAURA P. HAMMES__    JUDGE PRESIDING DEPARTMENT __037__

CLERK __Holly Saenz__    REPORTER __Traci Foster__    CSR# __8614__

REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128

THE PEOPLE OF THE STATE OF CALIFORNIA    __A. M. Urrutia__
VS.                                       DEPUTY DISTRICT ATTORNEY

__HAYES    LEVERT    J__    __R - R. BOYCE    RET.__
DEFENDANT                                ATTORNEY FOR DEFENDANT (PD / APD / PC / RETAINED)

VIOLATION OF __*PC211__    P.O. _____

ENH(S) __212.5(a) / 213(a)(1)__    INTERP. _____   OATH ON FILE / SWN.

PRIOR(S) _____    LANGUAGE _____

**P R E V**
☐ DEFENDANT ☒ PRESENT  ☐ NOT PRESENT  ☐ NOT PRODUCED
☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS / DENIES A VIOLATION OF PROBATION _____   ☐ WAIVES HEARING.
PROBATION IS / REMAINS: FORMALLY / SUMMARILY ☐ REVKD ☐ REINST ☐ MODIFIED ☐ CONT ☐ ST&C ☐ TERMD. ☐ EXT. TO: _____

**J U D G M E N T**
☐ WAIVES ARRAIGNMENT.  ☐ ARRAIGNED FOR JUDGMENT.  ☐ IMPOSITION / EXECUTION OF SENTENCE IS SUSPENDED.
☐ PROBATION IS: ☐ DENIED  ☐ GRANTED _____ YEARS (FORMAL/SUMMARY) TO EXPIRE
☐ COMMITMENT TO SHERIFF FOR _____ DAYS. STAYED TO _____ / PNDG. SUCC. COMPL. OF PROB.  ☐ PAROLE NOT TO BE GRANTED.
☐ PERFORM _____ HRS / DAYS PSP / VOL. WORK AT NONPROFIT ORG.  SUBMIT PROOF TO PROBATION / COURT BY _____
☐ 4TH AMENDMENT WAIVER    ☐ FORMAL PROB. CONVERTS TO SUMM. PROB.
☐ FURTHER CONDITIONS ARE SET FORTH IN PROBATION ORDER.  ☐ WORK FURLOUGH, REPORT: _____
☐ DEFENDANT IS COMMITTED TO THE CALIFORNIA YOUTH AUTHORITY  ☐ PER WI 1737
☒ DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS  ☐ PER PC 1170(d).
☒ FOR __—__ LOWER / MIDDLE / UPPER / INDETERMINATE TERM OF __25__ YEARS / MONTHS. ☒ TO LIFE
ON COUNT __one__ CODE & NO. __PC211  1st deg__  ☒ PRINCIPAL COUNT.  ☒ STIPULATED SENTENCE.
☒ DEFENDANT SENTENCED PER PC 667(b)-(I)/1170.12.  ☒ NOTICE OF FIREARMS PROHIBITION GIVEN PER PC 12021.
☐ NO VISITATION PER PC 1202.05. VICTIM IS UNDER 18 YRS. OF AGE.  DA TO COMPLY WITH NOTICES.
☒ DEFT. ADVISED REGARDING PAROLE / APPEAL RIGHTS. ☒ REGISTRATION PER PC 290 / HS 11590 / PC 457.1 / PC 186.30. ☐ TESTING PER PC 1202.1 HIV / PC 296 DNA..
☐ DEFENDANT TO PAY: FINE OF $_____ PLUS PENALTY ASSESSMENT.  ☐ $20 COURT SECURITY FEE.  ☐ PROBATION COSTS.  ☐ BOOKING FEES.
REST. FINE(S): ☒ $ __800.—__ PER PC 1202.4(b). ☒ FORTHWITH PER PC 2085.5. ☒ $ __800.—__ PER PC 1202.45 SUSP. UNLESS PAROLE REVKD.
☐ RESTITUTION TO VICTIM(S) PER P.O.'S REPORT / REST. FUND PER PC 1202.4(f) OF $_____ / IN AN AMT. TO BE DETERMINED. ☐ JOINT & SEVERAL.
☐ COURT-APPOINTED ATTORNEY FEES ORDERED IN THE AMOUNT OF $_____
☐ INCOME DEDUCTION ORDER OF $_____ PER PAY PERIOD PER PC 1202.42 STAYED UNLESS DEFT. FAILS TO PAY VICTIM REST.  NOTICE OF RIGHTS PROVIDED.
☐ AT THE COMBINED RATE OF $_____ PER MONTH TO START 60 DAYS AFTER RELEASE / ON _____
☐ DEFENDANT IS REFERRED TO ☐ REVENUE & RECOVERY  ☐ COURT COLLECTIONS  TO SET UP AN ACCOUNT.
☐ DEFENDANT IS TO REPORT TO PROBATION / REV. & REC./ COURT COLLECTIONS FORTHWITH / WITHIN 72 HOURS OF RELEASE FROM CUSTODY.

CREDIT FOR TIME SERVED
__309__ DAYS LOCAL
__—__ DAYS STATE INST.
__46__ DAYS PC 4019 (2933)
__355__ TOTAL DAYS CREDIT

**C U S T A T.**
☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☒ WITHOUT BAIL ☐ WITH BAIL SET AT $_____.
☐ DEFENDANT TO REMAIN AT LIBERTY  ☐ ON BOND POSTED $_____.  ☐ ON PROBATION.  ☐ ON DEJ.  ☐ ON OWN / SUPERVISED RECOGNIZANCE.
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY  ☐ ON PROBATION.  ☐ ON OWN / SUPERVISED RECOGNIZANCE. ☐ ON DEJ.  ☐ THIS CASE ONLY.

**F U T S**
☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT.
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION.  ☐ PER PC 1203.03.  ☐ PER WI 707.2.
_____ CONTINUED TO / SET FOR _____ AT _____ M. IN DEPT. _____ ON MOTION
OF COURT / DDA / DEFENDANT / PROBATION OFFICER.  REASON:

**B W R N T S**
☐ BENCH WARRANT TO ISSUE, BAIL SET AT $_____.  ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO _____
☐ BENCH WARRANT ISSUED / ORDERED _____ IS RECALLED / RESCINDED.
☐ BAIL IS ☐ EXONERATED. ☐ FORFEITED.  AMOUNT $_____.  BOND NO. _____
BOND COMPANY _____   AGENT _____

**M H**
☐ PROCEEDINGS SUSPENDED ☐ PER PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
☐ PER WI 3051, ADDICTION OR DANGER OF ADDICTION.  SERVICE OF PETITION:

**O T H E R**
☐ PROBATION TO PREPARE SUPP. REPT. / SUBMIT POST-SENT REPT TO CDC PER PC1203c.  ☐ REPT. TO REG. OF VOTERS.  ☐ DMV ABSTRACT. B.A.C.
☐ CONCURRENT WITH / CONSECUTIVE TO:

PAGE 12

JUDGE OF THE SUPERIOR COURT

CR-120

0052

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

LEVERT HAYES, JR.
San Diego County Jail
1173 Front Street
San Diego, CA 92101
TELEPHONE NO.:                               FAX NO.:
ATTORNEY FOR *(Name)*: LEVERT HAYES, JR., In Propria Persona

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

PEOPLE OF THE STATE OF CALIFORNIA
vs.

DEFENDANT: LEVERT HAYES, JR.

Date of birth: 7/13/79   California Dept. of Corrections No. *(if applicable)*: _____

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

JUL 0 1 2004

By: J. ARELLANO, Deputy

| NOTICE OF APPEAL—FELONY (DEFENDANT)<br>(Pen. Code, §§ 1237, 1538.5(m); Cal. Rules of Court, rule 31(d)) | CASE NUMBER(S):<br>SCD 176819 |
|---|---|

## NOTICE

- If your appeal challenges the validity of the plea you must complete the *Request for Certificate of Probable Cause* on the other side of this form. (Pen. Code, § 1237.5.)
- You must file this form in the superior court within 60 days after entry of judgment.

1. Defendant *(name)*: Levert Hayes, Jr.
   appeals from the order or judgment entered on *(specify date of order, judgment, or sentence)*: June 24, 2004

2. This appeal follows:

   a. ☐ A jury or court trial. (Pen. Code, § 1237(a).)

   b. ☐ A contested violation of probation. (Pen. Code, § 1237(b).)

   c. ☑ A guilty (or no-contest) plea or an admitted probation violation *(check all boxes that apply)*:

      (1) ☑ This appeal is based on the sentence or other matters occurring after the plea. (Cal. Rules of Court, rule 31(d).)

      (2) ☐ This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5.

      (3) ☐ This appeal challenges the validity of the plea or admission. *(You must complete the* Request for Certificate of Probable Cause *on the other side of this form.)*

   d. ☑ Other *(specify)*:
      Use of juvenile true findings as "strikes."

3. ☑ I request that the court appoint an attorney on appeal.   Defendant ☐ was   ☑ was not represented by an appointed attorney in the superior court.

4. Defendant's address: ☑ same as in attorney box above.
   ☐ as follows:

Date: June 24, 2004

LEVERT HAYES, JR.
(TYPE OR PRINT NAME)

PAGE 13

(SIGNATURE OF DEFENDANT OR ATTORNEY)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CR-120 [Rev. January 1, 2002]

NOTICE OF APPEAL—FELONY (DEFENDANT)
(Criminal)

Penal Code, §§ 1237, 1538.5(m);
Cal. Rules of Court, rule 31(d)

13

| PEOPLE OF THE STATE OF CALIFORNIA vs. | CASE NUMBER(S) 0053 |
|---|---|
| DEFENDANT: LEVERT HAYES, JR. | SCD 176819 |

## REQUEST FOR CERTIFICATE OF PROBABLE CAUSE

I request a certificate of probable cause. The reasonable constitutional, jurisdictional or other grounds going to the legality of the guilty plea, no contest plea or probation violation admission proceeding are *(specify):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 24, 2004

_____                    ►    _____
Levert Hayes, Jr.
(TYPE OR PRINT NAME)                                          (SIGNATURE OF DEFENDANT OR ATTORNEY)

## COURT ORDER

This *Request for Certificate of Probable Cause* is *(check one):*   ☐ granted   ☐ denied.

Date:                                                          _____
                                                                              JUDGE

CR-120 [Rev. January 1, 2002]    **NOTICE OF APPEAL—FELONY (DEFENDANT)**    Page 2 of 2
                                              **(Criminal)**

PAGE 14

# EXHIBIT C

# DECLARATION OF ROBERT E. BOYCE

I, Robert E. Boyce, declare as follows:

1.    I am an attorney licensed to practice law in the state of California

and have my office in San Diego.  I was retained by Levert Hayes,

Jr., in the trial court in case number SCD176819 and then was

appointed for his appeal in case number D044641.  I represented Mr.

Hayes on his appeal until relieved by the Court of Appeal, when

attorney Scott Rand was appointed.

2.    At the trial level, Mr. Hayes pleaded guilty pursuant to a plea

agreement.  During my discussions with Mr. Hayes about the plea

offer, I advised Mr. Hayes that if he accepted the plea offer, he could

appeal the issue of whether his juvenile true findings could legally be

used to impose a "Three Strikes" sentence under the United States

Constitution and *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120

S.Ct. 2349, 147 L.Ed.2d 435].  Mr. Hayes agreed to the offered

disposition with the understandings that his sentence was

conditioned on the constitutionality of using the juvenile true

findings as strikes and that he would raise this issue on appeal.

3.    In fact, Mr. Hayes only agreed to plead guilty because of the

agreement he could raise this issue on appeal.  Had the right to

appeal this issue not been promised to him, he would have gone to

trial. Before this promise was made, he repeatedly refused to plead guilty. Also, I would not have advised him to plead guilty without reserving this issue for appeal because I believed the issue had merit. Each of appellant's prior offenses involved true findings by a judge, not a jury, after contested hearings.

4.    I do not remember everything that I told Mr. Hayes, but I do remember telling him I believed the issue had merit because his priors were not found true by juries. I also told him I believed using juvenile prior true findings as strikes violated the constitutional right to jury trial and the holding of a recent United States Supreme Court case (*Apprendi*). The Supreme Court had not yet decided the issue, and therefore, I felt the law may very well be changed, which would lead him to receive a determinate sentence.

5.    I advised Mr. Hayes I would file the appropriate notice of appeal, so as to permit him to challenge the validity of using the juvenile true findings to enhance his sentence under the "Three Strikes" law. I prepared the notice of appeal, had Mr. Hayes sign it, and personally filed it in the Superior Court. However, I did not request a certificate of probable cause with the notice of appeal. I never considered whether a certificate of probable cause was necessary, but instead assumed one was unnecessary to raise the issue of the

constitutionality of using the juvenile true findings to enhance Mr.

Hayes' sentence.

6.     After being appointed to represent Mr. Hayes on his appeal, I filed

the opening brief, which contained two arguments related to the

constitutionality of using the juvenile true findings as strike priors.  I

first became aware that a certificate of probable cause was necessary

for the court to consider the merits of these issues when I received

and read the respondent's brief.  As a result, I requested to be and

was relieved as appellate counsel for Mr. Hayes at that point.

7.     I had no tactical reason for failing to request a certificate of probable

cause.


I declare under penalty of perjury pursuant to the laws of the state of

California that the foregoing is true and correct.

Dated: 11/16/07                              _Robert E. Boyce_
                                              Robert E. Boyce

# EXHIBIT D

## DECLARATION OF LEVERT HAYES, JR.

I, Levert Hayes, Jr., declare:

1.  I am competent to testify as a witness in this matter and if I were called as a witness I would testify to the following from my own personal knowledge.

2.  I am the defendant in case number SCD176819 and appellant in case number D044641 (dismissed).

3.  On June 24, 2004, I pleaded guilty to one count of robbery, and I admitted two prior juvenile true findings, in exchange for the promises that I would receive a sentence of twenty-five years to life, but retain the right to appeal the issue of whether my juvenile true findings could legally be used to impose a "Three Strikes" sentence under the United States Constitution and *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2349, 147 L.Ed.2d 435], as I was not afforded a jury trial on those proceedings.

4.  My attorney, Robert Boyce, told me it was guaranteed that if I pleaded guilty, I would be permitted to appeal the use of my juvenile true findings as strikes. He told me that after a successful appeal on this issue, the strikes would be stricken, and I would be exposed to a determinate sentence. Also, he told the issue was meritorious for appeal because a jury did not find me guilty in my juvenile cases; I

PAGE 1

*Levert Hayes JR 11-20-07*

had had judge trials because I was not allowed jury trials. Based on my conversation with Mr. Boyce, it was my understanding that I was bound to succeed on appeal and receive a determinate sentence.

5.  I would not have pleaded guilty without the promise that I would be permitted to appeal the use of my juvenile prior true findings as strike priors on appeal. I had repeatedly refused to plead guilty until this promise was made to me. I wanted my case to be decided by a jury. Ultimately, I pleaded guilty only because the promise of appealing the issue regarding my prior convictions potentially permitted me to avoid a life sentence after a successful appeal.

6.  After I was sentenced, Mr. Boyce promised me he would file the notice of appeal and represent me on appeal, where we would argue my juvenile priors were illegally used against me as strike priors.

7.  Although I was promised I could appeal the issue about my juvenile priors, no court ever decided this issue. My appeal was dismissed without an opportunity to be heard on this issue because Mr. Boyce did not obtain a certificate of probable cause, which had to have been requested with the notice of appeal. This certificate was required to litigate the strike prior issue after a plea. As a result, I did not receive the benefit of the deal I had been promised. Had I known an appellate court would not decide whether the juvenile priors were

PAGE 2

_Anne Hayes_ JR. 11-20-07

properly used against me because of a procedural bar, there is no

way that I would have pleaded guilty.  At this point, because I was

denied this benefit of my bargain, I would like to withdraw my plea.


I declare under penalty of perjury under the laws of the state of California

that the foregoing is true and correct.

Date: _11-20-07_                  _Levert Hayes Jr 11-20-07_
                                  Levert Hayes

PAGE 3

# EXHIBIT E

California Courts - Appellate Court Case Information

# CALIFORNIA APPELLATE COURTS

### Case Information



| Welcome | **4th Appellate District Division 1** (Cases begin at D035601) | Change court |
|---------|---------------------------------------|-----|
| Search | |  |

Court data last updated: 08/20/2007 07:05 PM

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

**Case Summary**   **Docket**   **Scheduled Actions**   **Briefs**
**Disposition**   **Parties and Attorneys**   **Trial Court**

## Docket (Register of Actions)

**The People v. Hayes**
**Division 1**
**Case Number D044641**

| Date | Description | Notes |
|------|-------------|-------|
| 07/08/2004 | Notice of appeal lodged/received (criminal). | Filed July 1, 2004 - HAYES |
| 07/14/2004 | Received document entitled: | Superior Court order Certificate of Probable Cause DENIED. |
| 07/20/2004 | Order filed. | ...Issues on appeal as to Thomas are limited to sentencing questions or other matters occurring after the plea, except for issues involving prior strike convictions. |
| 07/15/2004 | Notice of appeal lodged/received (criminal). | Filed July 12, 2004 - THOMAS **** See order of 8/18/04 - case is severed **** |
| 07/27/2004 | Change of address filed for: | appellant Hayes |
| 08/18/2004 | Order filed. | On the court's own motion, the above entitled cases are severed. People v. HAYES will keep case number D044641. People v. THOMAS is now assigned case number D044850. Rule time shall apply in each case for preparing, certifying, and filing the record on appeal. |
| 08/24/2004 | RECORD ON APPEAL FILED.*********** | clerk's 1; reporter's 2 (includes prelim); p.o. rpt |
| 09/01/2004 | Counsel appointment order filed. | Robert Boyce appointed for Hayes opening brief extended to 10/13/04 |
| 09/28/2004 | Change of address filed for: | appellant |
| 10/13/2004 | Granted - extension of time. | to 11/12 for opening brief |
| 10/20/2004 | Change of address filed for: | appellant |

PAGE 1

| 11/12/2004 | Granted - extension of time. | to 12/12 for opening brief |
|---|---|---|
| 12/10/2004 | Granted - extension of time. | to 1/11/05 for aob LAST EXTENSION |
| 01/12/2005 | APPELLANT'S OPENING BRIEF. | Attorney: Boyce, Robert Party: Hayes, Levert |
| 02/16/2005 | RESPONDENT'S BRIEF. | Attorney: Office Of The State Attorney General Party: The People |
| 03/04/2005 | Granted - extension of time. | Attorney: Boyce, Robert to 4/7 for reply brief Party: Hayes, Levert |
| 03/11/2005 | Filed appointed counsel's request to be relieved. | |
| 03/14/2005 | Filed order vacating and appointing new counsel. | Robert Boyce is vacated and Scott Rand is appointed for Hayes reply brief extended to 4/15/05 |
| 04/15/2005 | APPELLANT'S REPLY BRIEF. | Attorney: Rand, Scott Party: Hayes, Levert |
| 04/15/2005 | Oral argument waiver notice sent. | April 25, 2005 |
| 04/15/2005 | CASE FULLY BRIEFED. | |
| 07/13/2005 | Submission order filed. | |
| 09/08/2005 | Opinion filed. | The appeal is dismissed. |
| 10/20/2005 | Record transmitted to Supreme Court. | |
| 10/20/2005 | Petition for review in Supreme Court received. | by Atty Rand for appellant |
| 11/02/2005 | Received copy of Supreme Court filing. | Petition for Writ of Habeas Corpus |
| 11/30/2005 | Petition for review denied in Supreme Court. | filed in superior court on December 6, 2005. |
| 12/06/2005 | Remittitur issued. | |
| 12/06/2005 | Case complete. | |
| 12/28/2005 | Record returned from Supreme Court. | |
| 07/13/2006 | Received copy of: | Service copy of Superior Court writ of habeas corpus |
| 09/25/2006 | Received document entitled: | People's Return to Petition for Writ of Habeas Corpus |
| 12/20/2006 | Record sent to storage. | |
| 03/23/2007 | Motion filed. | to recall remittitur; to amend notice of appeal to request a certificate of probable |

| | | | cause opo due 4/9 |
|---|---|---|---|
| 04/23/2007 | Order filed. | | Appellant's Motion for Recall of Remittitur is denied without prejudice to file a petition of writ of habeas corpus. |
| 04/30/2007 | Motion filed. | | For Reconsideration , or in the Alternative, Clarification of the 4/23/07 Order Denying Motion to Recall RMI opo due 5/15 |
| 05/18/2007 | Order on motion filed. | | Appellant's "Motion for Reconsideration, or in the Alternative, Clarification of the April 23, 2007 Order Denying Movant's Motion to Recall the Remittitur" is DENIED. |

**Click here** to request automatic e-mail notifications about this case.

© 2004 Judicial Council of California

PAGE 3

# EXHIBIT F

## DECLARATION OF JAMIE POPPER

I, Jamie Popper, do declare:

1.    I am competent to testify in this matter, and if I were called to do so, I would testify to the following from my personal knowledge.

2.    I am an attorney licensed to practice law in the state of California and a staff attorney at Appellate Defenders, Inc. (ADI).

3.    ADI decided to try to assist Levert Hayes, Jr., in February 2007, after learning that attorney Knut Johnson's attempt to obtain relief for Mr. Hayes in the superior court had been unsuccessful. At that point, I informed Mr. Hayes that ADI would attempt to obtain relief on his behalf.

4.    Based on the superior court's opinion, we decided to file a motion to recall the remittitur in this court, as well as a motion to amend the notice of appeal to include a request for a certificate of probable cause. We filed such motions concurrently on March 21, 2007. On April 23, 2007, this court denied the motion without prejudice to file a petition for a writ of habeas corpus. On April 23, 2007, we then filed a motion for reconsideration and/or clarification of its order, which was denied on May 22, 2007. Following the denial of these motions, we began working on the superior court petition for a writ of habeas corpus, which was filed on August 22, 2007. Upon receiving the superior court order denying the writ dated October 9, 2007, we began working to complete the current petition.

1

5.    Therefore, any delay in the filing of this habeas petition once ADI began

representing Mr. Hayes was due to no fault of Mr. Hayes.  Mr. Hayes has

responded promptly to all of ADI's inquiries.  Any delay was due to the need to do

extensive research on various procedural and substantive issues for the motions

and petition, secure and review case records, communicate with Mr. Hayes and

trial counsel Robert Boyce, obtain signed declarations from both Mr. Hayes and

Mr. Boyce, and draft the motions and petition.

6.    On August 20, 2007, I printed from the California Appellate Courts Case

Information website (http://appellatecases.courtinfo.ca.gov) the Court of Appeal

docket from Mr. Hayes' dismissed appeal in case number D044641.  Also on

August 20, 2007, I printed Supreme Court dockets from petitioner's petition for

review in case number S138173 and petition for a writ of habeas corpus to obtain a

late certificate of probable cause in case number S138610.  I attached the printed

Court of Appeal docket in Exhibit E and the printed Supreme Court dockets in

Exhibit J.  They are true and accurate printouts of the court dockets available on

the California Appellate Courts Case Information website.


I declare under penalty of perjury pursuant to the laws of California that the foregoing is

true and correct.

Date:  12/7/07                    Jamie Popper
                                  Jamie Popper

2

PAGE 2

# EXHIBIT G

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

RECEIVED

JAN 1 4 2005

ADI

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | Court of Appeal No. D044641 Superior Court No. SCD 176819 |
| Plaintiff-Respondent, | ) ) | |
| v. | ) ) | |
| LEVERT HAYES, JR., | ) ) | |
| Defendant-Appellant. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF SAN DIEGO COUNTY
HONORABLE LAURA PALMER HAMMES, JUDGE

---

## APPELLANT'S OPENING BRIEF

---

BOYCE & SCHAEFER
ROBERT E. BOYCE
State Bar No. 79806
934 23rd Street
San Diego, CA 92102-1914
(619) 232-3320

Attorneys for Defendant-Appellant
LEVERT HAYES, JR.

FILE COPY

PAGE 1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................ ii

STATEMENT OF APPEALABILITY .................................. 1

STATEMENT OF THE CASE ......................................... 1

STATEMENT OF FACTS ............................................ 3

ARGUMENT ...................................................... 4

   I.    THE UNITES STATES CONSTITUTION BARS
        USE OF A JUVENILE ADJUDICATION OBTAINED
        IN A PROCEEDING WHERE THE DEFENDANT
        WAS DEPRIVED OF A JURY TRIAL TO
        ENHANCE A SENTENCE BEYOND THE
        STATUTORY MAXIMUM FOR THE CHARGED
        OFFENSE ................................................ 4

   II.   USE OF JUVENILE COURT TRUE FINDINGS
        OBTAINED WITHOUT A JURY TRIAL TO
        ENHANCE APPELLANT'S SENTENCE UNDER
        THE THREE STRIKES LAW VIOLATES
        APPELLANT'S RIGHT TO EQUAL PROTECTION
        OF THE LAW UNDER THE FOURTEENTH
        AMENDMENT AND ARTICLE I, SECTION 7,
        OF THE CALIFORNIA CONSTITUTION ................... 13

   III.  CONCLUSION .......................................... 16

Certificate of Word Count

Proof of Service

i

EXHIBIT H

## Declaration of Scott M. Rand

I, Scott M. Rand, do hereby declare:

I am an attorney licensed to practice law in the State of California.

On March 14, 2005 I was appointed to represent petitioner in D044641, after attorney Robert Boyce was permitted to withdraw as his attorney.

At the time I was appointed, the appellant's opening brief had already been filed, as had respondent's brief.    Appellant's brief argued that using his prior juvenile adjudications to enhance his sentence was violative of the federal constitution. Respondent's brief argued that appellant had waived his right to appeal in the trial court as part of the plea bargain, that appellant was barred from appealing the constitutionality of using his juvenile prior adjudications to enhance his sentence for failure to obtain a certificate of probable cause, and that substantively, it was constitutional to so use the priors.

I filed a reply brief.    Subsequently the Court of Appeal decision was rendered, ruling that although appeal had not been waived, the failure to obtain a certificate of probable cause barred relief, and the appeal was ordered dismissed. Subsequently, I file a petition for review in this court, in order to both attempt to obtain relief and to exhaust all appellate remedies.

1

PAGE 1

Subsequently, I contacted Appellate Defenders and spoke to several staff attorneys. I was told that there was a procedure whereby a late certificate of probable cause could be obtained, by way of habeas corpus. I was unaware of this avenue of potential relief until speaking to the Appellate Defenders lawyer. Thereafter, I drafted the instant petition for writ of habeas corpus.

I declare that the foregoing is true and correct. Executed in San Diego, California on November /, 2005.

SCOTT M. RAND
Declarant

2          PAGE 2

# EXHIBIT I

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk

SEP  8 2005

[Court of Appeal Fourth District

| | |
|---|---|
| THE PEOPLE, | D044641 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD176819) |
| LEVERT HAYES, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura P. Hammes, Judge. Dismissed.

### FACTS & PROCEDURAL BACKGROUND

On August 20, 2003, five men in black clothing and ski masks entered the home of Orlandous Jackett and demanded money. When the police arrived, defendant Levert Hayes, Jr., took off his mask and told Samantha Williams, one of the house's occupants, to pretend he was there with her. Once outside with the police, Williams identified Hayes as one of the robbers.

PAGE 1

Hayes was charged in an amended information filed November 10, 2003, with the following:  count 1, first degree robbery of an inhabited dwelling house in concert with two or more other persons (Pen. Code,[1] §§ 211, 212.5, subd. (a), 213, subd. (a)(1)(A)) and use of a firearm in the commission of the offense (§§ 12022.5, subd. (a), 12022.53, subd. (b)); count 2, attempted first degree robbery in concert (§§ 664/211, 212.5, subd. (a), 213, subd. (a)(1)(A)) and personal use of a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)); count 3: assault with a semi-automatic firearm (§ 245, subd. (b)); count 4, residential burglary (§ 459/460) and personal use of a firearm (§ 12022.5, subd. (a)) in the commission of the burglary while another person not an accomplice was present in the residence (§ 667.5, subd. (c)(21)), commission of the offense against another person under the age of 14 (§ 667.9, subd. (a)), and confinement of the victim in the commission of the offense (§ 1170.84); count 5, false-imprisonment by violence (§ 236/237, subd. (a)) and personal use of a firearm (§ 12022.5, subd. (a)).  The information further alleged five juvenile adjudications as strike priors.  (§§ 667, subd. (b)-(i), 1170.12, 668.)

Hayes pleaded guilty to first degree robbery (§§ 211, 212.5, subd. (a), 213, subd. (a)(1)(A)) and admitted two juvenile true findings for robbery (§ 211).[2]  The trial court sentenced Hayes to 25 years to life as per the plea agreement.  On July 1, 2004, Hayes filed a timely notice of appeal.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.
[2]    Both juvenile true findings were found true on June 20, 1996, in case No. J92214.

DISCUSSION

Appellant argues the absence of the right to a jury trial bars use of juvenile adjudications as strikes. The People argue the merits of this appeal may not be heard because appellant waived his right to appeal issues related to strike priors and failed to obtain a certificate of probable cause under section 1237.5. Although appellant did not waive his right to appeal the use of juvenile adjudications as strikes, failure to obtain a certificate of probable cause is a procedural defect that must be cured before the merits of the appeal may be heard.

DISCUSSION

A. *Waiver of Right to Appeal*

The People argue appellant waived his right to appeal issues related to strike priors by signing the plea agreement. However, appellant made it clear at the change of plea hearing that he did not waive his right to appeal use of juvenile adjudications as strikes under *Apprendi* (*Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348]) or the United States Constitution. The trial court acknowledged this clarification of the plea agreement on the record. The prosecuting attorney did not dispute this clarification at any time during the hearing.

Whether a waiver exists is determined according to the facts and circumstances of a particular case. (*People v. Rosso* (1994) 30 Cal.App.4th 1001, 1006.) The party seeking to enforce a waiver has the burden of proving waiver " ' "by evidence that does not leave the matter to speculation, and doubtful cases will be resolved against a waiver." ' " (*Ibid.*) Although the plea agreement evidences a written waiver of the right to appeal

3                    PAGE 3

issues relating to strike priors, at the change of plea hearing the trial court orally

established appellant retained his right to appeal whether juvenile adjudications can be

considered strike priors. Under the facts and circumstances of this case, appellant's right

to appeal the use of juvenile adjudications as strikes is not clearly waived.

B. *Certificate of Probable Cause*

The People also argue appellant's appeal is barred because he failed to obtain a

certificate of probable cause. Section 1237.5 lists two conditions precedent necessary to

appeal a judgment of conviction upon a plea of guilty: (a) the defendant must file with

the trial court "a written statement, executed under oath or penalty of perjury showing

reasonable constitutional, jurisdictional, or other grounds going to the legality of the

proceedings" and (b) the trial court must execute and file "a certificate of probable cause

for such appeal with the clerk of the court."

Appellant claims a certificate of probable cause is unnecessary because this case

did not involve a "stipulated sentence" type of plea agreement. Appellant's assertion is

unsupported by the record because the plea agreement stipulated a sentence of 25 years to

life.

Appellant also argues a certificate of probable cause is unnecessary because this

appeal has merit, as acknowledged by the trial court at the change of plea hearing.

However, a careful reading of the transcript reveals the trial court simply indicated an

understanding that appellant was preserving his right to appeal the issue.

Appellant further argues the merit of this appeal eliminates the need for a

certificate of probable cause because section 1237.5 was enacted to prevent frivolous and

PAGE 4

vexatious appeals. (*People v. Breckenridge* (1992) 5 Cal.App.4th 1096, 1101.)

Appellant's argument fails because procedural safeguards exist for a reason and may not

be deemed functionally satisfied when a party does not technically comply with the

statute. The California Supreme Court has ruled "that section 1237.5 . . . should be

applied in a strict manner." (*People v. Mendez* (1999) 19 Cal. 4th 1084, 1098.) "In

enacting section 1237.5, the Legislature evidently sought to promote judicial economy in

the appellate system as a whole, for it established a mechanism that did not invite

consideration of the peculiar facts of the individual appeal. The provision lays down a

'condition precedent' to the taking of an appeal within its scope. [Citation.] It is a general

'legislative command' to defendants. [Citation.] It is not an authorization for 'ad hoc

dispensations' from such a command by courts. [Citation.]" (*People v. Mendez*, supra,

19 Cal.4th at p. 1098.) Appellant must obtain a certificate of probable cause in

compliance with Penal Code section 1237.5 before the court may make a ruling on the

substantive merits of this case.[3]

---

[3]    We note appellant's substantive arguments have been repeatedly rejected. (*People v. Superior Court (Andrades)* (2003) 113 Cal.App.4th 817, 830-834; *People v. Lee* (2003) 111 Cal.App.4th 1310, 1312-1316; *People v. Smith* (2003) 110 Cal.App.4th 1072; 1077-1079; *People v. Bowden* (2002) 102 Cal.App.4th 387, 390-394; *People v. Fowler* (1999) 72 Cal.App.4th 581, 584-587.)

5

## DISPOSITION

The appeal is dismissed.

_____
BENKE, J.

WE CONCUR:

_____
McCONNELL, P.J.

_____
IRION, J.

PAGE 6

6

# EXHIBIT J

# CALIFORNIA APPELLATE COURTS

### Case Information



| | |
|---|---|
| **Supreme Court** | |
| Welcome | **Supreme Court** |
| Search | Court data last updated: 08/20/2007 07:53 PM |
| E-mail | **Case Summary    Docket    Briefs** |
| Calendar | **Disposition    Parties and Attorneys    Lower Court** |
| Help | |
| Opinions | **Docket (Register of Actions)** |

**PEOPLE v. HAYES**

**Case Number S138173**

| Date | Description | Notes |
|------|-------------|-------|
| 10/18/2005 | Petition for review filed | by counsel for aplt. (Levert Hayes, Jr.) |
| 10/20/2005 | Received Court of Appeal record | 1 volume |
| 11/30/2005 | Petition for review denied | |

**Click here** to request automatic e-mail notifications about this case.

© 2004 Judicial Council of California

PAGE 1

# CALIFORNIA APPELLATE COURTS

### Case Information



## Supreme Court

Court data last updated: 08/20/2007 07:53 PM

Case Summary    Docket    Briefs
Disposition    Parties and Attorneys    Lower Court

Supreme
Court

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

## Docket (Register of Actions)

**HAYES (LEVERT) ON H.C.**
**Case Number** S138610

| Date | Description | Notes |
|------|-------------|-------|
| 11/04/2005 | Petition for writ of habeas corpus filed | by counsel for petitioner (Hayes) |
| 11/30/2005 | Petition for writ of habeas corpus denied | |

**Click here** to request automatic e-mail notifications about this case.

© 2004 Judicial Council of California

PAGE 2

# EXHIBIT K

1   KNUT S. JOHNSON
    State Bar No. 125725
2   LAW OFFICE OF KNUT S. JOHNSON
    1010 Second Avenue, Suite 1850
3   San Diego, CA  92101
    619/232-7080
4
    Attorney for Petitioner
5   LEVERT HAYES, JR.

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN THE FOR THE COUNTY OF SAN DIEGO

10  In re                      )  CASE NO. _____
                               )
11       LEVERT HAYES, JR.     )  PETITION FOR WRIT OF HABEAS
         V40205                )  CORPUS
12                             )
            On Habeas Corpus.  )
13                             )
                               )
14  _____  )

15       By this verified petition for writ of habeas corpus,

16  petitioner Levert Hayes, Jr., requests issuance of a writ of habeas

17  corpus for ineffective assistance of counsel.

18                              I.

19       Petitioner is confined at the California Prison in Blythe,

20  California, by the Director of Corrections, pursuant to a judgment

21  of the Superior Court of San Diego County, number SCD176819.

22                             II.

23       On March 17, 2004, pursuant to a plea agreement, petitioner

24  pleaded guilty to one count of first degree robbery (Pen. Code §

25  211) as alleged in count one of the amended information, and

26  admitted two prior juvenile true findings for robbery, which were

27  alleged as "strike priors" within the meaning of the "Three Strikes

28  Law" (Pen. Code §§ 667, subds. (b)-(i), 668, and 1170.12.) (CT 17-

F I L E D
Clerk of the Superior Court

JUL 0 6 2006

By: _____, Deputy

# EXHIBIT L



BONNIE M. DUMANIS
District Attorney
CRAIG E. FISHER
Deputy District Attorney, SBN 95337
330 West Broadway, Suite 860
San Diego, CA 92101
Tel: (619) 531-4074
Fax: (619) 515-8632
Email: craigfisher@sdcda.org

Attorneys for Respondent

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO

IN RE

LEVERT HAYES, JR.,

Petitioner.

HC18577
SCD176819
DA# ABA418

**PEOPLE'S AMENDED RETURN TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

### SUMMARY

On July 6, 2006, Petitioner Levert Hayes, Jr., filed a petition for writ of habeas corpus alleging ineffective assistance of counsel (IAC) because petitioner's prior attorneys failed to obtain a certificate of probable cause to permit the appellate court to decide the merits of petitioner's now dismissed appeal. Noticeably absent from the original petition was any discussion of the appropriate remedy for the alleged IAC.

On August 23, 2006, the Court issued an Order to Show Cause. On September 22, 2006, the People filed their original return pointing out that the appellate court, not the superior court, was the proper court to grant relief, if any, in the form of recalling the remittitur issued following dismissal of the appeal.

Counsel for petitioner then asked for, and was granted, leave to file an amended petition seeking additional relief in the form of the setting aside the guilty plea and sentence. The Court requested an amended return covering all issues in one document. The People's position has not changed.

PAGE 1

1  upon a showing of IAC. This is the lesson of *People v. Ivester* (1991) 235 Cal.App.3d 328, an

2  opinion from Division One of the Fourth Appellate District.

3      Here the failure to file the statement [under Penal Code section 1237.5] following
       Ivester's guilty plea where the record before us shows he wants to argue the issues
4      contained in his brief establishes counsel's deficient performance. Accordingly . . . it
       becomes our responsibility consistent with Ivester's constitutional rights to determine
5      whether that failure was prejudicial. We can make that determination only by reviewing
6      Ivester's appellate contentions.

7

8  (*Id.* at p. 338.)

9      In the instant case, because the Fourth Appellate District dismissed petitioner's appeal on

10 procedural grounds for lacking a certificate of probable cause, the appropriate forum for

11 petitioner is to seek relief in that court, not in the trial court. The only proper remedy for

12 petitioner to pursue is a recall of the remittitur under rule 8.272(c)(2). The superior court cannot

13 provide this remedy.

## II

### THE LACK OF A JURY TRIAL RIGHT FOR JUVENILES DOES NOT PRECLUDE THE USE OF JUVENILE TRUE FINDINGS AS "STRIKE" PRIORS

17

18      Even if this were the proper court to litigate the claim, petitioner would have to

19 satisfy the two prongs of the *Strickland* test of IAC to obtain relief in habeas corpus.

20 (*Strickland v. Washington*, *supra*, 466 U.S. 668.)

21      The People do not contest that petitioner has met the first prong -- that counsel failed to

22 act in a manner to be expected of reasonably competent attorneys acting as diligent advocates.

23 The People do not believe petitioner can meet the second prong:

24          As to the prejudice component, "[t]he defendant must show that there is a
           reasonable probability that, but for counsel's unprofessional errors, the result of
25         the proceeding would have been different. A reasonable probability is a
           probability sufficient to undermine confidence in the outcome." [Citation.]
26         Moreover, "prejudice must be affirmatively proved. [Citations.] 'It is not enough
27         for the defendant to show that the errors had some conceivable effect on the
           outcome of the proceeding . . . .' "
28

29 (*People v. Cox*, *supra*, 53 Cal.3d at p. 656; see also *In re Clark* (1993) 5 Cal.4th 750, 766.)

5                                                          PAGE 2

1   The issue petitioner wishes to raise on appeal is his lack of a right to jury trial in juvenile
2   court where his "strike" priors occurred. Petitioner wishes to pursue on appeal whether this
3   violates the constitutional right to a jury trial, as interpreted by *Apprendi v. New Jersey* (2000)
4   530 U.S. 466. This argument has been repeatedly rejected and, thus, any appeal based on it
5   likely would be futile. (*People v. Superior Ct. (Andrades)* (2003) 113 Cal.App.4th 817, 830-
6   834; *People v. Lee* (2003) 111 Cal.App.4th 1310, 1312-1316; *People v. Smith* (2003) 110
7   Cal.App.4th 1072, 1075-1079; *People v. Bowden* (2002) 102 Cal.App.4th 387, 390-394.)
8   Therefore, petitioner cannot establish the prejudice element of his IAC claim. (See, e.g., *People*
9   *v. Ivester, supra*, 235 Cal.App.3d 328.)
10      Petitioner's amended allegation misrepresents the nature of the People's argument.
11  The People have never argued "no certificate of probable cause should issue" simply
12  because petitioner is unlikely to prevail on the merits. Petitioner is mixing apples and
13  oranges.
14      There is no question had prior counsel timely sought a certificate of probable
15  cause it would have been granted without objection. There is a very low standard for
16  issuance of a certificate of probable cause. "The trial court must issue a certificate . . . if
17  the defendant's statement presents 'any cognizable issue for appeal which is *clearly*
18  frivolous and vexatious. . . .' (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178-1179,
19  citing *People v. Holland* (1978) 23 Cal.3d 77, 84.) The issue of whether juvenile
20  adjudications can be "strike" priors despite the lack of the right to a jury trial in juvenile
21  courts is not frivolous or vexatious. When petitioner pleaded guilty, he preserved the
22  opportunity to appeal this issue and perhaps obtain a more favorable ruling from either
23  the local Court of Appeal or a higher court. This opportunity was not illusory.
24      Petitioner is not entitled to have his guilty pleas set aside based on his own
25  attorney's alleged IAC occurring after judgment. If petitioner can establish IAC
26  (including satisfying the prejudice component of the *Strickland* test), the only appropriate
27  remedy would be to reinstate his right to appeal by recalling the remittitur. But, as
28  established in Argument 1, this Court is without jurisdiction to grant that relief.
29  ////

PAGE 3

6

# EXHIBIT M

F I L E D

Clerk of the Superior Court

JAN 1 8 2007

By:_____Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| IN RE THE PETITION OF: | ) HC 18577 |
| LEVERT HAYES, JR., | ) SCD 176819 |
| | ) |
| Petitioner. | ) ORDER DENYING PETITION FOR WRIT |
| | ) OF HABEAS CORPUS |
| | ) |
| | ) |

THIS COURT, HAVING READ AND CONSIDERED THE PETITION FOR WRIT OF HABEAS CORPUS, THE PEOPLE'S RETURN, AN AMENDED PETITION AND THE PEOPLE'S AMENDED RETURN, ATTACHMENTS TO ALL OF THE ABOVE AND THE FILE IN THE ABOVE CAPTIONED MATTER, FINDS:

On March 16, 2004, Petitioner pled guilty to one count of first degree residential robbery (Penal Code §§ 211/212.5/213(a)(1)(A)) and admitted two juvenile true findings for robbery (Penal Code § 211). On June 24, 2004, the Court sentenced Petitioner to the indeterminate sentence of 25 years to life. On July 1, 2004, Petitioner filed a timely notice of appeal, but on September 8, 2005, the Fourth District Court of Appeal dismissed the appeal, stating that, although Petitioner had not waived his right to appeal issues related to the use of juvenile adjudications as strike priors, he had failed to file the requisite Certificate of Probable Cause signed by the Court who took the plea. The Court held at page 5 of the unpublished opinion: "Appellant must obtain a certificate of probable cause in compliance with Penal Code section

1   1237.5 before the court may make a ruling on the substantive merits of this case."

2       Petitioner, through retained counsel, then filed the current Petition for Writ of Habeas

3   Corpus on the ground that he received ineffective assistance of counsel at trial and on appeal.

4   Petitioner asserts his attorneys provided ineffective assistance to him because they both failed to

5   file the proper certificate of probable cause or to take to appropriate steps to obtain a remedy for

6   this mistake.

7       Petitioner asserts that it was always his intent to challenge the use of the juvenile

8   adjudications as strike priors and that the trial court knew it, his attorney knew it and the

9   prosecutor knew it.

10      On or about August 23, 2006, this Court found that Petitioner had established a prima

11  facie showing for relief and ordered the People to show cause why this present Petition should

12  not be granted. The People filed a return on or about September 22, 2006. On October 23, 2006,

13  Petitioner filed a request for an extension of time to file a denial and before that could be

14  granted, filed a motion for leave to file a supplemental petition. On October 26, 2006, this Court

15  granted leave to file an amended petition and on January 16, 2007, the People filed an amended

16  return to that amended petition.

17      Of major concern at this point in this case is: What is the proper remedy? The People's

18  Return contends that the legal answer is to deny the present habeas corpus petition and to pursue

19  a recall of the Fourth District Court of Appeal's remittitur issued on or about September 8, 2005,

20  in that Court and not in Superior Court. The People cite new California Rule of Court 8.272(c)(2)

21  that states that an appellate court can order a recall of a remittitur. While this Court tends to

22  agree with the People's line of reasoning, the cases the People cite do not say exactly what the

23  prosecution claims they say.

24      For instance, at page 3:26-27, the People claim: "A trial court does not have authority to

25  recall a remittitur issued by an appellate court." As authority, the People cite " Bryan v. Bank of

26  America (2001) 86 Cal.App.4th 185, 191. In fact, the full quotation at that cite does not exactly

27  state this premise: "When the remittitur issues, the jurisdiction of the appellate court ceases, and

28  that of the trial court attaches. Except where the issuance was a result of mistake, inadvertence or

29  fraud . . ., it cannot be recalled for the purpose of modifying the judgment. [Citations.]" (Witkin

30  citations omitted) "If the remittitur issues by inadvertence or mistake, or as a result of fraud or

1  imposition practiced on the appellate court, the court has inherent power to recall it and thereby
2  reassert its jurisdiction over the cause. This remedy, though described in procedural terms, is
3  actually an exercise of an extraordinary substantive power. Correction of the clerk's clerical or
4  other mistakes in the remittitur is a very minor aspect of the proceeding; its significant function
5  is to permit the court to set aside an erroneous judgment on appeal obtained by improper means.
6  In practical effect, therefore, the motion or petition to recall the remittitur may operate as a
7  belated petition for rehearing on special grounds, without any time limitations."

8      In fact, the Court in Bryan denied "the motion to recall the remittitur primarily because
9  appellant has presented no cognizable ground upon which the extraordinary remedy she seeks
10 could properly be allowed." Id., at 191-192.

11     In the present case, the Court of Appeal committed no error of any kind. Rather,
12 Petitioner's trial attorney who later became his appointed appellate counsel, admits in a
13 declaration signed under penalty of perjury that he failed to file the requisite Certificate of
14 Probable Cause. Petitioner's second appellate counsel, now deceased, admitted in a declaration
15 that he also failed to file the required certificate. Neither failure was based upon any legal tactic,
16 but apparently simply because of error.

17     Ultimately, the Court of Appeal very clearly stated at the bottom of page 5 of the
18 unpublished opinion that dismissed the appeal: "Appellant must obtain a certificate of probable
19 cause in compliance with Penal Code section 1237.5 before the court may make a ruling on the
20 substantive merits of this case."

21     The bottom line is that Petitioner wants to argue the use of two juvenile court
22 adjudications as strikes that enhanced his current sentence. At the time Petitioner pled guilty in
23 this case everyone knew that, but his attorneys failed to follow the proper procedure to allow him
24 to make this argument.

25     Now, according to the above-cited unpublished opinion, the only way Petitioner can
26 make his argument on the merits is for the appellate court to recall the remittitur and for the
27 procedure to start all over again with a properly obtained Certificate of Probable Cause.

28     This Superior Court does not have jurisdiction to recall the remittitur, so this habeas
29 corpus petition is denied and Petitioner is encouraged to seek the appropriate recall and
30 certificate from the proper courts so that he may properly address his arguments on their merits.

1    It is further ordered that this Order be served on (1) the Petitioner, through his current

2  attorney, Knut Johnson, (2) a separate copy upon Mr. Knutson, and Office of the San Diego

3  District Attorney, Deputy Craig Fisher.

4    IT IS SO ORDERED.

5  DATED: ___1/18/07___          _____

6                                    TIMOTHY R. WALSH

7                                    JUDGE OF THE SUPERIOR COURT

8

9

10  I hereby certify that the foregoing instrument is a
    full, true & correct copy of the original on file in
11  this office, that said document has not been revoked,
    annulled or set aside, and it is in full force and effect.

12  Attest: ___JAN 1 8 2007___ @ 4 pm

13       Clerk of the Superior Court of the State
    of California, in and for the County of San Diego

14       By_____Deputy

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

                    ORDER - 4          **PAGE 4**

# EXHIBIT N

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

THE PEOPLE,
Plaintiff and Respondent,
v.
LEVERT HAYES,
Defendant and Appellant.

**D044641**
**San Diego County No. SCD176819**

THE COURT:

Appellant's "Motion For Recall of Remittitur" is DENIED without prejudice to file a petition for writ of habeas corpus.

_____
Acting Presiding Justice

cc: All Parties

PAGE 1

## DECLARATION OF SERVICE

Case Name:                    LEVERT HAYES                              No: D046641

I declare:

I am employed in the County of San Diego, California. I am over 18 years of age and not a party to the within entitled cause; my business address is 555 West Beech Street, Suite 300, San Diego, California 92101-2939.

On August 21, 2007, I served the attached

### PETITION FOR A WRIT OF HABEAS CORPUS

of which a true and correct copy of the document filed in the cause is affixed, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Office of the District Attorney
County of San Diego
330 West Broadway, Ste. 1300
San Diego, CA 92101

Levert Hayes Jr. #V40205
A3-243
PO Box 2199
Blythe, CA 92226

Robert E. Boyce
Attorney at Law
934  23rd Street
San Diego, CA 92102

    Each envelope was then sealed and with the postage thereon fully prepaid deposited in the United States mail by me at San Diego, California on August 21, 2007.

I declare under penalty of perjury that the foregoing is true and correct, and this declaration was executed at San Diego, California, on August 21, 2007.

DOROTHY JIMENEZ
(Typed Name)

(Signature)

PAGE 2

# EXHIBIT O

**FILED**

San Diego Superior Court

**OCT 0 9 2007**

Clerk of the Superior Court

By ___M. Castorena_____

RECEIVED
OCT 1 2 2007
ADi

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| IN RE THE PETITION OF: | ) HC 18577 – Second Petition |
| LEVERT HAYES, JR., | ) SCD 176819 |
| | ) |
|      Petitioner. | ) ORDER DENYING PETITION |
| | ) FOR WRIT OF HABEAS CORPUS |
| | ) |
| | ) |

    THIS COURT, HAVING READ AND CONSIDERED THE PETITION FOR WRIT OF HABEAS CORPUS WITH ATTACHMENTS AND THE FILE IN THE ABOVE CAPTIONED MATTER, FINDS:

    On March 16, 2004, Petitioner pled guilty to one count of first degree residential robbery (Penal Code §§ 211/212.5/213(a)(1)(A)) and admitted two juvenile true findings for robbery (Penal Code § 211). On June 24, 2004, the Court sentenced Petitioner to the indeterminate sentence of 25 years to life. On July 1, 2004, Petitioner filed a timely notice of appeal, but on September 8, 2005, the Fourth District Court of Appeal dismissed the appeal, stating that, although Petitioner had not waived his right to appeal issues related to the use of juvenile adjudications as strike priors, he had failed to file the requisite Certificate of Probable Cause signed by the Court who took the plea. The Court held at page 5 of the unpublished opinion: "Appellant must obtain a certificate of probable cause in compliance with Penal Code section 1237.5 before the court may make a ruling on the substantive merits of this case."

1   Petitioner, through retained counsel, then filed his first Petition for Writ of Habeas

2   Corpus on the ground that he received ineffective assistance of counsel at trial and on appeal.

3   Petitioner asserted his attorneys provided ineffective assistance to him because they both failed

4   to file the proper certificate of probable cause or to take to appropriate steps to obtain a remedy

5   for this mistake.

6   Petitioner asserted that it was always his intent to challenge the use of the juvenile

7   adjudications as strike priors and that the trial court knew it, his attorney knew it and the

8   prosecutor knew it.

9   On or about August 23, 2006, the Court found that Petitioner had established a prima

10  facie showing for relief and ordered the People to show cause why that Petition should not be

11  granted. The People filed a return, Petitioner was then granted leave to file a supplemental

12  petition and the People filed an amended return to that amended petition.

13  The Court's major concern was the proper remedy if the Petition was ultimately granted.

14  The bottom line was that Petitioner wanted to argue the use of two juvenile court adjudications

15  as strikes that enhanced his current sentence. At the time Petitioner pled guilty in this case

16  everyone knew that, but his attorneys failed to follow the proper procedure to allow him to make

17  this argument. Therefore, Petitioner sought to have the Superior Court recall the remittitur issued

18  by the appellate court.

19  That Petition was denied on January 18, 2007, because the Superior Court does not have

20  jurisdiction to recall the remittitur. Petitioner was encouraged to seek the appropriate recall and

21  certificate from the proper courts so that he may properly address his arguments on their merits.

22  Petitioner then did file a motion to recall the remittitur in the Fourth Appellate District

23  Court on March 23, 2007. On April 23, 2007, that Court denied the motion to recall without

24  prejudice to file a habeas corpus petition. On April 30, 2007, Petitioner filed a motion for

25  reconsideration, but it was denied on May 18, 2007.

26  Petitioner now has filed his second habeas corpus petition in Superior Court based upon

27  three grounds: (1) The use of the juvenile court priors as strikes was a constitutional violation

28  because Petitioner had no right to a jury trial in those matters, (2) If the Court does not reverse

29  the sentence Petitioner wants the opportunity to withdraw his plea because that plea was illusory

30  because he did not know he would never receive the benefit of his bargain [to continue litigating

1   his claim that the juvenile priors could not be used as strikes], and (3) Ineffective assistance of

2   counsel resulted in denying Petitioner the benefit of that bargain.

3            This Petition is denied for the following reason:

4            Petitioner had argued in the past, citing Apprendi v. New Jersey (2000) 530 U.S. 466 and

5   now in the present Petition, citing People v. Nguyen (2007) 152 Cal.App.4th 1205, that the

6   sentencing court violated his constitutional rights by using his prior juvenile adjudication as a

7   strike under the Three Strikes Law. (The People have filed a Petition for review with the

8   Supreme Court in Nguyen and on September 21, 2007, the Court extended the time to decide

9   whether to grant or deny review to October 29, 2007.)

10           In Apprendi, the United States Supreme Court held that any fact that increases the

11   penalty for a crime beyond the prescribed statutory maximum, *other than a prior conviction,*

12   must be submitted to a jury and proved beyond a reasonable doubt. (Apprendi, supra, 530 U.S.

13   at 490 [emphasis added].)  In Nguyen, the California Sixth Appellate District Court held that the

14   use of a juvenile adjudication as a strike under the Three Strikes law did not fall under

15   Apprendi's prior conviction exception because there was no jury trial, or adequate waiver of the

16   right to a jury trial, in the juvenile case. (Nguyen, supra, 152 Cal.App.4th 1205; see also, U.S. v.

17   Tighe (9th Cir. 2001) 266 F.3d 1187, 1191-1195 [juvenile adjudications that do not afford a right

18   to a jury trial or require proof beyond a reasonable doubt do not fall within Apprendi's prior

19   conviction exception and cannot be used as a predicate conviction under the federal Armed

20   Career Criminal Act (ACCA)].)

21           However, the weight of authority supports a finding, contrary to Nguyen and Tighe, that

22   prior juvenile adjudications *can* be used as strikes without contravening Apprendi, most recently

23   in People v. Grayson (2007) __ Cal.App.4th __ [1007 Cal.App.LEXIS 1622, p. 13-19 [even

24   without a jury trial, a juvenile adjudication has sufficient procedural safeguards, including the

25   right to notice, to counsel, to confront and cross-examine witnesses, and the privilege against

26   self-incrimination, that permit its use as a sentence enhancement; juvenile adjudications fall

27   within Apprendi's prior conviction exception so they can be used as aggravating factors to

28   impose an upper-term sentence]; and in People v. Tu (2007) 154 Cal.App.4th 735 [same].)  (See

29   also, People v. Buchanan (2006) 143 Cal.App.4th 139, 149; People v. Superior Court (Andrades)

30   (2003) 113 Cal.App.4th 817, 830-834; People v. Lee (2003) 111 Cal.App.4th 1310; People v.

1    Smith (2003) 110 Cal.App.4th 1072; People v. Bowden (2002) 102 Cal.App.4th 387, 391-394;

2    People v. Fowler (1999) 72 Cal.App.4th 581 [pre-Apprendi Three Strikes case]; U.S. v. Crowell

3    (6th Cir. 2007) 493 F.3d 744, 749-751 [ACCA case]; U.S. v. Burge (11th Cir. 2005) 407 F.3d

4    1183, 1187-1191 [ACCA case]; U.S. v. Jones (3d Cir. 2003) 332 F.3d 688, 694-696 [ACCA

5    case]; U.S. v. Smalley (8th Cir. 2002) 294 F.3d 1030, 1031-1033 [ACCA case].

6        Although there is a split of authority, this court believes that the correct law to follow

7    regarding this issue, as most recently stated in the following long quotation from Grayson, is:

8    "[t]he recent Tu decision by our colleagues in Division Four of this [First] appellate district sets

9    forth three additional considerations that "bolster [the] conclusion that juvenile adjudications

10   constitutionally count as prior convictions for purposes of enhancing an adult sentence." (Tu,

11   supra, 154 Cal.App.4th at p. 749.) "First, like adult convictions, juvenile adjudications are

12   relevant to the issue of recidivism. Moreover, to be used as a DSL sentence enhancer under the

13   California rules, the adjudications must be numerous or of increasing seriousness, thereby

14   providing increased probative value to the issue of recidivism." (Ibid.) ¶ Second, even without

15   the right to a jury trial, "the underlying rehabilitative purpose of the juvenile system 'is

16   sufficiently distinct' from the adult criminal justice system to support adjudication of juvenile

17   offenses without a jury trial. [Citation.]" (Tu, supra, 154 Cal.App.4th at p. 750.) In particular, as

18   the United States Supreme Court noted in McKeiver v. Pennsylvania (1971) 403 U.S. 528, 545,

19   the lack of a jury trial in juvenile adjudications serves several purposes, including promoting an

20   intimate, informal and flexible proceeding and limiting delay and antagonism. (Tu, supra, 154

21   Cal.App.4th at p. 749.) ¶ And, finally, "the fact of a prior juvenile adjudication is an objective

22   fact, readily accessed through routine criminal recordkeeping systems." (Tu, supra, 154

23   Cal.App.4th at p. 750.) In fact, prior to sentencing in a criminal proceeding, a defendant has a

24   right, guaranteed by statute, to challenge any aggravating fact alleged by the prosecution,

25   including the alleged fact of a prior juvenile adjudication. (Ibid.; Pen. Code, § 1170, subd. (b);

26   Cal. Rules of Court, rule 4.437(c)(2) [permitting defendant to submit a statement in mitigation,

27   which must include "[n]otice of intention to dispute facts or offer evidence in aggravation or

28   mitigation at the sentencing hearing"].)"

29       The Grayson Court then concluded: "We find persuasive these considerations set forth in

30   the majority case law. Given that juvenile adjudications are fully consistent with constitutional

1  principles and sufficiently reliable for juvenile court purposes even in the absence of the right to

2  a jury trial, we see no reason to preclude their use by trial courts in enhancing criminal

3  defendants' sentences. As such, we conclude that the single aggravating fact of a prior juvenile

4  adjudication that has been established in accordance with constitutional and statutory

5  requirements is sufficient to authorize a trial court to impose the upper term sentence. (Citation

6  omitted.) Further, once this fact has been properly established, the trial court may then properly

7  consider the existence of additional aggravating facts in deciding whether to actually impose the

8  upper term sentence. (Ibid.)"

9      This Court agrees with the reasoning of the <u>Grayson</u> majority and therefore the present

10  Petitioner has not been prejudiced by not being able to litigate this issue because his sentence

11  enhanced by the juvenile priors is proper under the current law. Here, Petitioner has not shown

12  that he was denied any of the procedural safeguards required in a juvenile proceeding.

13  Therefore, there is no reason for this court to invalidate the use of Petitioner's prior juvenile

14  adjudication as a strike in the current case, to allow him to withdraw his plea or to consider the

15  effectiveness of any counsel.

16      If the California Supreme Court believes that the reasoning of the <u>Nguyen</u> majority is

17  correct instead, Petitioner may re-file a habeas corpus petition that follows whatever guidelines

18  the Supreme Court may set forth.

19      It is further ordered that this Order be served on (1) the Petitioner, through his current

20  attorney, Jamie Popper, (2) a separate copy upon Mr. Popper, and Office of the San Diego

21  District Attorney, Deputy Craig Fisher.

22      IT IS SO ORDERED.

23  DATED: _____10/9/07_____          _____

24                                    HOWARD H. SHORE

25                                    JUDGE OF THE SUPERIOR COURT

26

27  I hereby certify that the foregoing instrument is a
    full, true & correct copy of the original on file in
28  this office, that said document has not been revoked,
    annulled or set aside, and it is in full force and effect.

29  Attest: __OCT 1 0 2007__ _at_ __4:00 pm__

30  Clerk of the Superior Court of the State
    of California, in and for the County of San Diego

    By_____Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102

*FOR COURT USE ONLY*

F I L E D
Clerk of the Superior Court

OCT 1 0 2007

By: _____, Deputy

**PLAINTIFF(S)/PETITIONER(S)**

The People of The State of California

**DEFENDANT(S)/RESPONDENT(S)**

LEVERT HAYES, JR

JUDGE: ____

DEPT: ____

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**
(CCP 1013a(4))

**CASE NUMBER**

HC 18577
SCD 176819

I certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:    ☒ San Diego   ☐ Vista   ☐ El Cajon
☐ Chula Vista   ☐ Oceanside   ☐ Ramona, California.

| NAME | ADDRESS |
|---|---|
| LEVERT HAYES, JR. c/o ATTORNEY JAMIE L. POPPER | APPELLATE DEFENDERS, INC. 555 WEST BEECH STREET, SUITE 300 SAN DIEGO, CA 92101 |
| SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE DEPUTY CRAIG FISHER | P.O. BOX 121011 SAN DIEGO, CA 92112-1011 |
| ATTORNEY JAMIE L. POPPER | APPELLATE DEFENDERS, INC. 555 WEST BEECH STREET, SUITE 300 SAN DIEGO, CA 92101 |

**CLERK OF THE SUPERIOR COURT**

Date:10/10/2007 _____

By _____, Deputy

# ATTACHMENT THREE

**DECLARATION OF ROBERT E. BOYCE**

## DECLARATION OF ROBERT E. BOYCE

I, Robert E. Boyce, declare as follows:

1.     I am an attorney licensed to practice law in the state of California and have my office in San Diego.  I was retained by Levert Hayes, Jr., in the trial court in case number SCD176819 and then was appointed for his appeal in case number D044641.  I represented Mr. Hayes on his appeal until relieved by the Court of Appeal, when attorney Scott Rand was appointed.

2.     At the trial level, Mr. Hayes pleaded guilty pursuant to a plea agreement.  During my discussions with Mr. Hayes about the plea offer, I advised Mr. Hayes that if he accepted the plea offer, he could appeal the issue of whether his juvenile true findings could legally be used to impose a "Three Strikes" sentence under the United States Constitution and *Apprendi v. New Jersey* (2000) 530 U.S. 466  [120 S.Ct. 2349, 147 L.Ed.2d 435].  Mr. Hayes agreed to the offered disposition with the understandings that his sentence was conditioned on the constitutionality of using the juvenile true findings as strikes and that he would raise this issue on appeal.

3.     In fact, Mr. Hayes only agreed to plead guilty because of the agreement he could raise this issue on appeal.  Had the right to appeal this issue not been promised to him, he would have gone to

trial. Before this promise was made, he repeatedly refused to plead

guilty. Also, I would not have advised him to plead guilty without

reserving this issue for appeal because I believed the issue had merit.

Each of appellant's prior offenses involved true findings by a judge,

not a jury, after contested hearings.

4.     I do not remember everything that I told Mr. Hayes, but I do

remember telling him I believed the issue had merit because his

priors were not found true by juries. I also told him I believed using

juvenile prior true findings as strikes violated the constitutional right

to jury trial and the holding of a recent United States Supreme Court

case (*Apprendi*). The Supreme Court had not yet decided the issue,

and therefore, I felt the law may very well be changed, which would

lead him to receive a determinate sentence.

5.     I advised Mr. Hayes I would file the appropriate notice of appeal, so

as to permit him to challenge the validity of using the juvenile true

findings to enhance his sentence under the "Three Strikes" law. I

prepared the notice of appeal, had Mr. Hayes sign it, and personally

filed it in the Superior Court. However, I did not request a certificate

of probable cause with the notice of appeal. I never considered

whether a certificate of probable cause was necessary, but instead

assumed one was unnecessary to raise the issue of the

constitutionality of using the juvenile true findings to enhance Mr.

Hayes' sentence.

6.     After being appointed to represent Mr. Hayes on his appeal, I filed

the opening brief, which contained two arguments related to the

constitutionality of using the juvenile true findings as strike priors.  I

first became aware that a certificate of probable cause was necessary

for the court to consider the merits of these issues when I received

and read the respondent's brief.  As a result, I requested to be and

was relieved as appellate counsel for Mr. Hayes at that point.

7.     I had no tactical reason for failing to request a certificate of probable

cause.

I declare under penalty of perjury pursuant to the laws of the state of

California that the foregoing is true and correct.

Dated: 11/16/07 _____          _Robert E. Boyce_____

Robert E. Boyce

# ATTACHMENT FOUR

**DECLARATION OF LEVERT HAYES, JR. [PETITIONER]**

## DECLARATION OF LEVERT HAYES, JR.

I, Levert Hayes, Jr., declare:

1.      I am competent to testify as a witness in this matter and if I were

called as a witness I would testify to the following from my own

personal knowledge.

2.      I am the defendant in case number SCD176819 and appellant in case

number D044641 (dismissed).

3.      On June 24, 2004, I pleaded guilty to one count of robbery, and I

admitted two prior juvenile true findings, in exchange for the

promises that I would receive a sentence of twenty-five years to life,

but retain the right to appeal the issue of whether my juvenile true

findings could legally be used to impose a "Three Strikes" sentence

under the United States Constitution and *Apprendi v. New Jersey*

(2000) 530 U.S. 466 [120 S.Ct. 2349, 147 L.Ed.2d 435], as I was not

afforded a jury trial on those proceedings.

4.      My attorney, Robert Boyce, told me it was guaranteed that if I

pleaded guilty, I would be permitted to appeal the use of my juvenile

true findings as strikes. He told me that after a successful appeal on

this issue, the strikes would be stricken, and I would be exposed to a

determinate sentence. Also, he told the issue was meritorious for

appeal because a jury did not find me guilty in my juvenile cases; I

had had judge trials because I was not allowed jury trials. Based on my conversation with Mr. Boyce, it was my understanding that I was bound to succeed on appeal and receive a determinate sentence.

5.  I would not have pleaded guilty without the promise that I would be permitted to appeal the use of my juvenile prior true findings as strike priors on appeal. I had repeatedly refused to plead guilty until this promise was made to me. I wanted my case to be decided by a jury. Ultimately, I pleaded guilty only because the promise of appealing the issue regarding my prior convictions potentially permitted me to avoid a life sentence after a successful appeal.

6.  After I was sentenced, Mr. Boyce promised me he would file the notice of appeal and represent me on appeal, where we would argue my juvenile priors were illegally used against me as strike priors.

7.  Although I was promised I could appeal the issue about my juvenile priors, no court ever decided this issue. My appeal was dismissed without an opportunity to be heard on this issue because Mr. Boyce did not obtain a certificate of probable cause, which had to have been requested with the notice of appeal. This certificate was required to litigate the strike prior issue after a plea. As a result, I did not receive the benefit of the deal I had been promised. Had I known an appellate court would not decide whether the juvenile priors were

properly used against me because of a procedural bar, there is no

way that I would have pleaded guilty. At this point, because I was

denied this benefit of my bargain, I would like to withdraw my plea.


I declare under penalty of perjury under the laws of the state of California

that the foregoing is true and correct.

Date: __July 20 2008__                    _Levert Hayes JR._
                                          Levert Hayes, Jr

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **Hayes** | **Dexter** |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Pro Se
Ironwood State Prison
Blyth, CA 92226

ATTORNEYS (IF KNOWN)

**'08 CV 1461 H BLM**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)     FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

### 28 U.S.C. 2254

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC81 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 36A Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $ _____    Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____    Docket Number _____

DATE RECEIVED $5°° 8/12/08 BH
RCPT # 153918

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 153918. — BH

# August 12, 2008
# 12:35:13

## Habeas Corpus
USAO #.: 08CV1461 HABEAS FILING
Judge..: MARILYN L HUFF
Amount.:                    $5.00 CA

## Total-> $5.00

FROM: HAYES V. DEXTER
      HABEAS FILING