1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

LEVERT HAYES, JR.,

CASE NO. 08cv1461-H (BLM)

Petitioner,

**ORDER ADOPTING REPORT AND RECOMMENDATION and DENYING WRIT OF HABEAS CORPUS**

vs.

MATTHEW CATE, Secretary,

Respondent.

On August 12, 2008, Levert Hayes, Jr. ("Petitioner"), a California prisoner proceeding pro se, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging various aspects of his sentencing.  (Doc. No. 1.)  On November 7, 2008, Matthew Cate ("Respondent"), filed his Answer with a Memorandum of Points and Authorities.  (Doc. No. 7.)  Petitioner did not file a Traverse to the Answer, nor has Petitioner requested additional time to file one.  On March 13, 2009, the Magistrate Judge filed a Report and Recommendation, recommending that this Court deny the Petition for writ of habeas corpus.  (Doc. No. 15.)

For the reasons set forth below, the Court ADOPTS the Report and Recommendation, and DENIES the Petition for writ of habeas corpus.

///
///
///
///

**<u>Background</u>**

**A.      Procedural History.**

On March 17, 2004, Petitioner pled guilty to first degree robbery.  (Lodgment 2 at 11.) Petitioner also admitted that the juvenile court made two true findings for robbery, both on June 20, 1996.  (Lodgment 2 at 7, 11.)  As part of his guilty plea, Petitioner stipulated to a sentence term of 25 years to life.  (Lodgment 2 at 9.)  Petitioner waived his right to appeal any issues related to the prior strikes in the plea agreement.  (Lodgment 2 at 10.)  The court at the change of plea hearing noted that Petitioner reserved his right to appeal the constitutionality of using non-jury juvenile adjudications as strikes to enhance his sentence.  (Lodgment 3 at 21.)

Petitioner's appeal was unsuccessful on procedural grounds.  (Lodgments 4, 5, and 10.) Petitioner then filed a petition for writ of habeas corpus for a late issuance of a Certificate of Probable Cause.  (Lodgment 10 at 9.)  The California Supreme Court denied the petition on November 30, 2005.  (Lodgment 10 at 7.)  On July 6, 2006, Petitioner filed a petition for writ of habeas corpus in the California Superior Court based on ineffective assistance of counsel. (Lodgment 8 at 4-5.)  The petition was dismissed for lack of jurisdiction to recall the Court of Appeal's remittitur.  (Lodgment 10, Ex. M at 3.)  Petitioner then filed a motion to recall the remittitur with the Court of Appeal, which was denied.  (Lodgment 10, Ex. N.)

On August 22, 2007, Petitioner filed a second petition for writ of habeas corpus in the California Superior Court alleging that his juvenile priors, which enhanced his sentence under the California Three Strikes Law, violated his Sixth Amendment rights under the Federal Constitution. (Lodgment 9 at 1.) Petitioner also raised Fourteenth Amendment equal protection claims, and argued in the alternative that his plea should be withdrawn since it was made involuntarily.  (Lodgment 9 at 14-26.)  The Superior Court denied the petition on the merits. (Lodgment 1, Ex. O.)  On December 7, 2007, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal.  The Court of Appeal denied the petition without prejudice pending the outcome of <u>People v. Nguyen</u>, a case pending before the California Supreme Court.  (Lodgment 11.)  Petitioner then filed for a writ of habeas corpus with the California Supreme Court.  The California Supreme Court denied the petition on the same

grounds as the Court of Appeal.  (Lodgment 13.)

On August 12, 2008, Petitioner filed this Petition in the Southern District of California. Petitioner alleges that the use of juvenile priors to enhance his sentence violates his Sixth and Fourteenth Amendment rights under the Federal Constitution, that he had ineffective assistance of counsel, and that, in the alternative, his plea agreement was not knowingly and voluntarily made.  (Doc. No. 1.)

**Discussion**

**A.      Standard of Review.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2254(d) to provide the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

For Petitioner to obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2).  The United States Supreme Court has stated that a federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if the state court either (1) "arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law," or (2) "decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 403 (2000).

A federal court may grant habeas relief under the "unreasonable application" clause of

1  § 2254(d)(1) "if the state court identifies the correct governing legal principle from [the United
2  States Supreme Court's] decisions but unreasonably applies that principle to the facts of the
3  prisoner's case." Id. at 412-13. "Unreasonable application" must be objectively unreasonable
4  to the extent that the state court decision is more than merely incorrect or erroneous. Lockyer
5  v. Andrade, 538 U.S. 63, 75 (2003).

6      Moreover, even if a state court decision is contrary to United States Supreme Court
7  precedent or rests on an unreasonable determination of facts in light of the evidence, Petitioner
8  must show that such error in the state court's ruling caused substantial or injurious prejudice.
9  See Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619,
10 637-38 (1993)). The state court's factual determinations are presumed to be correct and the
11 petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28
12 U.S.C. § 2254(e)(1). Because AEDPA creates a highly deferential standard towards state court
13 rulings, state court decisions should be given the benefit of the doubt. Womack v. Del Papa,
14 497 F.3d 998, 1001 (9th Cir. 2007).

15 **B.      Sixth Amendment Claim.**

16     Petitioner contends that the use of non-jury juvenile adjudications to enhance his
17 sentence under the California Three Strikes Law violates his Sixth Amendment rights under
18 Apprendi v. New Jersey, 530 U.S. 466 (2000), because his juvenile conviction was not
19 adjudicated by a jury. (Doc. No. 1 at 7.) Apprendi noted that "other than a prior conviction,
20 any fact that increases the penalty for a crime beyond the prescribed statutory maximum must
21 be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

22     Recently the California Supreme Court determined that the use of non-jury juvenile
23 adjudications can be used to enhance a sentence without violating the Sixth Amendment to the
24 Federal Constitution or Apprendi because juvenile adjudication, despite the absence of a jury,
25 still affords a juvenile defendant plenty of procedural safeguards to ensure due process. See
26 People v. Nguyen, ---- Cal. Rptr. 3d. ---- (WL 1886085) (July 2, 2009). The Ninth Circuit, in
27 Boyd v. Newland, 497 F.3d 1139 (9th Cir. 2006), recognized that the United States Supreme
28 Court has not explicitly spoken on the use of non-jury juvenile adjudication to enhance a

sentence, and therefore a state's use of non-jury juvenile adjudications cannot be said to be contrary to, or an unreasonable application of, United States Supreme Court precedent.  497 F.3d at 1152.  See also Solorzano v. Yates, 2008 WL 162982 at *1 (9th Cir. Jan. 14, 2008) (noting that non-jury juvenile adjudications used to enhance a sentence was not contrary to nor an unreasonable application of United States Supreme Court precedent); U.S. v. Matthews, 498 F.3d 25, 34-36 (1st Cir. 2007); U.S. v. Crowell, 493 F.3d 744, 749-51 (6th Cir. 2007); U.S. v. Burge, 407 F.3d 1183, 1187-91 (11th Cir. 2005); U.S. v. Jones, 332 F.3d 668, 694-96 (3d Cir. 2003); U.S. v. Smalley, 294 F.3d 1030, 1033 (8th Cir. 2002).

Petitioner admitted two prior juvenile convictions for robbery in open court as part of his plea agreement.  (Lodgment 2 at 7, 11.)  Given the authority in this Circuit and supporting authority in other circuits, the Court concludes that the state's use of non-jury juvenile adjudications to enhance a sentence for a crime committed while an adult is not contrary to nor an unreasonable application of United States Supreme Court precedent.  See  28 U.S.C. § 2254(d).

Accordingly, the Court denies the Petition on this ground.

**C.     Fourteenth Amendment Claim.**

Petitioner also contends that the use of non-jury juvenile adjudications to enhance his sentence violated his rights under the Fourteenth Amendment to the Federal Constitution.  (Doc. No. 1 at 7.)  The Fourteenth Amendment requires that all similarly situated persons be treated alike, City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985), and Petitioner must show that Respondent intentionally discriminated against him based on his membership in a protected class to demonstrate an equal protection violation, see Lee v. City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir. 2001).  Petitioner has not alleged in the Petition that he is a member of a protected or suspect class, such as race, and therefore a suspect classification analysis is inapplicable.  See Thorton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Petitioner can also state an equal protection claim absent involvement of a suspect class if he can show that similarly situated individuals were intentionally treated differently without

a rational relationship to a legitimate state purpose.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Petitioner must be able to show that he is a member of an identifiable class, that he was intentionally treated differently than other members similarly situated, and that there is no rational basis for the difference in treatment.  See Olech, 528 U.S. at 564. Moreover, if the equal protection claim is premised on the selective enforcement of a valid law, Petitioner must show that such selective enforcement is accompanied by an impermissible motive.  Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004).

There is no constitutional right to a jury trial in a juvenile proceeding under federal law, McKeiver v. Pennsylvania, 403 U.S. 528 (1971), or under California state law, In re Scott K., 24 Cal. 3d 395 (1979).  Because there is no federal right to a jury in a juvenile adjudication proceeding, the state court's use of non-jury juvenile adjudications to enhance Petitioner's sentence for the current crime cannot be construed as contrary to or an unreasonable application of United States Supreme Court precedent.  See 28 U.S.C. § 2254(d).

Accordingly, the Court denies the Petition on this ground.

**D.   Ineffective Assistance of Counsel Claim.**

Petitioner next contends that because his attorneys failed to submit a Certificate of Probable Cause before the California state courts, he was deprived of his right to challenge the constitutionality of using his non-jury juvenile adjudications before the state courts, which was part of his plea agreement.  (Doc. No. 1 at 9.)  Petitioner claims that he should be able to withdraw his guilty plea.  (Doc. No. 1 at 9.)

To state a claim for ineffective assistance of counsel, Petitioner must demonstrate that counsel made errors so serious that counsel was not functioning within the requirements of the Sixth Amendment to the Federal Constitution, and that counsel's alleged defective performance prejudiced Petitioner.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  Counsel's conduct is given deference because there is a strong presumption that the conduct fell within the broad range of acceptable representation.  Hensley v. Crist, 67 F.3d 181, 184 (9th Cir. 1995).  Moreover, Petitioner must be able to show that the result of the proceeding would have been different with reasonable probability but for the error.  Strickland, 466 U.S. at 694.

1    Petitioner fails to show that the result in his case would have been different had his

2 attorneys secured a Certificate of Probable Cause, and therefore the Court denies the Petition

3 on this ground for failing to meet the second requirement of <u>Strickland</u>.  <u>See</u> <u>Strickland</u>, 466

4 U.S. at 697.  In <u>Boyd v. Newland</u>, 497 F.3d 1139 (9th Cir. 2006), the Ninth Circuit held that the

5 use of non-jury juvenile adjudications as a sentencing enhancement is not contrary to nor an

6 unreasonable application of United States Supreme Court precedent.  Moreover, the California

7 Supreme Court in <u>People v. Nguyen</u>, ---- Cal. Rptr. 3d. ---- (WL 1886085) (July 2, 2009), held

8 the same.  Therefore, even if Petitioner's attorneys did obtain a Certificate of Probable Cause

9 in state court, the result of the proceedings would not have differed, and consequently Petitioner

10 has failed to meet the second prong of the <u>Strickland</u> test.

11    Accordingly, the Court denies the Petition on this ground.

12 **E.    Involuntary Plea Agreement Claim.**

13    Petitioner finally contends that because he was not able to challenge the use of the

14 juvenile priors on appeal, his plea agreement was not knowingly and voluntarily made.  (Doc.

15 No. 1 at 8.)  A defendant's admission in open court should be accorded a strong presumption

16 of validity when the defendant's plea was voluntary and intelligently made.  <u>See</u> <u>Brady v.</u>

17 <u>United States</u>, 397 U.S. 742, 747-48 (1970); <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).  At

18 his plea hearing, Petitioner acknowledged that he discussed the plea agreement with his attorney

19 and family, that the initialed or signed each appropriate line on the plea agreement, and that he

20 understood the consequences of his plea.  (Lodgment 3 at 19-20.)  Moreover, Petitioner

21 admitted that there were no other promises in relation to the plea agreement, and Petitioner

22 admitted to the crime and prior juvenile adjudications.  (Lodgment 3 at 20, 22-24.)  The trial

23 court determined that the plea was voluntarily and intelligently made (Lodgment 3 at 24), and

24 the record does not contradict this determination.

25    Petitioner alleges, though, that the plea was not voluntarily made because he was not able

26 to directly appeal the constitutionality of his prior juvenile adjudications as sentence

27 enhancements.  (Doc. No. 1 at 8.)  However, despite that Petitioner's attorneys were not able

28 to secure a Certificate of Probable Cause to bring a direct appeal, Petitioner's claims were

1   reviewed by state courts through habeas collateral review.  The California Superior Court

2   considered Petitioner's claim in a reasoned decision (Lodgment 10, Ex. O), and this decision

3   was affirmed by the Court of Appeal and California Supreme Court (Lodgments 11, 13).  While

4   Petitioner's claims may not have been considered on direct review, they were considered on

5   collateral review, and therefore Petitioner was not deprived of the benefit of his plea agreement.

6   Moreover, even if the issue was presented on direct review, the issue still would have been

7   decided against Petitioner.  See Boyd v. Newland, 497 F.3d 1139 (9th Cir. 2006); People v.

8   Nguyen, ---- Cal. Rptr. 3d. ---- (WL 1886085) (July 2, 2009).

9           Accordingly, the Court denies the Petition on this ground.

10                                  **Conclusion**

11          For the reasons stated above, the Court ADOPTS the Magistrate Judge's Report and

12   Recommendation, DENIES the Petition for writ of habeas corpus, and DENIES a Certificate

13   of Appealability.

14   IT IS SO ORDERED.

15   DATED: July 9, 2009

16                                      _____

17                                      MARILYN L. HUFF, District Judge

18                                      UNITED STATES DISTRICT COURT

19   COPIES TO:

20   All parties of record.

21

22

23

24

25

26

27

28